IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WERNER L. POLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | C.A. No. 05-330 (JJF) |
| JOHN M. KOBAYASHI, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| NOMINAL DEFENDANT | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE
DEFENDANT JOHN M. KOBAYASHI**

Defendant John M. Kobayashi ("Kobayashi" or "Defendant"), by his undersigned counsel, answers the Complaint of Werner L. Polak ("Plaintiff") as follows:

1. To the extent that paragraph 1 of the Complaint describes the nature of the action and relief sought and does not constitute allegations of fact, no response is required. To the extent that a response is required, Defendant denies each and every allegation.

2. Admits the allegations set forth in paragraph 2 that Plaintiff is one of two members of Pokobo. Admits the allegation of responsibility for management of Pokobo to the extent consistent with the terms and provisions of the Limited Liability Company Agreement dated March 1, 1997 ("LLC Agreement"). To the extent that the allegations of management responsibility are intended to relate to the management of the property owned by Pokobo in Kona, Hawaii and the litigation attendant to such property,

Defendant denies said allegation as such management responsibility was delegated by Plaintiff to Defendant.

3. Admits the allegations set forth in paragraph 3, to the extent consistent with the terms and provisions of the LLC Agreement.

4. Admits the allegations set forth in paragraph 4 to the extent consistent with the terms and provisions of the LLC Agreement.

5. Admits the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

7. Admits the terms set forth in section 5.01 of the LLC Agreement to the extent consistent with the LLC Agreement. Denies that the provision of 5.01 of the LLC Agreement is applicable to either of the members of Pokobo L.L.C.

8. Admits the allegations set forth in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10. Admits that Plaintiff has made capital contributions to Pokobo at various dates and times since the founding of Pokobo. Defendant denies that Plaintiff has made all capital contributions required.

11. Denies the allegations set forth in Paragraph 11 in that the negotiations for the acquisition of property from the Lutheran Church were not conducted by or for the benefit of Pokobo, but were solely for the use and benefit of the Defendant in his personal capacity.

12. Denies the allegations set forth in paragraph 12.

13. Denies the allegations set forth in paragraph 13.

14. Denies the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15 in that Defendant made no capital contribution to Pokobo in 1997 to finance Pokobo's acquisition of the 17-Acre Parcel nor did Defendant contribute title to the 17-Acre Parcel to Pokobo. To the extent that the capital accounts of Pokobo reflect such contribution, Defendant asserts that such accounting is in error.

16. Denies the allegations set forth in paragraph 16. Since the acquisition of the 17-Acre Parcel, both Plaintiff and Defendant have made capital contributions to Pokobo. Defendant further has contributed substantial amounts of his professional time in managing Pokobo's 64 acre property in Kona, Hawaii, which fees were agreed to have been recognized as a capital contributions by Kobayashi. Further, Defendant has paid litigation costs and expenses relating to defending a condemnation action and other litigation regarding the 64 acre parcel that have not yet been recognized on the capital account records of Pokobo. Defendant denies that Plaintiff has contributed capital contributions to Pokobo relating to real estate taxes associated with the 17-Acre Parcel.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies the same.

18. Admits the allegations set forth in paragraph 18 to the extent consistent with the documents and pleadings filed in Civil No. 02-1-0126K ("Permit Litigation"). Defendant asserts that such litigation was with the express knowledge and approval of the Plaintiff.

19. Admits the allegations set forth in paragraph 19 to the extent consistent with the documents and pleadings filed in Civil No. 02-1-0129K ("Condemnation Litigation").

20. Admits that Defendant retained counsel to represent Pokobo and Defendant in his personal capacity in the Permit Litigation and the Condemnation Litigation and that documents and pleadings have been appropriately filed on behalf of Pokobo by its counsel. Denies that the actions set forth in paragraph 20 were undertaken without consultation with the Plaintiff. Defendant asserts that Plaintiff was consulted with and approved of the local counsel retained to represent Pokobo L.L.C.; that the Plaintiff was advised of the nature of the actions and the substance of responses to be undertaken on behalf of Pokobo; and that Plaintiff has had the right and opportunity at all material times to have direct contact and access to Pokobo's litigation counsel.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies the same.

22. Admits that Mr. Colin Grubb was retained as the accountant for Pokobo, and that Mr. Grubb also performs accounting services for the Defendant. Defendant asserts that the retention of Mr. Grubb was with the express knowledge and approval of the Plaintiff. Defendant asserts that such retention was with the knowledge and approval of the Plaintiff and is consistent with Paragraph 1.02 of the LLC Agreement and the understanding between the parties that the business of Pokobo would be managed by Defendant from his residential office at 455 Forrest Street, Denver, Colorado.

23. Admits the allegations set forth in paragraph 23 to the extent consistent with the correspondence identified therein.

24. Admits the allegations set forth in paragraph 24 to the extent consistent with the correspondence identified therein.

25. Admits the allegations set forth in paragraph 25 to the extent consistent with the correspondence identified therein.

26. Admits the allegations set forth in paragraph 26 to the extent consistent with the correspondence identified therein.

27. Admits the allegations set forth in paragraph 27 to the extent consistent with the correspondence identified therein. Defendant denies the allegation set forth in paragraph 27 that no response has been made by Defendant.

28. Admits the allegations set forth in paragraph 28 to the extent consistent with the correspondence identified therein. Defendant denies the allegation set forth in paragraph 28 that no response has been made by Defendant.

29. Admits the allegations set forth in paragraph 29 to the extent consistent with the correspondence identified therein. Defendant denies the allegation set forth in paragraph 29 that no response has been made by Defendant.

30. Admits the allegations set forth in paragraph 30 to the extent consistent with the correspondence identified therein.

31. Admits the allegations set forth in paragraph 31 to the extent consistent with the correspondence identified therein. Defendant denies that Plaintiff's requests were for a "full accounting." Defendant further denies the allegation set forth in paragraph 31 that no response has been made by Defendant.

32. Admits the allegations set forth in paragraph 32 to the extent consistent with the correspondence identified therein. Defendant denies that Plaintiff's requests

were for a "full accounting." Defendant denies the allegation set forth in paragraph 32 that no response has been made by Defendant.

33. Admits the allegation set forth in paragraph 33 to the extent consistent with the correspondence identified therein. Defendant denies that Plaintiff's requests were for a "full accounting". Defendant further asserts that Mr. Grubb declined to provide certain accounting for Pokobo because Pokobo was delinquent in the payment for his services.

34. Defendant admits that he suffers from diabetes and that as a result of such disease he has various complications including impaired eyesight and other medical complications. Admits the allegations relating to correspondence set forth in paragraph 34 to the extent consistent with the correspondence identified therein

35. Admits Plaintiff may have placed telephone messages with Defendant. Defendant asserts that the nature and content of any such messages are unknown to him. Denies that Defendant has refused to respond.

36. Admits the allegations set forth in paragraph 36 to the extent consistent with the correspondence identified therein. Defendant denies the allegation set forth in paragraph 32 that no response has been made by Defendant.

37. Denies the allegations set forth in paragraph 37, specifically asserting that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

38. Admits the allegations set forth in paragraph 38 to the extent consistent with the correspondence identified therein.

39. Denies the allegations set forth in paragraph 39, but admits that no response was made to Plaintiff's December 31, 2004 letter. Further denies that the Plaintiff can create a unilateral contract as a matter of law.

40. Denies the allegations set forth in paragraph 40. Defendant further asserts that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

## COUNT I

41. Defendant repeats and realleges the answers and responses of paragraphs 1-40 hereof.

42. Denies the allegations set forth in paragraph 42.

43. Denies the allegations set forth in paragraph 43.

44. Denies the allegations set forth in paragraph 44, except that Defendant admits that he has rejected Plaintiff's proposal that they dissolve Pokobo on Plaintiff's terms. Defendant further denies that refusal to respond can be equated to rejection. Defendant further asserts that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

45. Paragraph 45 is a statement of law to which no response is required. To the extent that the allegation set forth in paragraph 45 is an assertion of fact, Defendant denies the same.

46. Denies the allegations set forth in paragraph 46.

## COUNT II

47. Defendant repeats and realleges the answers and responses of paragraphs 1-46 hereof.

48. Admits the allegations set forth in paragraph 48 to the extent consistent with the terms and provisions of the LLC Agreements. Defendant further asserts that by agreement between Plaintiff and Defendant, Defendant was appointed as resident manager of Pokobo affairs in Hawaii.

49. Denies the allegations set forth in paragraph 49.

50. Denies the allegations set forth in paragraph 50.

## COUNT III

51. Defendant repeats and realleges the answers and responses of paragraphs 1-50 hereof.

52. Paragraph 52 is a statement of law to which no response is required.

53. Denies the allegations set forth in paragraph 53.

54. Denies the allegations set forth in paragraph 54.

55. Denies the allegations set forth in paragraph 55.

## COUNT IV

56. Defendant repeats and realleges the answers and responses of paragraphs 1-55 hereof.

57. Admits that an actual controversy has arisen and now exists regarding ownership of the 17-Acre Parcel.

58. Denies the allegations set forth in paragraph 58. Admits that Plaintiff has made capital contributions to Pokobo, as has Defendant, but denies that Plaintiff's

contributions to Pokobo have related to the 17-Acre Parcel. Defendant asserts that contributions to Pokobo have been made as required to provide for the expenses of the company, but that Plaintiff has not contributed the full amount of capital contributions that were necessary and requested.

59. Denies the allegations set forth in paragraph 59.

60. To the extent that paragraph 60 is a statement of intent by the Plaintiff, no response is required. To the extent that the allegation set forth in paragraph 60 is an assertion of fact, Defendant denies that Pokobo is entitled to ownership of the 17-Acre Parcel, that a constructive trust is legally available and that title should be transferred to Pokobo.

61. Paragraph 61 is a statement of condition by the Plaintiff to which no response is required.

## COUNT V

62. Defendant repeats and realleges the answers and responses of paragraphs 1-61 hereof.

63. Denies the allegations set forth in paragraph 63.

64. Denies the allegations set forth in paragraph 64.

65. Denies the allegations set forth in paragraph 65.

66. Denies all allegations not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by the statute of frauds. Plaintiff asserts an oral agreement between the Plaintiff and Defendant regarding acquisition of the 17-Acre Parcel. The assertions relating an oral agreement are set forth in paragraphs 12, 14, 49,

53, 58, 59, 63 and 64. Indirect references to the alleged understanding between the parties regarding the 17-Acre Parcel are contained in other paragraphs. The alleged agreement was made in Colorado or Hawaii and was to be performed in Hawaii. The real property that is the basis of the alleged agreement is located in Kona, Hawaii. The law applicable to the alleged agreement is the law of the State of Colorado or the State of Hawaii. Any agreement relating to an interest in land or which is not to be performed within a one year period, not in writing, is void under applicable law, specifically Colorado Revised Statutes 38-10-106, 38-10-108 and 38-10-112 or Hawaii Revised Statutes, Section 656-1. The oral agreement alleged by the Plaintiff regarding the 17-Acre Parcel is void as a matter of law and no action may be maintained thereon under the applicable law of Colorado and Hawaii.

## SECOND AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred by the doctrine of laches. As alleged in paragraph 21 of his Complaint, the Plaintiff has had specific knowledge of the Permit Litigation and the Condemnation Litigation ("Hawaii Litigation") of which he now complains since at least December 5, 2002. Notwithstanding Plaintiff's specific knowledge of such litigation and the further payment of various expenses related thereto through capital contributions voluntarily made, the Plaintiff took no steps to initiate his own participation, individually or through counsel of his own choice, in the Hawaii Litigation. After having acquiesced for a period in excess of 2 ½ years with knowledge of such litigation and without having taken any action, individually or through counsel, to represent the interests of Pokobo, the Plaintiff may not now maintain an action at law or equity arising therefrom.

### THIRD AFFIRMATIVE DEFENSE

69. Hawaii law, which is applicable to the actions of a manager of a corporation acting in Hawaii, does not provide a basis for the Plaintiff's claim of breach of fiduciary duty. In paragraphs 51-55 of his Complaint, the Plaintiff asserts that the Defendant has breached his "fiduciary duty" owed to Pokobo and the Plaintiff in various particulars. The actions that are asserted to constitute a breach of fiduciary duty are those which occurred in the State of Hawaii regarding the business of Pokobo undertaken in Hawaii and relating to land located in Hawaii. The applicable law governing the actions of the Defendant in the State of Hawaii acting as a director of a corporation is the applicable law to be applied to the Plaintiff's allegations. Hawaii Revised Statutes §414-221 sets forth a contractual standard of good faith and not a "fiduciary" duty for a director of a corporation. To the extent that the Plaintiff is alleging breach of a "fiduciary duty" by the Defendant, such standard is not applicable and no action can be maintained upon such claim.

### FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff has failed to comply with the terms of the LLC Agreement concerning resolution of deadlock. Section 5.02 of the LLC Agreement provides for resolution of deadlock between the Partners (Plaintiff and Defendant) by coin toss. The provisions of Section 5.02 of the LLC Agreement prevents, as a matter or law, the assertion of deadlock between the Partners regarding the management of Pokobo and the decision of whether or not to dissolve Pokobo in accord with the LLC Agreement. The Plaintiff has not asserted the claim that the deadlock resolution chosen by the Partners to

govern Pokobo has been requested or denied. Resolution of deadlock in the management of Pokobo by the coin toss provision of Section 5.02 of the LLC Agreement is a condition precedent to maintaining any claim for dissolution of Pokobo due to deadlock or disagreement between the Partners. The Complaint need be dismissed as premature and subject to the condition precedent of dispute resolution pursuant to Section 5.02 of the LLC Agreement.

### FIFTH AFFIRMATIVE DEFENSE

71. Polak is not qualified to act as the liquidation manager. Plaintiff appears to request that he be appointed as the liquidating manager for Pokobo under the LLC Agreement. Plaintiff is in default on capital contributions owed to Pokobo and does not have clean hands as is required for the equitable appointment he requests. Defendant objects to the appointment of Plaintiff as the manager for liquidating Pokobo pursuant to the LLC Agreement. Upon information and belief, Defendant asserts that Plaintiff does not have the time necessary to properly manage or pursue the Hawaii litigation, which is essential if the affairs of Pokobo are to be wound up in a commercially reasonable manner and that Plaintiff lacks knowledge or expertise in the development of undeveloped property in Hawaii or elsewhere. Upon information and belief, Plaintiff does not have the time necessary to properly manage or pursue the Hawaii litigation, which is essential if the affairs of Pokobo are to be wound up in a commercially reasonable manner. In the event that this Court should determine to dissolve Pokobo, the appointment of the Plaintiff as the managing Partner in dissolution pursuant to Delaware Revised Statutes 18-808 is no more acceptable to the Defendant than is the appointment of the Defendant to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

72.     This Court is without statutory authority to judicially order the sale of Pokobo property. Under Delaware law (*6 Del. C.* §18-803(b)), a liquidating manager or trustee may determine that the sale of property is in the best interest of the company and has the statutory authority to undertake such action. Such determination is, however, to be made in consideration of all business factors and the sale of property, as contrasted with distribution in kind to the members of the company, is not a preferred resolution. In paragraph (d) of the relief requested from this Court, the Plaintiff requests a judgment ordering the sale of both the 17-Acre Parcel and the 64-Acre Parcel. This Court is without statutory authority to order the sale of said property as a judicial determination. Such order would conflate the considerations of a corporate dissolution, distributing remaining property pro-rata to the members, with an action in partition. The Plaintiff has not plead the prerequisites for an action in partition; the parties have no individual contacts with the State of Delaware which would render the law of the State of Delaware applicable to an action in partition; the factors to be considered in a partition proceeding are all located or to be developed in the State of Hawaii and the land is located in the State of Hawaii. This Court should not, as a Court of equity, extend its jurisdiction to make a judicial partition of the Pokobo property after such is distributed to the members in their individual capacities, if this Court should determine that dissolution of Pokobo is appropriate.

### SEVENTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims are barred by the applicable statute of limitation. The Plaintiff alleges breach of contract and breach of fiduciary duty relating to his acquisition of the 17-Acre Parcel in Hawaii in 1999. Such allegations concern actions that occurred in the State of Hawaii and relate to land that is located in the State of Hawaii. In such circumstance, the law applicable to the allegations is the law of the State of Hawaii. Hawaii Revised Statutes Section 8106 provides that actions based upon on contract or fiduciary duty or promise is three years from accruing of action. The actions complained of are asserted to have occurred in 1999. Any cause of action for breach of contract or breach of fiduciary duty based upon acts that occurred in 1999 is barred as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

74.     Plaintiff's demand for accounting is insufficient under Delaware law and is a condition precedent for maintaining an action thereon for access to records. Delaware law requires that any demand for access to records include a statement of purpose. *6 Del. C.* §18-305(e). Plaintiff's complaint for access to Pokobo records fails to allege or show that the demand for access to records was correct as to form and content. *6 Del. C.* §18-305(f). Specifically, Plaintiff's request for records, as related in the Complaint fails to establish that the Plaintiff's requests set forth the reason for access as required by Delaware law. Plaintiff's complaint is insufficient as a matter of law regarding the condition precedent to initiate an action for access to Pokobo records.

**NINTH AFFIRMATIVE DEFENSE**

75. Plaintiff's complaint of mismanagement of Hawaii litigation is barred by Kobayashi's good faith reliance upon professional expertise. Plaintiff alleges breach of contract and breach of fiduciary duty arising from alleged mismanagement of the Hawaii litigation. In the prosecution of the Hawaii litigation, Kobayashi was entitled to and has relied upon the professional expertise of counsel retained to represent Pokobo. Kobayashi selected counsel for Pokobo with reasonable care. Kobayashi is protected from all claims for breach of fiduciary duty or mismanagement under Delaware law, specifically *6 Del. C.* §18-406.

**TENTH AFFIRMATIVE DEFENSE**

76. Plaintiff's claim against Kobayashi as a derivative claim on behalf of Pokobo is barred by the failure of a condition precedent. Requesting the initiation by the corporation is a condition precedent to the initiation of a derivative action under Delaware law. *6 Del. C.* §18-1001. A derivative complaint shall set forth with particularity the effort of the plaintiff to secure initiation of the action by the corporation or the reasons for not making the effort. *6 Del. C.* § 18-1003. The Plaintiff has asserted that the demand on the corporation to initiate the action against Kobayashi is excused as a matter of law. Section 5.02 of the Pokobo LLC Agreement provides a process for the breaking of any management deadlock. The Plaintiff has failed to establish that a demand on the defendant to implement the deadlock resolution provision of 5.02 of the LLC Agreement was unavailable to the Plaintiff. Absent making any demand to implement the deadlock resolution provision of the LLC Agreement, Plaintiff's

derivative claim against Kobayashi is barred by the failure of a condition precedent to the maintenance of such action.

WHEREFORE, having fully answered, the Defendant requests that this Court find in favor of the Defendant on the Complaint and each cause of action set forth therein, that the Plaintiff take nothing, together with costs and attorneys fees to Defendant as provided by law, and enter such other and further relief as this Court shall determine to be just and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Kevin F. Brady*
Kevin F. Brady (Bar No. 2248)
Christos T. Adamopoulos (Bar No. 3922)
1007 North Orange Street, 9th floor
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Attorneys for Defendant, John M. Kobayashi

OF COUNSEL:

John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone: 303-903-7029
Fax:       303-659-6077

Dated: June 2, 2005

## CERTIFICATE OF SERVICE

I certify that on June 2, 2005, I caused copies of the Answer and Affirmative Defenses of the Defendant John M. Kobayashi to be served electronically to the following counsel of record:

>Susan Wood Waesco, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899

_____
Kevin F. Brady
(Bar No. 2248)