IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,
                Plaintiff,

    vs

JOHN M. KOBAYASHI,
                Defendant,

and

POKOBO, L.L.C.,
                Nominal Defendant

C.A. No. 05-330 (JJF)

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF HIS
## MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404 (A)

CONNOLLY BOVE LODGE & HUTZ LLP
Kevin F.  Brady (Bar No. 2248)
Christos T. Adamopoulos (Bar No. 3922)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
Phone:  (302) 658-9141
Fax:      (302) 656-0116

Attorneys for Defendant,
John M. Kobayashi

OF COUNSEL:

John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone: 303-903-7029
Fax:          303-659-6077

Dated:  June 2, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING ........................................................... 1

STATEMENT OF FACTS ................................................................................................. 4

      A.    Background of the parties. ................................................................. 4

      B.    Facts Regarding Pokobo, L.L.C. ...................................................... 5

ARGUMENT ...................................................................................................................... 9

I.    THIS CASE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII AT HONOLULU, HAWAII. ........................................................................................ 9

      A.    Choice of forum. ............................................................................. 10

      B.    Location of operative facts. ............................................................ 11

      C.    Local interest in deciding local controversies at home. ................. 13

      D.    The Convenience of the Parties Favors Transfer. .......................... 13

      E.    The Convenience of the Witnesses Favors Transfer. ..................... 14

      F.    Location of Relevant Documents Favors Transfer. ....................... 16

      G.    The Enforceability of the Judgment. .............................................. 17

      H.    Practical Considerations That Could Make the Trial Easy, Expeditious, or Inexpensive. .......................................................... 18

      I.    The Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases. ......................................................................... 19

CONCLUSION ................................................................................................................. 21

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ballard Medical Products v. Concord Laboratories, Inc.*,
    700 F. Supp. 796 (D. Del. 1988)................................................................ 16

*Bionx Implants, Inc. v. Biomet, Inc.*,
    No. 99 Civ. 740, 1999 WL 342306 S.D.N.Y. 1999) at *4............ 11, 14, 16

*Capitol Records, Inc. v. Optical Recording Corp.*,
    810 F. Supp. 1350 (S.D.N.Y. 1992)........................................................ 11

*In re United States*,
    273 F.3d 380 (3d Cir. 2001)................................................................ 10, 21

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)...................................................................... 9

*Mentor Graphics Corp. v. Quickrun Design Systems, Inc.*,
    77 F. Supp. 2d 505 (D. Del. 1999)............................................................ 9

*Motorola v. P.C. Tel. Inc.*,
    58 F.2d 349 (D. Del. 1999) ...................................................................... 9

*Nieves v. American Airlines*,
    700 F. Supp. 769 (1988) ........................................................................ 11

*Palace Exploration Co. v. Petroleum Dev. Co.*,
    41 F. Supp. 2d 427 (S.D.N.Y. 1998)........................................................ 14

*Pennwalt Corp v Purex Inds*,
    659 F Supp 287 (D Del 1986)................................................................ 18

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
    279 F.Supp.2d 554 (D.Del., 2003).......................................................... 11

*Riviera Trading Corp. v. Oakley*,
    944 F. Supp. 1150 (S.D.N.Y. 1996)........................................................ 11

*S-Fer International Inc. v. Paladion Partners, Ltd.*,
    906 F. Supp. 211 (S.D.N.Y. 1995) ........................................................ 13

**Statutes**

28 U.S.C. § 1332 ........................................................................................... 9

6 Del. C. § 18-1001 ....................................................................................... 7

6 Del. C. § 18-305 ......................................................................................... 7

6 Del. C. § 18-801 ......................................................................................... 1

6 Del. C. § 18-803 ..................................................................................... 1, 17

6 Del. C. § 18-804 ......................................................................................... 1

6 Del. C. § 18-1003 ....................................................................................... 7

6 Del. C. § 18-802 ..................................................................................... 1, 17

## NATURE AND STAGE OF THE PROCEEDING

On February 23, 2005, Plaintiff, Werner L. Polak (herein "Polak" or "Plaintiff"), filed a Complaint against Defendant John M Kobayashi (herein "Kobayashi" or "Defendant") in the Court of Chancery for the State of Delaware in and for New Castle County as Case No. 1124-N. In his Complaint, Polak seeks dissolution of Pokobo L.L.C. (herein "Pokobo"), a Delaware Limited Liability Company pursuant to *6 Del. C.* §§ 18-801 and 802. Polak and Kobayashi are each 50% owners of Pokobo and its sole record asset is a 64-acre parcel of land situate in Kona, Hawaii (herein "64-Acre Parcel"). The sole business of Pokobo is the ownership and prospective development of the 64-Acre Parcel.

The undersigned counsel for Kobayashi were authorized to and did accept service of process on behalf of Kobayashi on May 13, 2005. By agreement with counsel for Polak, the Answer or Response date for Kobayashi to the Complaint is June 2, 2005. By Notice of Removal dated May 25, 2005, Kobayashi removed this action to this Court.

Polak seeks a windup of affairs of Pokobo by Polak pursuant to the Pokobo L.L.C. Agreement (herein "LLC Agreement") and *6 Del. C.* §§18-803 and 804; a declaratory judgment concerning a 17-acre parcel located in the Kona, Hawaii (herein "17-Acre Parcel") asserting a constructive trust against the 17-Acre Parcel and seeking the transfer of such property to Pokobo. In the windup of the affairs of Pokobo, Polak seeks not only an accounting of the capital accounts of the members of Pokobo and distribution of the assets of Pokobo to the members; but asserts a claim in the nature of *partition* of the 64-Acre parcel and the 17-Acre Parcel, requesting that both parcels of

land be sold by Order of Court and the proceeds divided (Request for Relief paragraph (d), Complaint page 14).

Polak further asserts unjust enrichment, breach of contract and breach of fiduciary duty by Kobayashi arising from (1) the acquisition of the 17-Acre Parcel in Kobayashi's name and not on behalf of Pokobo; (2) a failure to provide accounting for Pokobo; and (3) handling of two actions pending in the State of Hawaii concerning the 64-Acre Parcel and the 17-Acre Parcel. The nature and the amount of damages claimed as a result of the alleged defaults have not been specified. Of the five separate Counts comprising the Complaint, only Count III (Breach of Fiduciary Duty, paragraphs 51-55 of the Complaint) is expressly asserted to be brought as a derivative claim on behalf of Pokobo.

On June 2, 2005, Kobayashi filed his Answer and Affirmative Defenses denying Polak's claims and also asserting that venue in this Court should be transferred to the District Court for the District of Hawaii pursuant to 28 U.S.C. §1404. This is Defendant's Opening Brief in support of his Motion to Transfer Venue to the District Court for the District of the State of Hawaii.

As stated in greater detail herein, none of the operative facts in this action took place within Delaware. The sole connection of this action with the State of Delaware is that Pokobo was incorporated in the State of Delaware. Polak is a citizen of the State of New York. Kobayashi is a citizen of the State of Colorado. The only record asset of Pokobo is located in the State of Hawaii and the only business of Pokobo has occurred in the State of Hawaii. All of the operative facts of this action have occurred in the State of Hawaii or, in part, in the State of Colorado.

If the court grants Kobayashi's motion to transfer this action to the District Court of Hawaii, the court would advance the convenience of the parties and the witnesses and serve the interest of justice.

# STATEMENT OF FACTS[1]

### A.    Background of the parties.

Both Polak and Kobayashi are experienced trial attorneys.  Polak is a citizen of New York and was a litigation partner with the firm of Sherman and Sterling in New York City, New York.  Kobayashi maintained a national practice from Denver, Colorado. Kobayashi is a citizen of Colorado who maintains a part-time residence in Hawaii.  In addition to the two properties that are involved in the present litigation, Kobayashi is the owner of a personal residence and several other business properties in the Kona, Hawaii, area.

As a result of the relationship developed through their respective law practices, Polak and Kobayashi agreed to invest together in the 64-Acre Parcel.  In early 1997, Polak and Kobayashi agreed to form a limited liability company to hold and develop the 64-Acre Parcel.  Pokobo was incorporated under the law of the State of Delaware as a limited liability corporation on March 1, 1997.  No specific agreement concerning the timing or nature of the development of the 64-Acre Parcel exists or is alleged to have ever existed.

Upon formation of Pokobo, Polak and Kobayashi each contributed the sum of $450,000.00 to the capital of Pokobo.  On April 4, 1997 the 64-Acre Parcel was acquired for approximately $900,000.00 and placed in the name of Pokobo.

---

[1]   The Background Facts are fully supported by the allegations set forth in the Complaint, accepted *arguendo* for the purpose of this Motion and reasonable inferences there from and affidavit of John M. Kobayashi (attached as Exhibit A).

**B.    Facts Regarding Pokobo, L.L.C.**

Upon acquisition of the 64-Acre Parcel, consideration of the development of the 64-Acre Parcel was initiated.  As the part-time resident of Hawaii, and being somewhat experienced in the development of real property in Hawaii, Kobayashi was placed in charge of day-to-day management of the 64-Acre Parcel for Pokobo.

Kobayashi is a diabetic.  As a result of this disease, by 2002 he was no longer able to maintain his law practice to the level required for the full representation of the clients of his firm and he surrendered his license and terminated his law practice. Notwithstanding, Kobayashi is able to and has continued the management of Pokobo's affairs in Hawaii.  Polak has not asserted that at any time he desired to assume management of Pokobo's affairs in Hawaii, or to have become active in the day-to-day development of the 64-Acre Parcel.

In 1999, Kobayashi negotiated and acquired ownership of the 17-Acre Parcel for his own account.  The 17-Acre Parcel was acquired by Kobayashi for the approximate cash purchase price of $194,000.00 and was titled to Kobayashi on May 24, 1999. Kobayashi provided for the cash purchase of the 17-Acre Parcel from his own funds. Polak asserts that an oral agreement existed between himself and Kobayashi that the 17-Acre Parcel was to be acquired for the benefit of Pokobo.  Kobayashi denies Polak's allegations concerning the existence and nature of the oral agreement claimed by Polak regarding the 17-Acre Parcel.  Kobayashi has paid all costs and real estate taxes associated with the 17-Acre Parcel from his own personal funds.

As part of the permitting process for the 64-Acre Parcel, Kobayashi initiated various plans and studies for the ultimate development of the property.  By mid 2002, it

became apparent to Kobayashi that the County of Hawaii was intending to condemn a roadway through both the 64-Acre Parcel and the 17-Acre Parcel, which Kobayashi determined was not in his best interest or the best interest of Pokobo.

As a result of the threatened condemnation, on July 3, 2002, Kobayashi initiated preemptive litigation on his behalf and on behalf of Pokobo against the County of Hawaii and several of its regulatory agencies. This litigation entitled *Pokobo L.L.C and John M. Kobayashi vs. the County of Hawaii, the County of Hawaii Department of Public Works, the Director of the Department of Public Works and the State of Hawaii Department of Public Transportation* remains pending in the State of Hawaii as Civil Action 02-1-0126K. Polak asserts that he was not consulted nor did he approve the preemptive litigation. Kobayashi denies such allegations and asserts that Polak was, in fact, consulted and approved of the defense of Pokobo's interests in this preemptive litigation.

On July 8, 2002 the threatened condemnation litigation was filed against the 64-Acre parcel owned by Pokobo and the 17-acre parcel owned by Kobayashi. This action remains pending in the Circuit Court for the Third Circuit for the State of Hawaii as *County of Hawaii v. Pokobo, L.L.C. et al.,* as Civil Action No. 02-1-0129K. Polak asserts that he was not consulted nor did he approve defense of Pokobo's interest in the 64-Acre Parcel in the condemnation litigation. Kobayashi denies such allegations and asserts that Polak was, in fact, consulted and approved of the defense of Pokobo's interests in the condemnation litigation.

In both cases, Pokobo is being represented by qualified counsel admitted to practice in the State of Hawaii. Kobayashi has supervised the litigation; but has not in

any way acted as legal counsel for Pokobo, nor for his own interest regarding the 17-Acre Parcel.

Regarding Polak's claim for accounting, notwithstanding that the demand of Polak may not have complied with *6 Del. C.* §§18-305(e) and 18-305(f), Kobayashi has directed Pokobo's accountant, Colin Grubb, whose office is situate in Denver, Colorado, to prepare a full accounting for Pokobo and to provide access by Polak to such accounting as soon as completed. The only condition to such access is that Polak provide 50% of the cost of such accounting as billed by Colin Grubb. Kobayashi will provide the remaining 50% of the cost. Contribution by the members of Pokobo is required as the company generates no income and has no significant cash reserves. Expenses of Pokobo are covered by member contributions as required.

Polak asserts that demand on Pokobo to pursue a claim required by Delaware law (*6 Del. C.* §18-1001) to maintain a derivative claim on behalf of the company was excused (paragraph 40, Complaint). No reasons for not making the effort of demand on the corporation have been set forth in the Complaint as required by *6 Del. C.* §18-1003.

Section 5.02 of the LLC Agreement provides for a "coin toss" deadlock breaker. Kobayashi asserts that such provision prevents a claim of "deadlock" as a matter of law. Kobayashi further asserts that Polak's derivative action, claim of deadlock, claim for accounting and claim for dissolution under the LLC Agreement (paragraphs 44-46 of the Complaint) fail in that Polak has not, and has not claimed to have requested invocation of the coin toss provision to direct the affairs of Pokobo.

Finally, in this action there have been no conferences of counsel relative to case management, nor has any party sought any discovery or engaged in any pre-trial

preparation of substance.   There is thus no waste or frustration of either party's expectations by transferring venue at this stage of the proceeding.

## ARGUMENT

I.   **THIS CASE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII AT HONOLULU, HAWAII.**

28 U.S.C. §1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This action "might have been brought" in the United States District Court for the District of Hawaii. Hawaii is not only the principal place of business of Pokobo but the sole location. The real property that is the subject of this action is located in Hawaii and the actions that form the basis of the complaint occurred, if at all, in the State of Hawaii.

Federal jurisdiction is based upon 28 U.S.C. §1332(a)(3) arising from diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00. Transfer of this case is therefore proper, if transfer serves the interest of justice.

In determining the "interest of justice" courts consider a variety of factors. In the District of Delaware, the guiding precedent is *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). *See also, Mentor Graphics Corp. v. Quickrun Design Systems, Inc.*, 77 F. Supp. 2d 505, 510 (D. Del. 1999); *Motorola v. P.C. Tel. Inc.*, 58 F.2d 349 (D. Del. 1999) and *Joint Stock Society v. Heublin*, 936 F. Supp. 177 (D. Del.1996).

As set forth in *Jumara,* six private and five public interests are considered in transferring venue. The private interests are:

(1) the plaintiff's forum preference as manifested by the plaintiff's original forum choice;

(2) the defendant's forum preference;

(3) whether the claim arose elsewhere;

(4) the convenience of the parties as indicated by their relative physical and financial condition;

(5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

(6) the location of the books and records.

The public interests are:

(1) the enforceability of the judgment;

(2) practical considerations that could make the trial easy, expeditious, or inexpensive;

(3) the relative administrative difficulty in the two fora resulting from court congestion;

(4) the local interest in deciding local controversies at home; and

(5) the familiarity of the trial judge with the applicable state law in diversity cases.

Balancing these interests, a defendant need not show "truly compelling circumstances;" but, instead, it is sufficient if the defendant shows that upon a proper balancing of all relevant factors, the "case would be better off transferred to another district." *In re United States,* 273 F.3d 380, 388 (3d Cir. 2001).

**A.     Choice of forum.**

Polak has chosen Delaware as the forum to initiate this action.   Kobayashi requests the forum be changed to Hawaii, Pokobo's principal and sole place of business.

Neither Polak nor Kobayashi has any personal contacts with the state of Delaware.  Pokobo conducts no business in Delaware and has no contacts with the state other than Pokobo having been incorporated in Delaware.  No parties, no witnesses, no corporate records and no evidence anticipated to be presented in this proceeding have any tie to the State of Delaware.

As courts have noted, "forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Riviera Trading Corp. v. Oakley*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (quoting *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1353 (S.D.N.Y. 1992)).  Generally, courts will give deference to the plaintiff's choice of forum; however, plaintiff's choice of forum is given reduced emphasis, where as here, the operative facts upon which the litigation is brought bear little material connection to the chosen forum.  *See, Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306 S.D.N.Y. 1999) at *4 (citing *Nieves v. American Airlines*, 700 F. Supp. 769 (1988)).

**B.    Location of operative facts.**

The location of the operative facts is a significant factor in transferring venue. *See, Ricoh Co., Ltd. v. Aeroflex Inc.* 279 F.Supp.2d 554 (D.Del., 2003).  The operative facts central to Polak's claims have occurred, if at all, in Hawaii.  None have any locus in Delaware.  The sole purpose in forming Pokobo was that it was to acquire and develop a parcel of real property in Hawaii.  The intent from the beginning has been that Pokobo's sole place of business and all corporate activity take place in Hawaii.

With Polak's consent, Kobayashi managed Pokobo's affairs in Hawaii.  The gravamen of Polak's complaint against Kobayashi is based almost entirely on actions that are alleged to have occurred in the state of Hawaii.  Polak asserts that Kobayashi has breached his management and fiduciary obligations by titling the 17-Acre Parcel to himself and through his management of the Hawaii litigation (Complaint, paragraph 43).  All these actions occurred, if at all, in Hawaii.

The same allegations set forth in paragraph 43 of the Complaint are reasserted as the basis of Kobayashi's breach of contract (Complaint, paragraph 45). All the actions occurred, if at all, in Hawaii. The same allegations set forth in paragraph 43 of the Complaint are reasserted as the basis of Kobayashi's breach of fiduciary duty (Complaint, paragraphs 53-54). All the actions occurred, if at all, in Hawaii.

The acquisition of the 17-Acre parcel by Kobayashi in 1999 is alleged as the basis for Polak's declaratory judgment claim and the basis for the imposition of a constructive trust for the 17-Acre Parcel. (Complaint, paragraph 60). The action complained of occurred in Hawaii, and the *rem* for the constructive trust, is located in Hawaii.

Finally, Polak's claim for unjust enrichment is also based upon Kobayashi's acquisition of the 17-Acre Parcel, which occurred in Hawaii in 1999 (Complaint, paragraph 63). Polak's claim that Pokobo is entitled to the 17-Acre Parcel, one of the primary claims in the litigation, is based solely upon an alleged oral contract between himself and Kobayashi. The alleged contract was to occur in Hawaii and relates solely to land in Hawaii.

While it is possible that the operative facts could be developed in Hawaii and presented in Delaware, the basis for the complaint, evidence relating to the nature and amount of damages and the implementation of equitable remedies claimed by Polak will have to be developed in Hawaii. The operative facts, the testimony of lay witnesses and expert opinions necessary to address the issues in the complaint by both parties argues substantially in favor transferring the proceeding to Hawaii.

**C.    Local interest in deciding local controversies at home.**

Because all of the operative events in this case occurred, if at all, in Hawaii, and none took place in Delaware, and because Hawaii law should be applied to determine significant parts of Polak's claims and because Hawaii has a strong state interest in actions concerning property situate in that state, this case should be transferred to the District of Hawaii. Where the substantive claim involves a dispute over the acquisition of real estate and the imposition of a constructive trust over such real estate, it is particularly appropriate that such controversy be decided in the jurisdiction in which the land is located. As noted by the District Court for the Southern District of New York in *S-Fer International Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 213 (S.D.N.Y. 1995) public interest is advanced by having localized controversies decided at home.

**D.    The Convenience of the Parties Favors Transfer.**

Neither Polak nor Kobayashi has any contacts with Delaware. Pokobo, a nominal defendant only, similarly has no contacts other than its incorporation in Delaware. Polak is a citizen of New York and Kobayashi is a citizen of Colorado. Delaware is not a resident forum for either Polak or Kobayashi.

The parties formed Pokobo for the sole purpose of owning property and conducting business in Hawaii. The intent of the parties in forming Pokobo and titling the 64-Acre Parcel into Pokobo was to transact all its business in Hawaii. As such, it is not inconvenient for either of the parties to conduct litigation regarding the management of the business in the state in which the parties agreed that their business would be conducted and in which the real estate that is the subject of the complaint is located.

While Kobayashi does maintain a part-time residence in Hawaii, that state is, in fact, a neutral forum for the resolution of this case. As noted, Kobayashi is a citizen of Colorado and Polak is a citizen of New York. Neither Colorado nor New York, while jurisdiction could lie in either, is a proper forum for the litigation of this case. Neither party's personal counsel is licensed to practice in Hawaii (it is accepted that the present counsel for both Kobayashi and Pokobo in the Hawaii litigation is foreclosed from representing either party individually in this litigation.) Both parties will have to retain local counsel in the forum; however, this is no different than each party having to retain local counsel in Delaware if this action is maintained in this state.

### E. The Convenience of the Witnesses Favors Transfer.

"[T]he core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of nonparty and party witness." *Bionx Implants, supra,* at *3 (citing *Palace Exploration Co. v. Petroleum Dev. Co.,* 41 F. Supp. 2d 427 (S.D.N.Y. 1998)). The convenience of the witnesses in this proceeding is a substantial factor supporting the transfer of this proceeding to the District of Hawaii.

Polak asserts not only equitable rights but damages at law arising from Kobayashi's acquisition of the 17-Acre Parcel in his own name and Kobayashi's management of the Hawaii litigation. To adjudicate Polak's equitable and legal claims, lay and expert witnesses will be required to determine the best interests of the members, if dissolution of Pokobo is ordered, and to determine the nature and extent of damages that are claimed by Polak against Kobayashi. Expert witnesses will have to be retained and will have to conduct their evaluations in Hawaii. Lay witnesses are not subject to

being compelled to provide testimony in Delaware and could only be brought to Delaware on a volunteer basis at enormous cost.

First, if a liquidating manager is appointed by the Court for Pokobo, that manager will have to determine how to approach and manage the Hawaii litigation. As Kobayashi is involved not only as a member of Pokobo but as an individual in both pending cases, the determination of the liquidating manager will be difficult at best. Such manager will undoubtedly have to extensively confer with existing legal counsel representing Pokobo and Kobayashi in the Hawaii litigation and determine how and with what counsel to pursue the litigation, to the extent that such is possible. Prejudice to Kobayashi as a member of Pokobo and potential prejudice to his individual claims and positions will need to be taken into account, because any liquidating manager does not have authority to affect Kobayashi's personal interests in the Hawaii litigation.

Second, real estate appraisers, land planners, archeologists and other consultants will have to be retained to determine how the property could be developed or sold and what is in the best interest of Pokobo and its members with regard to the development, sale or distribution in kind of the Pokobo property. All of the development and sale alternatives will have to be contrasted with a distribution in kind of Pokobo property, which as will be noted below, would not end the controversy between the parties and only extend the controversy into a formal action in partition that would ultimately have to be determined in Hawaii under Hawaii law.

To the extent that damages at law are claimed by Polak, expert witnesses will have to be retained in Hawaii to establish the nature and extent of such damages. While the Complaint is devoid of any particularities from which the basis for damages can be

determined, since the sole record asset of Pokobo is the 64-Acre Parcel remains owned and unencumbered by Pokobo, the only apparent basis for the damage claim by Polak is that Kobayashi's management of the Hawaii litigation has in some manner devalued Pokobo's property. Such "forensic valuation" is a complex determination and can only be developed by expert testimony in Hawaii.

Third, the liquidating manager will have to expend substantial time and expense in meeting with and negotiating the sale of Pokobo's property, if such is determined to be in the best interests of Pokobo and its members in liquidation. If sale by Court order is found to be within the Court's jurisdiction, the considerations attendant to a sale of real property, particularly real property that is embroiled in pending litigation that will have to be presented to the Court, will consist almost entirely of witnesses that are resident in Hawaii and who develop their reports and opinions in Hawaii.

**F.     Location of Relevant Documents Favors Transfer.**

The location of relevant documents is a factor in determining whether transfer of a case to another forum is appropriate. *Bionx Implants*, *supra* at *4; *Ballard Medical Products v. Concord Laboratories, Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988). No party maintains any documents in Delaware. Almost all of the corporate records of Pokobo are in Kobayashi's residence in Hawaii. While Pokobo's records are not voluminous and can be produced without substantial difficulty in any forum, the records relating to the Hawaii litigation are located with Hawaii counsel in Hawaii. As the management of the Hawaii litigation by Kobayashi forms the basis for a significant portion of Polak's complaint, the location of the Hawaii litigation records, and most importantly the location of Pokobo's

Hawaii counsel who can evaluate the nature and importance of all such records, argues in favor of transfer of this action to Hawaii.

### G.    The Enforceability of the Judgment.

Polak's claim for dissolution, particularly for judicial dissolution under 18-802 and the sale of both the 64-Acre Parcel and the 17-Acre parcel by Order of the Court (Demand for Relief, Complaint, paragraph (c)), is relief that cannot effectively be granted in Delaware.  While the Delaware Court can appoint a liquidating member or liquidating trustee pursuant to *6 Del. C.* § 18-803(a), and upon appointment the liquidating manager has the authority to wind up the affairs of the company and sell or dispose of company property as may be in the best interests of the members (*6 Del. C.* § 18-803(b)), Polak seeks an Order of Court that the Pokobo property be sold.  The Delaware statutory provisions governing dissolution of limited liability corporations do not provide for a Court ordered sale of property.  Such determination is thus beyond the authority of the Court to itself determine the interests of the parties and order the sale of corporate property as a remedy in dissolution.  Rather, such an action is in the nature of a *partition* action that is properly determined by a proceeding in the state in which the real property is located.

Even if this Court determines that it does have the authority to order the sale of corporate property in a dissolution proceeding, the evidence required for this Court to make such a decision, between ordering a sale and distribution of the corporate property in kind, will be extensive and will of necessity be based substantially on evidence and expert witnesses that will have to be developed in Hawaii.

**H.   Practical Considerations That Could Make the Trial Easy, Expeditious, or Inexpensive.**

It is not likely that trial of this matter will be easy, expeditious or inexpensive in any forum. However, in relative terms, Hawaii is the most expeditious and inexpensive forum for this action. As noted, in any forum the parties will have to retain counsel outside of their state of residence.

Of importance is that to establish a constructive trust and to order a *partition sale,* as contrasted to a distribution in kind of the corporate property in dissolution, requires substantial evidence that only a court in Hawaii could efficiently hear and determine.

The additional consideration that all the substantive witnesses that will be necessary to substantiate Polak's damage claims, and all the substantive consultants that would be required for a liquidating trustee to determine the best interests of Pokobo and its members, distributing in kind or distributing proceeds after sale, and all the substantive witnesses that would be required to order a sale in *partition* will be located in Hawaii and will be based upon circumstances local to Hawaii argues strongly that the appropriate forum for resolution of this action be in Hawaii.

Of additional consideration is that Pokobo has no liquid assets and its sole property is located in Hawaii. Pokobo has no funds with which to provide for a liquidating trustee to be appointed by this Court to manage and wind up the affairs of Pokobo in Hawaii, even if this Court should determine that Pokobo should be dissolved. *See, Pennwalt Corp v Purex Inds,* 659 F Supp 287 (D. Del. 1986). In such a circumstance, a possible result of dissolution would result in a distribution in kind of Pokobo's property to the members, leaving them as tenants in common. This result would not likely end the litigation between the parties, and upon such a determination

this Court would have no further jurisdiction over the parties as individuals to consider partition of the Hawaii property. The only court that would have prospective jurisdiction not only over Pokobo, but the parties and the *in rem* property for constructive trust or partition is the district Court for the District of Hawaii.

### I.    The Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases.

As previously noted, Polak's claims against Kobayashi are based in substantial part upon an alleged oral contract concerning real property located in Hawaii (the 17-Acre Parcel). The contract, as alleged by Polak, was to have been performed in Hawaii and the breach, as alleged by Polak, occurred in Hawaii in 1999. The allegations concerning the 17-Acre Parcel are included as the central allegation in all five of Polak's counts in his complaint. Further, Polak seeks to have a constructive trust imposed upon the 17-Acre Parcel for the benefit of Pokobo (however, the claim for a constructive trust is not explicitly set forth in Count III of the Complaint which is the only Count expressly delineated as a derivative claim).

All of these allegations relate to the entitlement to real estate located in the state of Hawaii and actions that have occurred in the State of Hawaii. Courts have traditionally applied the law of the state in which real property is located to determine the rights and interests of contending parties to such property. Recognizing that the basis of Polak's claims all relate to real property located in Hawaii and allege contractual and fiduciary duties that were to be performed in Hawaii, the law of the state of Hawaii is the proper law to be applied in this case to resolve the major issues presented.

While the law to be applied regarding the internal governance of Pokobo, as a Delaware limited liability company, may well be the law of the state of Delaware, the application of such law by the District Court of Hawaii is relatively straight forward.

The more contentious issues of breach of contract, breach of fiduciary duty, the applicable statute of limitations for actions that are alleged to have occurred in 1999 or before, the enforceability of an oral contract for the conveyance of real estate, the basis for the imposition of a constructive trust for property located in Hawaii and the considerations for a Court ordered *partition* of real property located in Hawaii all are properly determined under the law of Hawaii.

In such circumstances the familiarity of the District Court for the District of Hawaii with the law of the state of Hawaii argues for the transfer of venue to Hawaii.

## CONCLUSION

For the foregoing reasons, this action should be transferred to the United States District Court for the District of Hawaii. The only tie to the state of Delaware in this proceeding is that Pokobo was incorporated in this state. All of the operative facts of this case, all of the substantive witnesses and the property that underlies the basis of the complaint are all located in Hawaii. Under such circumstances, with a proper balancing of all relevant factors as stated by the Court in *In Re United States, supra*, this case would be better off transferred to the District Court for the District of Hawaii.

CONNOLLY BOVE LODGE & HUTZ LLP


Kevin F. Brady (Bar No. 2248)
Christos T. Adamopoulos (Bar No. 3922)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
Phone: (302) 658-9141
Fax:    (302) 658-0380

Attorneys for Defendant,
John M. Kobayashi

OF COUNSEL:
John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone: 303-903-7029
Fax:       303-659-6077

Dated: June 2, 2005

EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,
                Plaintiff,

    vs

JOHN M. KOBAYASHI,
                Defendant,

and

POKOBO, L.L.C.,
            Nominal Defendant

C.A. No. 05-330 (JJF)

### AFFIDAVIT OF JOHN M. KOBAYASHI

I, John M. Kobayashi, being first sworn upon his oath, states and alleges as follows:

1. I am a resident and citizen of the State of Colorado.

2. I maintain a part time residence in Kona, Hawaii and I am the owner of certain other real estate in Hawaii that is not involved in this litigation.

3. Mr. Werner L. Polak and I were each trial lawyers and met one another through our law practices. In March, 1997, Mr. Polak and I formed Pokobo L.L.C. for the purpose of acquisition and development of the 64 Acre Parcel (as that term is defined in Defendant's Opening Brief).

1

4. Mr. Colin Grubb, a CPA in Denver Colorado, was my personal accountant prior to the formation of Pokobo. After Pokobo was formed, I asked Mr. Polak and he consented to the employment of Colin Grubb as the accountant for Pokobo, LLC. Mr. Polak also consented to my acting as the local manager of affairs for Pokobo in Hawaii.

5. I am a diabetic. As a result of this disease, by 2002 I was no longer able to maintain my law practice to the level required for the full representation of the clients of my firm and I surrendered my license and terminated my law practice. Notwithstanding, I have been able to continue the management of Pokobo's affairs in Hawaii. Mr. Polak has not asserted at any time that he desired to assume management of Pokobo's affairs in Hawaii, or to have become active in the day to day development of the 64-Acre Parcel.

6. In 1999, I purchased a 17-Acre Parcel (as that term is defined in Defendant's Opening Brief) in Hawaii for my own personal use and from my own personal funds. I have paid all taxes and assessments upon such property from my own funds.

7. Development and/or sale of both the 64-Acre Parcel and the 17-Acre Parcel will require continued consultation with and monitoring of land planners, archeologists, attorneys and appraisers located in Hawaii. In addition to the complication of pending litigation involving the parcels, there are significant archeological artifacts and areas on the parcels that require substantial consideration and attention under Hawaii state law for both use and development of either of the parcels.

2

8. I have asked Mr. Grubb to provide for a full accounting for Pokobo. Such accounting is available to Mr. Polak upon the payment of 50% of the costs of the preparation thereof. I have provided for the payment of the remaining 50% of the cost of preparation.

Dated this 1st day of June, 2005.

John M. Kobayashi

State of Colorado     }
                      } ss.
County of Denver      }

Subscribed and affirmed, or sworn to before me in the County of Denver, State of Colorado, this 1st day of June, 2005.

Notary Public

My commission expires: _01/07/2009_

**CERTIFICATE OF SERVICE**

I certify that on June 2, 2005, I caused copies of Defendant's Opening Brief in Support of

His Motion to Transfer Venue to the District Court for the District of Hawaii to be served

electronically to the following counsel of record:

Susan Wood Waesco, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899


Kevin F. Brady
(Bar No. 2248)