IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WERNER L. POLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. KOBAYASHI, | ) | C.A. No. 05-330 (JJF) |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT
OF HIS MOTION TO REMAND**

MORRIS, NICHOLS, ARSHT & TUNNELL
Martin P Tully (#465)
David A. Harris (#3568)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
 Attorneys for Plaintiff

June 15, 2005

## TABLE OF CONTENTS

                                                                    Page

TABLE OF CITATIONS                                                    ii

PRELIMINARY STATEMENT                                                 1

NATURE AND STAGE OF THE PROCEEDINGS                                   2

SUMMARY OF ARGUMENT                                                   4

STATEMENT OF RELEVANT FACTS                                           5

ARGUMENT                                                              6

I.      A STRONG PRESUMPTION EXISTS AGAINST REMOVAL.                  6

II.     BECAUSE COMPLETE DIVERSITY DOES NOT EXIST
        AMONG THE NAMED PARTIES, THIS CASE MUST BE
        REMANDED FOR LACK OF SUBJECT MATTER
        JURISDICTION.                                                 7

        A.      Pokobo's Citizenship Must Be Considered for Purposes of
                Determining Whether Diversity Jurisdiction Exists.    7

        B.      Plaintiff Should Be Awarded His Fees, Costs and Expenses
                of Opposing Removal.                                  11

III.    EVEN IF SUBJECT MATTER JURISDICTION EXISTS, THIS
        COURT SHOULD DECLINE TO EXERCISE ITS
        JURISDICTION ON ABSTENTION GROUNDS.                          12

        A.      The *Burford* Abstention Doctrine.                    13

        B.      Plaintiff's Petition Seeks Equitable or Discretionary Relief.  14

        C.      Abstention Is Appropriate in Actions Seeking Dissolution.  17

CONCLUSION                                                           22

ii.

## TABLE OF CITATIONS

Page(s)

<u>Cases</u>

*Actrade Fin. Techs. Ltd. v. Aharoni,*
　　2003 WL 22389891 (Del. Ch.)                                        16

*Alessi v. Beracha,*
　　244 F. Supp. 2d 354 (D. Del. 2003)                                  6

*Alkire v. Interstate Theatres Corp.,*
　　379 F. Supp. 1210 (D. Mass. 1974)                                18, 19

*Am. Soc. For Testing & Materials v. Corrpro Cos., Inc.,*
　　292 F. Supp. 2d 713 (E.D. Pa. 2003)                                  9

*Assist Stock Mgmt. L.L.C. v. Rosheim,*
　　753 A.2d 974 (Del. Ch. 2000)                                       20

*Astroworks, Inc. v. Astroexhibit, Inc.,*
　　257 F. Supp. 2d 609 (S.D.N.Y. 2003)                                14

*Buckley v. Control Data Corp.,*
　　923 F.2d 96 (8th Cir. 1991)                                        11

*Bumberger v. Ins. Co. of North Am.,*
　　952 F.2d 764 (3d Cir. 1991)                                         9

*Burford v. Sun Oil Co.,*
　　319 U.S. 315 (1943)                                            passim

*Camden Sec. Co. v. Lupowitz,*
　　500 F. Supp. 653 (E.D. Pa. 1980)                                   11

*Caudill v. Eubanks Farms, Inc.,*
　　301 F.3d 658 (6th Cir. 2002)                                       19

*Codos v. Nat'l Diagnostic Corp.,*
　　711 F. Supp. 75 (E.D.N.Y. 1989)                                    19

*Conklin v. United States Shipbuilding Co.,*
　　140 F. 219 (D.N.J. 1905)                                          19

*Cornerstone Techs., LLC v. Conrad,*
　　2003 WL 1787959 (Del. Ch.)                                        20

TABLE OF CITATIONS (continued)

Page(s)

*Cosgrove v. Bartolotta*,
    150 F.3d 729 (7th Cir. 1998)     8

*Dawson v. Columbia Trust Co.*,
    197 U.S. 178 (1905)     8

*DiGiacobbe v. Sestak*,
    2003 WL 1016985 (Del. Ch.)     16

*Employers Ins. of Wassau v. Crown Cork & Seal Co., Inc.*,
    905 F.2d 42 (3d Cir. 1990)     8

*Feiwus v. Genpar, Inc.*,
    43 F. Supp. 2d 289 (E.D.N.Y. 1999)     13, 15, 19

*Fiege v. Sechrest*,
    90 F.3d 846 (3d Cir. 1996)     13

*Friedman v. Revenue Mgmt. of N.Y.*,
    38 F.3d 668 (2d Cir. 1994)     19

*Gatz v. Ponsoldt*,
    297 F. Supp. 2d 719 (D. Del. 2003)     10

*Graphic Scanning Corp. v. Yampol*,
    677 F. Supp. 2d 256 (D. Del. 1988)     10

*Haley v. Talcott*,
    864 A.2d 86 (Del. Ch. 2004)     15, 17

*Handelsman v. Bedford Village Assocs. Ltd. P'ship*,
    213 F.3d 48 (2d Cir. 2000)     8

*In re Arthur Treacher's Fish & Chips of Ft. Lauderdale, Inc.*,
    386 A.2d 1162 (Del. Ch. 1978)     15

*In re English Seafood (USA) Inc.*,
    742 F. Supp 281 (D. Del. 1990)     18

*In re Silver Leaf, L.L.C.*,
    2004 WL 1517127 (Del. Ch.)     20

iv.

TABLE OF CITATIONS (continued)

Page(s)

*In re Tricord Sys., Inc.*,
    2003 WL 1873523 (D. Del.)      7

*Izzo v. Borough of River Edge*,
    843 F.2d 765 (3d Cir. 1988)      20

*Jacobson v. Dryson Acceptance Corp.*,
    2002 WL 75473 (Del. Ch.)      16

*Johnson v. Collins Entm't Co., Inc.*,
    199 F.3d 710 (4th Cir. 1999)      15, 17

*Ketterson v. Wolf*,
    2001 WL 940909 (D. Del.)      8

*Lac D'Amiante du Quebec, Ltee v. Am. Home Assurance Co.*,
    864 F.2d 1033 (3d Cir. 1988)      20

*Lewis v. Consol. Freightways Corp. of Del.*,
    2005 WL 503317 (E.D. Pa.)      9

*Mennen Co. v. Atl. Mut. Ins. Co.*,
    147 F.3d 287 (3d Cir. 1998)      7

*Mints v. Educ. Testing Serv.*,
    99 F.3d 1253 (3d Cir. 1996)      12

*Moore v. Permanente Med. Group, Inc.*,
    981 F.2d 443 (9th Cir. 1992)      12

*Morgan Guar. Trust v. Republic of Palau*,
    971 F.2d 917 (2d Cir. 1992)      12

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
    491 U.S. 350 (1989)      13, 18

*Nomura Asset Capital v. Overland Co., Inc.*,
    2003 WL 138093 (D. Del.)      7, 9, 10, 11

*Ono v. Itoyama*,
    884 F. Supp. 892 (D.N.J. 1995)      10

v.

TABLE OF CITATIONS (continued)

Page(s)

*Pennsylvania v. Williams*,
    294 U.S. 176 (1935)                                                                18

*Peoples Benefit Life Ins. Co. v. Dale*,
    1999 WL 33545578 (S.D. Miss)                                          16

*Pepsi-Cola Bottling Co. of Salisbury, Md. v. Handy*,
    2000 WL 364199 (Del. Ch.)                                               16

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996)                                          13, 14, 15, 16

*Quarles v. Albritton*,
    116 So.2d 175 (La. Ct. App. 1959)                                   11

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*,
    374 F.3d 1020 (11th Cir. 2004)                                         8

*Shamrock Holdings of California, Inc. v. Arenson*,
    2005 WL 400198 (D. Del.)                                                  7

*Shamrock Oil & GasCorp. v. Sheets*,
    313 U.S. 100 (1941)                                                           6

*Steel Valley Auth. v. Union Switch and Signal Div.*,
    809 F.2d 1006 (3d Cir. 1987)                                            6

*Webb v. B.C. Rogers Poultry, Inc.*,
    174 F.3d 697 (5th Cir. 1999)                                           14

Statutes

28 U.S.C. § 1331                                                                    6

28 U.S.C. § 1332(a)                                                              6

28 U.S.C. § 1404(a)                                                              3

28 U.S.C. § 1441                                                               3, 6

28 U.S.C. § 1446                                                                  3

28 U.S.C. § 1447(c)                                                   4, 7, 11, 12

TABLE OF CITATIONS (continued)

Page(s)

6 *Del. C.* § 18-101 .......................................................... 20

6 *Del. C.* § 18-105 .......................................................... 2

6 *Del. C.* § 18-109 .......................................................... 2

6 *Del. C.* § 18-801 .......................................................... 2, 5

6 *Del. C.* § 18-802 .......................................................... 2, 14, 15, 17

6 *Del. C.* § 18-803 .......................................................... 5

6 *Del. C.* § 18-804 .......................................................... 5

8 *Del. C.* § 273 ............................................................. 15

Other Authorities

16 *Moore's Federal Practice* § 107.04 (3d ed. 2005) ................. 6

16 *Moore's Federal Procedure* § 107.06 .............................. 6

16 *Moore's Federal Procedure* § 107.14[2][b] ........................ 7

16 *Moore's Federal Procedure* § 107.14[2][c] ........................ 8, 9

16 *Moore's Federal Procedure* § 107.41[1][a][iii] ................... 12

PRELIMINARY STATEMENT

  Federal court is not the proper forum for this case.  First, this Court lacks subject matter jurisdiction in that diversity jurisdiction (which Defendant claims exists) is lacking.  Pokobo, L.L.C. ("Pokobo") is not, as Defendant would have this Court believe, merely a nominal party.  Rather, Pokobo has a real and genuine interest in recovering land rightfully belonging to it but wrongfully titled in Defendant's name.  Pokobo's citizenship must therefore be considered for purposes of determining whether removal was proper on the basis of diversity jurisdiction.  Pokobo's status as a citizen of both New York and Colorado destroys diversity jurisdiction and mandates that the matter be remanded to the Court of Chancery for lack of subject matter jurisdiction.

  Second, assuming *arguendo* that removal jurisdiction exists, this action is the prototypical case for abstention.  Federal courts have repeatedly declined to interfere with state regulation -- including the application of state laws governing dissolution -- of corporate entities formed under state law statutory schemes.  Notably, Plaintiff seeks equitable relief solely on claims arising under state law that do not implicate any federal law or interests.  Accordingly, remand is also appropriate on abstention grounds in recognition of the overriding interest that state courts have, both in regulating business entities formed, governed, and dissolved under state law and in developing and maintaining uniform policies towards those entities.

## NATURE AND STAGE OF THE PROCEEDINGS

On February 23, 2005, Plaintiff Werner L. Polak ("Plaintiff") filed his Petition for Dissolution (the "Petition") in the Court of Chancery against Defendant John M. Kobayashi ("Defendant") and Pokobo (as a nominal defendant).  In his Petition, Plaintiff seeks, among other things, judicial dissolution of Pokobo pursuant to 6 *Del. C.* §§ 18-801 and 18-802 and an accounting of each member's capital account and Pokobo's expenses.

Shortly thereafter, on February 28, 2005, Plaintiff served both Defendant and Pokobo with the Petition by delivering copies to Pokobo's registered agent pursuant 6 *Del. C.* § 18-109 and 6 *Del. C.* § 18-105, respectively.  Despite efforts by both the Register in Chancery and Pokobo's registered agent (The Corporation Trust Company) to mail a copy of the Petition to Defendant at his last known home address (455 Forest Street, Denver, Colorado 80220), both mailings were returned.[1]

Plaintiff therefore engaged a special process server in Denver, Colorado, to serve Defendant with the Petition at both his home and last known business addresses in Denver.  On April 27, 2005, the special process server left a copy of the Petition and Summons with Defendant's clerk at his last known place of business (1633 Fillmore

---

[1]     The copy of the Petition and Summons that the Register in Chancery sent to Defendant by registered mail, return receipt requested, pursuant to 6 *Del. C.* § 18-109(b) was returned as unclaimed.  Similarly, copies of the Petition and Summons that Pokobo's registered agent, The Corporation Trust Company, sent to Defendant via Federal Express were returned after multiple attempts to deliver the materials were unsuccessful.

3.

Street, Suite 2100, Denver, Colorado).[2]   On May 13, 2005, counsel for Defendant contacted counsel for Plaintiff and requested a 20-day extension in which to respond to the Petition.  Plaintiff's counsel granted this request and gave Defendant until June 2, 2005 to respond to the Petition.

On May 25, 2005, before Defendant's time to respond to the Petition had expired, Defendant filed a Notice of Removal removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 (D.I. 1).  Thereafter, on June 2, 2005, Defendant filed its Answer and Affirmative Defenses of Defendant John M. Kobayashi (the "Answer") (D.I. 2).  Also on June 2, 2005, Defendant filed a motion to transfer venue to the District of Hawaii pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer") and an opening brief in support thereof ("Def.'s OB") (D.I. 3-5).  Plaintiff will file his answering brief in opposition to Defendant's Motion to Transfer in accordance with applicable Court Rules.

This is Plaintiff's opening brief in support of his Motion to Remand this matter to the Delaware Court of Chancery, filed herewith.

---

[2]    Defendant's clerk confirmed that Defendant's home address was the 455 Forest Street address, notwithstanding the efforts of both the Register in Chancery and The Corporation Trust Company to send Defendant copies of the Petition at that address.

4.

## SUMMARY OF ARGUMENT

1.    As the moving party, Defendant bears the burden of establishing that removal jurisdiction exists.  In so doing, the federal statutes governing removal are to be strictly construed and all doubts over whether removal was proper should be resolved in favor of remand.

2.    Pokobo is a citizen of the states in which each of its members are citizens, *i.e.*, New York and Colorado.  In determining whether removal is proper, a Court may realign the parties according to their substantive interests in the litigation. Here, Pokobo has a real interest in the litigation because Plaintiff is pursuing claims on behalf of Pokobo and Pokobo has been damaged by virtue of the acts alleged in the Petition.   Once Pokobo's citizenship is taken into account, diversity jurisdiction is destroyed and remand to the Court of Chancery for lack of subject matter jurisdiction is required.  Because removal of this action was improper, Plaintiff is entitled to recover his attorneys' fees, costs and expenses associated with opposing removal pursuant to 28 U.S.C. § 1447(c), regardless of whether the removal was in bad faith.

3.    Moreover, even if subject matter jurisdiction existed, this Court should exercise its discretion and abstain from hearing Plaintiff's claims for equitable or discretionary relief.  Delaware state courts have a strong interest in the development and administration of the statutory scheme governing limited liability companies formed under Delaware law.  Indeed, federal courts that have considered whether to abstain from exercising jurisdiction over dissolution claims have uniformly found that abstention is appropriate.

## STATEMENT OF RELEVANT FACTS

The facts set forth below are those that are germane to the issue of whether this case should be remanded back to the Court of Chancery. Additional relevant background facts giving rise to the claims asserted in the Petition, including those relating to the formation of Pokobo and the parties' conduct since the formation of Pokobo, are set forth in the Petition. To avoid redundancy, those facts are not repeated here.

Plaintiff is a citizen of New York. Affidavit of Werner L. Polak filed herewith ("Polak Aff.") ¶ 1; Notice of Removal ¶ 3 (D.I. 1). Defendant is a citizen of Colorado. Def.'s OB, Ex. A ¶ 1 (D.I. 5). As a Delaware limited liability company, Pokobo is a citizen of both New York and Colorado.

As set forth in the Petition (Pet. ¶ 1), Plaintiff seeks an order dissolving Pokobo pursuant to 6 *Del. C.* § 18-801 *et seq.*, approving the winding up of Pokobo's business and affairs in accordance with the terms of the Limited Liability Company Agreement of Pokobo L.L.C. (the "LLC Agreement")[3] and 6 *Del. C.* §§ 18-803 and 18-804, and directing that a full accounting be prepared. In connection with the dissolution, Plaintiff also seeks a judicial declaration that land currently titled solely in Defendant's name (referred to in the Petition as the "17-Acre Parcel") belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be transferred to Pokobo. Pet. ¶ 1. The Petition also asserts a derivative claim on behalf of Pokobo for breach of fiduciary duty and claims for breach of contract and unjust enrichment. Pet. ¶¶ 47-55, 62-65. All of Plaintiff's claims arise under state law; no federal claims are asserted.

---

[3] A true and correct copy of the LLC Agreement is attached to Plaintiff's Petition as Exhibit A.

ARGUMENT

I.    A STRONG PRESUMPTION EXISTS AGAINST REMOVAL.

        28 U.S.C. § 1441 allows a case to be removed "to the district court of the United States for the district and division embracing the place where such action is pending" if, and only if, the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Thus, if either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists, removal jurisdiction is established.[4] *See* 16 *Moore's Federal Practice* § 107.04 (3d ed. 2005).

        It is well settled that the removal statutes "are strictly construed, requiring remand to state court if any doubt exists over whether removal was proper." *Alessi v. Beracha*, 244 F. Supp. 2d 354, 356 (D. Del. 2003) (citing *Shamrock Oil & GasCorp. v. Sheets*, 313 U.S. 100, 104 (1941)). *See also Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("[A]ll doubts should be resolved in favor of remand."); 16 *Moore's Federal Procedure* § 107.06 ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand.").

        A defendant seeking removal bears the burden of establishing that federal jurisdiction exists. *See Steel Valley*, 809 F.2d at 1010. A court will therefore remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Shamrock Holdings of California, Inc. v. Arenson*, 2005 WL

---

[4]    As discussed in more detail below, *see infra* Part III, even when removal jurisdiction has been established, a district court may nonetheless decline to exercise its jurisdiction and remand the case to state court.

400198, at *2 (D. Del.) (quoting 28 U.S.C. § 1447(c)).   In determining whether to remand, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed, and assume all factual allegations therein as true."   *In re Tricord Sys., Inc.*, 2003 WL 1873523, at *1 (D. Del.) (citations omitted).

II.    BECAUSE COMPLETE DIVERSITY DOES NOT EXIST
       AMONG THE NAMED PARTIES, THIS CASE MUST
       BE REMANDED FOR LACK OF SUBJECT MATTER
       JURISDICTION.

Defendant fails to carry his "heavy burden" of establishing that federal jurisdiction exists.   *Nomura Asset Capital v. Overland Co., Inc.*, 2003 WL 138093, at *2 (D. Del.).   Defendant's Notice of Removal is predicated exclusively on the purported existence of diversity jurisdiction.   Notice of Removal ¶¶ 3-4 (D.I. 1).   As described below, because diversity of citizenship does not exist between the named parties, the removal statutes require that the case be remanded.   *See* 28 U.S.C. § 1447(c) (mandating remand if the district court lacks subject matter jurisdiction over a removed case).

A.    Pokobo's Citizenship Must Be Considered for
      Purposes of Determining Whether Diversity
      Jurisdiction Exists.

A district court only has diversity jurisdiction over a case if complete diversity exists, i.e., if none of the defendants is a citizen of the same state as any of the plaintiffs.   *See Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998).   An individual is a citizen of the state in which he or she is domiciled.   See 16 *Moore's Federal Procedure* § 107.14[2][b].   Here, Plaintiff is a citizen of New York.   Polak Aff. ¶. 1.   Defendant Kobayashi is a citizen of Colorado.   Def.'s OB, Ex. A ¶ 1 (D.I. 5).   As a Delaware limited liability company, Pokobo -- which was named as a nominal defendant

in the Petition -- is a citizen of the states of which its individual members are citizens. See *Ketterson v. Wolf*, 2001 WL 940909, at *3 (D. Del.). *See also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (adopting the general rule that a limited liability company is a citizen of any state of which a member of the company is a citizen); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that the citizenship of an LLC is determined by the citizenship of its members). Thus, because Pokobo is a citizen of both New York and Colorado, diversity jurisdiction does not exist.[5]

Although Pokobo was named as a nominal defendant, that designation does not control for diversity jurisdiction purposes. Rather, in determining whether removal was proper, a federal court may realign the parties according to their actual, substantive interests. *See Employers Ins. of Wassau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45-46 (3d Cir. 1990) ("The parties' determination of their alignment cannot confer jurisdiction upon the court. Although the pleadings are relevant, it is the court's duty to "'look beyond the pleadings and arrange the parties according to their sides in the dispute.'") (quoting *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180 (1905)); 16 *Moore's Federal Procedure* § 107.14[2][c] ("When an original defendant seeks removal, a federal court may realign the parties according to their substantive interests."). Put

---

[5]    As filed, Plaintiff's Notice of Removal is therefore deficient on its face because it does not identify the citizenship of Pokobo.

simply, a federal court is "not bound by the manner in which a plaintiff formally aligns parties in the original pleading." *Id.*

Thus, courts have defined a nominal party as "one who, in a genuine legal sense, has no interest in the result of the suit, or no actual interest or control over the subject matter of the litigation." *Lewis v. Consol. Freightways Corp. of Del.*, 2005 WL 503317, at *3 (E.D. Pa.). *See also Bumberger v. Ins. Co. of North Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("Nominal parties are generally those without a real interest in the litigation."). Because Pokobo has a genuine legal interest in the outcome of the lawsuit, it is more than a nominal party.

Here, the Petition includes a derivative claim brought on behalf of Pokobo alleging that Defendant has breached his fiduciary duties of care, loyalty and good faith that are owed to both Plaintiff and Pokobo by, among other things, improperly titling the 17-Acre Parcel in his name, rather than Pokobo's. Pet. ¶ 53. As is the case with any derivative claim, Plaintiff is pursuing this claim on Pokobo's behalf and any recovery (namely, the 17-Acre Parcel) will belong to Pokobo, not Plaintiff. Pokobo is therefore a real party in interest. *See Am. Soc. For Testing & Materials v. Corrpro Cos., Inc.*, 292 F. Supp. 2d 713, 718 (E.D. Pa. 2003) ("A 'real party in interest' defendant is one who, by substantive law of the state, has the duty or right sought to be enforced.").[6]

---

[6]    Because both Plaintiff's declaratory judgment claim and unjust enrichment claim seek recovery on behalf of Pokobo, they also assert derivative claims and should be viewed as such by this Court for purposes of remand. *See Nomura Asset Capital v. Overland Co., Inc.*, 2003 WL 138093, at *2-3 (D. Del.) (looking at the nature of the plaintiff's claims to determine whether they are direct or derivative in order to ascertain whether the partnership is a real party in interest).

This Court has held that when a complaint asserts derivative claims on behalf of a corporation, the corporation's citizenship must be taken into account for diversity jurisdiction purposes. *See Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 2d 256, 259 (D. Del. 1988) (noting that the corporation is the real party in interest in derivative actions); *Gatz v. Ponsoldt*, 297 F. Supp. 2d 719, 733 (D. Del. 2003) (dismissing direct and derivative state law claims for lack of subject matter jurisdiction because the citizenship of the corporation on whose behalf the derivative claims were brought destroyed diversity).[7] This Court has also applied the same reasoning to reach a similar result in the partnership context. *See Nomura Asset Capital v. Overland Co., Inc.*, 2003 WL 138093, at *2-3 (D. Del. 2003) (finding that because the plaintiff's complaint included derivative claims seeking recovery on behalf of a Delaware limited partnership, the citizenship of the partnership must be considered for diversity jurisdiction and remanding the case to the Court of Chancery for lack of subject matter jurisdiction).

No reason exists to treat limited liability companies any differently. Indeed, "[i]t is well established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action." *Buckley v. Control Data*

---

[7]    Although typically a corporation in a derivative action is realigned as a plaintiff, *see Ono v. Itoyama*, 884 F. Supp. 892, 900 (D.N.J. 1995), where the corporation is controlled by a named defendant, realignment of the corporation as a defendant is appropriate. *See id.* at 900-01. Although there is a strong argument to be made for realigning Pokobo as a plaintiff because any recovery will go to Pokobo, not Plaintiff, the nature of the allegations in the Petition indicate that Defendant has been controlling the activities of Pokobo. *See, e.g.*, Pet. ¶¶ 13, 20, 22, 34-37; Def.'s OB at 5 (D.I. 5) (claiming that Defendant "was placed in charge of day-to-day management of the 64-Acre Parcel for Pokobo"). Therefore, realignment of Pokobo as a defendant may also be appropriate. It is irrelevant, however, whether Pokobo is considered to be a plaintiff or a defendant. Whether deemed a plaintiff or a defendant, Pokobo is a real party in interest, such that diversity jurisdiction is destroyed and remand is required for lack of subject matter jurisdiction.

*Corp.*, 923 F.2d 96, 98 (8th Cir. 1991).  Because Pokobo has a real interest in the lawsuit, it is a necessary party to the litigation.  Consequently, the rule cited by Plaintiff in his Notice of Removal (D.I. 1) that the citizenship of a nominal party may be disregarded for purposes of determining diversity jurisdiction is inapplicable in this case.  *See Nomura*, 2003 WL 138093, at *3 (refusing to treat a Delaware partnership as a nominal defendant for purposes of diversity jurisdiction and remanding the case because complete diversity was absent).

Moreover, in his Petition, Plaintiff also seeks a judicial dissolution of Pokobo.  Resolution of this claim will certainly affect Pokobo's legal rights, making Pokobo a necessary party.  *See Quarles v. Albritton*, 116 So.2d 175 (La. Ct. App. 1959). As previously discussed, the failure of Defendant to title the 17-Acre Parcel in Pokobo's name -- a fact central to each of Plaintiff's claims -- implicates damages incurred by the LLC itself (the loss of the 17-Acre Parcel due to Defendant's wrongful usurpation of the property), thereby rendering Pokobo an indispensable party.  *See Camden Sec. Co. v. Lupowitz*, 500 F. Supp. 653, 655 (E.D. Pa. 1980)  For these additional reasons, Pokobo is a real party in interest whose citizenship must be taken into account for diversity jurisdiction purposes.  Complete diversity is therefore destroyed, and the case must be remanded to the Court of Chancery for lack of subject matter jurisdiction.

### B.    Plaintiff Should Be Awarded His Fees, Costs and Expenses of Opposing Removal.

Under 28 U.S.C. § 1447(c), a plaintiff may be awarded his attorneys' fees, costs and expenses incurred as a result of an improper removal.  Thus, where a district court lacks subject matter jurisdiction over a removed action, the court may award a prevailing plaintiff its fees, costs and expenses incurred with remanding the case to state

12.

court. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996). Moreover,

bad faith is not a prerequisite for an award of fees and costs under 28 U.S.C. § 1447(c).

*See id.* at 1260 (joining in the rule adopted by other courts of appeals that a district court

"may require the payment of fees and costs by a party which removed a case which the

court then remanded, even though the party removing the case did not act in bad faith").

*See also Morgan Guar. Trust v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992)

(noting that bad faith is not required for an award of attorneys' fees under § 1447(c) after

the 1988 amendments to the statute); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d

443, 446-47 (9th Cir. 1992) (holding that bad faith in removal is not necessary to sustain

an award of attorneys' fees under 28 U.S.C. § 1447(c)).

   In removing this case, Defendant chose to ignore the fact that that absence

of complete diversity among the named parties is apparent after considering the

allegations of the Petition and the real interests of the parties. Accordingly, this Court

should award Plaintiff its attorneys' fees, costs and expenses associated with pursuing

remand. *See Moore*, 981 F.2d at 447-48 (affirming the district court's award of

attorneys' fees incurred in resisting removal).

   III.  EVEN IF SUBJECT MATTER JURISDICTION EXISTS,
       THIS COURT SHOULD DECLINE TO EXERCISE ITS
       <u>JURISDICTION ON ABSTENTION GROUNDS.</u>

   "The grounds for remand listed in Section 1447(c), lack of subject matter

jurisdiction and procedural defects, are not the exclusive bases for remand." 16 *Moore's*

*Federal Procedure* § 107.41[1][a][iii]. Thus, even were this Court to find that it had

subject matter jurisdiction over this action (which, for the reasons presented above, it

should not), the Court may still decline to exercise its jurisdiction over a case that should

be litigated in state court based on the abstention principles articulated by the United

States Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and, more recently,

in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

A.    The *Burford* Abstention Doctrine.

Under recognized principles of abstention, federal courts may decline to

exercise jurisdiction if "denying a federal forum would clearly serve an important

countervailing interest." *Quackenbush*, 517 U.S. at 1720-21.  In particular, the *Burford*

doctrine permits a "federal court sitting in equity" to abstain from exercising jurisdiction

where "timely and adequate state-court review is available" and a case presents "difficult

questions of state law bearing on policy problems of substantial public import whose

importance transcends the result in the case then at bar" or if federal adjudication of a

case "would be disruptive of state efforts to establish a coherent policy with respect to a

matter of substantial  public concern." *New Orleans Pub. Serv., Inc. v. Council of City of

New Orleans*, 491 U.S. 350, 361 (1989) ("*NOPSI*") (citations omitted).  *Accord

Quackenbush*, 517 U.S. at 726-27; *Fiege v. Sechrest*, 90 F.3d 846, 847 (3d Cir. 1996)

(citing *NOPSI*).

There is no "formulaic test" for determining whether abstention under

*Burford* is appropriate. *Quackenbush*, 517 U.S. at 727.  Rather, a court must balance the

"federal interests in retaining jurisdiction" against the competing interest of the state in

"maintaining uniformity in the treatment of an essentially local problem." *Id.* at 728

(citations omitted). *See also Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 294 (E.D.N.Y.

1999) ("*Burford* abstention is generally implicated when a federal court determines that

the federal interest in retaining jurisdiction over a dispute properly before it is

outweighed by the state's interest in adjudicating the issues in its own forum."); *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700 (5th Cir. 1999) ("Essentially, *Burford* instructs a district court to weigh the federal interests in retaining jurisdiction over the dispute against the state's interests in independent action to uniformly address a matter of state concern, and to abstain when the balance tips in favor of the latter."). Abstention is therefore premised on basic principles of federalism and comity. *See Quackenbush*, 517 U.S. at 728.

Here, the state interests in resolving the dispute between the parties outweigh any federal interests in retaining jurisdiction. As discussed below, courts have recognized that state courts have a strong interest in regulating corporations and alternative entities which owe their existence to a comprehensive state law statutory scheme. Delaware's interest in resolving Plaintiff's request for dissolution of Pokobo and in ensuring the uniform adjudication of such claims arising under Delaware law is therefore significant.[8]

B.    Plaintiff's Petition Seeks Equitable or Discretionary Relief.

In *Quackenbush*, the United States Supreme Court limited the power of federal courts to dismiss or remand on abstention grounds to cases "where the relief being sought is equitable or otherwise discretionary." *Quackenbush*, 517 U.S. at 731. Conversely, if an action seeks solely legal relief in the form of damages, the case may not

---

[8]    Plaintiff's claim for dissolution of Pokobo pursuant to 6 *Del. C.* § 18-802 is governed by Delaware law. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 619 n.14 (S.D.N.Y. 2003) (observing that a Delaware corporation "can only be dissolved under the laws of Delaware").

be remanded. *See Quackenbush*, 517 U.S. at 730-31. In cases including claims for both equitable *and* legal relief, however, claims for equitable relief may be remanded on abstention grounds and damages claims stayed pending resolution of the state law claims. *See Johnson v. Collins Entm't Co., Inc.*, 199 F.3d 710, 728-29 (4th Cir. 1999) (remanding claims for equitable relief and staying claims for damages pending resolution of equitable state law claims); *Quackenbush*, 517 U.S. at 721, 730 (holding that federal courts can stay actions for damages, but may not remand or dismiss). Thus, proper application of the *Burford* doctrine "will sometimes require that the damages portion of an action remain in federal court while claims for equitable relief are dismissed entirely."

The *Quackenbush* limitation on *Burford* abstention does not preclude a remand in this case. In his Petition, Plaintiff seeks primarily equitable or discretionary relief. Count I of the Petition seeks judicial dissolution of Pokobo pursuant to 6 *Del. C.* § 18-802, which provides:

> On application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with a limited liability company agreement.

6 *Del. C.* § 18-802. The question of whether a Delaware LLC should be dissolved under this standard is inherently discretionary. *See Haley v. Talcott*, 864 A.2d 86, 93 (Del. Ch. 2004) (noting that the remedy of dissolution of a Delaware LLC is discretionary). *See also In re Arthur Treacher's Fish & Chips of Ft. Lauderdale, Inc.*, 386 A.2d 1162, 1167 (Del. Ch. 1978) (noting that dissolution of a joint venture corporation under 8 *Del. C.* § 273 is a discretionary form of relief); *Feiwus*, 43 F. Supp. 2d at 297 n.8, 300 n.14 (applying New York law and noting that dissolution is a discretionary form of relief).

In connection with the dissolution of Pokobo, Plaintiff also seeks an accounting -- again, a purely equitable remedy. *See Jacobson v. Dryson Acceptance Corp.*, 2002 WL 75473, at *4 (Del. Ch.) ("An accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result."); *DiGiacobbe v. Sestak*, 2003 WL 1016985, at *4 (Del. Ch.) (noting that an accounting of partnership assets is an equitable remedy).

In Count IV, Plaintiff seeks a declaratory judgment that the 17-Acre Parcel belongs to Pokobo, rather than Defendant, that it is being held in constructive trust for Pokobo and that title should be transferred to Pokobo. Pet. ¶¶ 1, 60. The Court has broad discretion over this request, and therefore abstention under *Burford* and *Quackenbush* is appropriate. *See Quackenbush*, 517 U.S. at 718-19 (recognizing that abstention is warranted in actions for declaratory judgment, "the granting of which is generally committed to the courts' discretion"); *Peoples Benefit Life Ins. Co. v. Dale*, 1999 WL 33545578, at *5 (S.D. Miss) (applying *Burford* abstention principles to claims for declaratory relief).

In addition, Counts III and V (for breach of fiduciary duty and unjust enrichment, respectively) both seek relief that is generally recognized as equitable relief. *See Actrade Fin. Techs. Ltd. v. Aharoni*, 2003 WL 22389891, at *5 (Del. Ch.) (noting that breach of fiduciary duty is a "well-established equitable claim"); *Pepsi-Cola Bottling Co. of Salisbury, Md. v. Handy*, 2000 WL 364199, at *6 (Del. Ch.) ("[A] right of recovery under the doctrine of unjust enrichment is essentially *equitable*.") (citations omitted).

The only claim requesting legal relief is Plaintiff's claim for breach of the LLC Agreement. The presence of this one claim, however, does not preclude the Court from remanding the claims for equitable relief and staying the breach of contract claim. *See Johnson*, 199 F.3d at 728. Indeed, if Plaintiff's claims for equitable relief in Counts I, III, IV and V of the Petition were remanded and the Court of Chancery granted Plaintiff the equitable relief he seeks in the Petition (including the dissolution of Pokobo, a declaratory judgment regarding the proper ownership of the 17-Acre Parcel and an accounting), he will have accomplished his goals in bringing this lawsuit and will not pursue his breach of contract claim in this Court. Polak Aff. ¶¶ 3-4. Therefore, if this Court finds that *Burford* abstention is warranted, there is nothing preventing this Court from remanding the bulk of Plaintiff's claims, each of which seeks equitable or discretionary relief.

C.    Abstention Is Appropriate in Actions Seeking Dissolution.

In this case, "a sound respect for the independence of state action requires the federal equity court to stay its hand." *Burford*, 319 U.S. at 334. First, "timely and adequate" review by the Delaware Court of Chancery is clearly available. Indeed, the Court of Chancery recently handled a similar claim for judicial dissolution. *See Haley v. Talcott*, 864 A.2d 86 (Del. Ch. 2004) (ordering judicial dissolution of Delaware LLC pursuant to 6 *Del. C.* § 18-802). In fact, the Delaware LLC Act explicitly contemplates that dissolution proceedings will be brought in the Court of Chancery. *See 6 Del. C.* § 18-802 ("On application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company . . . .").

Second, federal review of this action would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *NOPSI*, 491 U.S. at 361.  This Court has acknowledged that "Delaware has a strong interest in the formation and termination of corporations under its laws and in the uniform development and application of the statutory scheme that the state legislature and courts have created to regulate those corporations."  *In re English Seafood (USA) Inc.*, 742 F. Supp 281, 289 (D. Del. 1990).  In *English Seafood*, a petition for dissolution of a Delaware corporation was removed to federal court.  In deciding that remand was appropriate, this Court advised that "federal courts should abstain from interfering with the development and administration of the complex statutory schemes that states have devised to regulate corporations created under their laws."  *Id.* at 288.

Other federal courts looking at this issue have applied the same reasoning and reached the same result as *English Seafood*.  More than sixty years before *English Seafood* was decided, the United States Supreme Court observed:

> It has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state.

*Pennsylvania v. Williams*, 294 U.S. 176, 185 (1935).  More recently, other federal courts have articulated the important policy reasons requiring abstention in actions seeking dissolution.  For example, in *Alkire v. Interstate Theatres Corp.*, 379 F. Supp. 1210 (D. Mass. 1974), the Massachusetts district court counseled against exercising federal jurisdiction over dissolution proceedings because it would "permit the possibility of federal dissolution actions . . . being commenced in a number of different districts in which a particular Massachusetts corporation was subject to service, thereby placing an

onerous burden upon the corporation." *Alkire*, 379 F. Supp. at 1215. Similarly, in *Codos v. Nat'l Diagnostic Corp.*, 711 F. Supp. 75 (E.D.N.Y. 1989), a New York district court concluded that it would be "unwise" to exercise federal jurisdiction over a dissolution action because:

> The corporation is the creature of the state. It derives its life from the state. It possesses powers conferred by the state. The period of its existence is determined solely by the will of the state.

*Codos*, 711 F. Supp. at 78 (quoting *Conklin v. United States Shipbuilding Co.*, 140 F. 219, 222 (D.N.J. 1905). *See also Friedman v. Revenue Mgmt. of N.Y.*, 38 F.3d 668, 671 (2d Cir. 1994) (invoking *Burford* abstention doctrine and dismissing dissolution claims); *Feiwus*, 43 F. Supp. 2d at 296-98 (abstaining from exercising jurisdiction over motion for dissolution so as not to "disrupt New York's attempt to develop a unified policy concerning its corporations, a matter which is of great importance to the state" and also because "New York courts offer an appropriate forum for resolving questions of corporate dissolution"); *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 663-65 (6th Cir. 2002) (affirming district court's decision to abstain from corporate dissolution action).

Thus, "every federal court that has addressed the issue of dissolving state corporations has either abstained or noted that abstention would be appropriate, assuming jurisdiction existed." *Friedman*, 38 F.3d at 671. *Accord Feiwus*, 43 F. Supp. 2d at 296 n.6 ("[T]he federal courts that have addressed the issue have almost uniformly ruled that even if federal courts have subject matter jurisdiction over claims for corporate dissolution, they should abstain from exercising it.") (citations omitted). The fact that the instant case involves a Delaware LLC, as opposed to a corporation, does not alter the analysis or change the end result. Like corporations, limited liability companies are

governed and regulated by a "complex statutory scheme" created by the Delaware state legislature. *See* 6 *Del. C.* § 18-101 *et seq.*[9]

Moreover, Plaintiff's requests for dissolution of Pokobo and an accounting are inextricably tied to its other requests for equitable relief. Before dissolution can be ordered, Plaintiff's declaratory judgment claim regarding the proper ownership of the 17-Acre Parcel must be resolved. If the 17-Acre Parcel is found to belong to Pokobo, not Defendant, it should be included as an asset of the LLC and included in any liquidation of Pokobo pursuant to Section 8.02(b) of the LLC Agreement. Plaintiff's equitable claims for unjust enrichment and breach of fiduciary duty also hinge on these same facts that are central to Plaintiff's claims for dissolution, an accounting, and a declaratory judgment. Accordingly, and to avoid unnecessary claim-splitting, the Court should abstain from deciding these claims for equitable relief as well.

Finally, it is worth noting that all of the claims asserted in the Petition arise under state law. No issues of federal law are even remotely implicated. This factor also weighs in favor of abstention. *See Lac D'Amiante du Quebec, Ltee v. Am. Home Assurance Co.*, 864 F.2d 1033, 1044 (3d Cir. 1988) ("[F]ederal courts more readily abstain from a case that contains no issue of federal law."); *Izzo v. Borough of River Edge*, 843 F.2d 765, 768 (3d Cir. 1988) ("[I]n the years since *Burford* the presence of a

---

[9]    Moreover, the Court of Chancery has repeatedly opted to exercise its personal jurisdiction over defendants in action involving Delaware limited liability companies, recognizing its "strong interest in resolving disputes regarding the internal affairs of LLCs formed under its laws." *Cornerstone Techs., LLC v. Conrad*, 2003 WL 1787959, at *13 (Del. Ch.). *Accord Assist Stock Mgmt. L.L.C. v. Rosheim*, 753 A.2d 974, 981 (Del. Ch. 2000); *In re Silver Leaf, L.L.C.*, 2004 WL 1517127, at *3 (Del. Ch.).

federal issue has become a *significant* element in deciding whether a court should abstain.") (emphasis added).

In sum, abstention doctrines reflect the belief that federal courts should "exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." *Burford*, 319 U.S. at 318. Thus, should the Court find that it has subject matter jurisdiction over the action (notwithstanding Plaintiff's arguments to the contrary herein), given the overwhelming interest the Delaware state courts have in litigating this action involving an LLC formed under its laws, this Court should remand Plaintiff's claims for equitable relief and stay his remaining claim for damages.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court (i) remand this action to the Delaware Court of Chancery and (ii) award Plaintiff his just costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' removal of this action.


MORRIS, NICHOLS, ARSHT & TUNNELL


/s/ Susan Wood Waesco
Martin P. Tully (#465)
David A. Harris (#3568)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
swaesco@mnat.com
  Attorneys for Plaintiff

June 15, 2005

CERTIFICATE OF SERVICE

I, Susan W. Waesco, hereby certify that on June 15th, 2005 I electronically filed **PLAINTIFF'S OPENING BRIEF IN SUPPORT OF HIS MOTION TO REMAND**, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 1007 North Orange Street
Wilmington, Delaware 19801

I also certify that copies were caused to be served on June 15th, 2005 upon the following in the manner indicated:

**BY HAND**

Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 1007 North Orange Street
Wilmington, Delaware 19801

/s/ Susan Wood Waesco
Martin P Tully (#465)
David A. Harris (#3568)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff
swaesco@mnat.com