IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,                           )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )
                                           )
JOHN M. KOBAYASHI,                         )        C.A. No. 05-330 (JJF)
                                           )
            Defendant,                     )
                                           )
      and                                  )
                                           )
POKOBO, L.L.C.,                            )
                                           )
            Nominal Defendant.             )

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

MORRIS, NICHOLS, ARSHT & TUNNELL
Martin P Tully (#465)
David A. Harris (#3568)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff

June 20, 2005

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CITATIONS |  | iii |
| PRELIMINARY STATEMENT |  | 1 |
| NATURE AND STAGE OF THE PROCEEDING |  | 2 |
| SUMMARY OF ARGUMENT |  | 4 |
| FACTUAL BACKGROUND |  | 5 |
| ARGUMENT |  | 7 |
| I. | DEFENDANT'S MOTION TO TRANSFER THIS ACTION SHOULD BE DENIED BECAUSE HE HAS NOT DEMONSTRATED THAT THE APPLICABLE FACTORS STRONGLY FAVOR TRANSFER. | 7 |
|  | A.   The Applicable Standard for Transfer Pursuant to 28 U.S.C. 1404(a). | 7 |
| II. | THE PRIVATE FACTORS DO NOT FAVOR TRANSFER TO HAWAII. | 8 |
|  | A.   Plaintiff's Choice Of Forum Is Logical And Is Entitled To Deference. | 8 |
|  | B.   Defendant's Preference for Hawaii. | 12 |
|  | C.   Where the Claims Arose. | 13 |
|  | D.   The Convenience of the Parties. | 14 |
|  | E.   The Convenience of Non-Party Witnesses. | 15 |
|  | F.   The Location of Documentary Evidence. | 18 |
| III. | THE PUBLIC FACTORS DO NOT FAVOR TRANSFER TO HAWAII. | 19 |
|  | A.   The Enforceability of the Judgment. | 19 |
|  | B.   Practical Considerations. | 20 |
|  | C.   Relative Court Congestion. | 20 |

ii.

## <u>TABLE OF CONTENTS</u> (continued)

<u>Page</u>

D.     The Local Interests in Deciding Local Controversies,
       Public Policies of the Fora and Familiarity of Judges with
       Applicable State Law.                                              21

CONCLUSION                                                               23

iii.

## TABLE OF CITATIONS

Page(s)

Cases

*Allied Signal, Inc. v. Cooper Auto., Inc.*,
    1997 U.S. Dist. LEXIS 22902 (D. Del.)        11

*Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*,
    1998 WL 24354 (D. Del.)        11

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987)        14

*Datasouth Computer Corp. v. Three Dimensional Techs., Inc.*,
    719 F. Supp. 446 (W.D.N.C. 1989)        19

*Datastrip (IOM) Ltd. v. Symbol Techs., Inc.*,
    C.A. No. 97-70-JJF, slip op. (D. Del. Nov. 25, 1998)        11, 14

*Dwyer v. Gen. Motors Corp.*,
    853 F. Supp. 690 (S.D.N.Y 1994)        16

*Hernandez v. Graebel Van Lines*,
    761 F. Supp. 983 (E.D.N.Y. 1991)        16

*In re English Seafood (USA) Inc.*,
    742 F. Supp 281 (D. Del. 1990)        11, 13

*Intel Corp. v. Broadcom Corp.*,
    167 F. Supp. 2d 692 (D. Del. 2001)        11, 12, 20, 21

*Joint Stock Soc'y v. Heublein, Inc.*,
    936 F. Supp. 177 (D. Del. 1996)        11

*Jones Pharm., Inc. v. King Pharmaceutical Co.*,
    2004 WL 323109 (D. Del.)        passim

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)        7, 15, 18, 22

*Kuck v. Veritas Software Corp.*,
    2005 WL 123744 (D. Del.)        passim

*Pennwalt Corp. v. Purex Indus., Inc.*,
    659 F. Supp. 287 (D. Del. 1986)        18

*Praxair, Inc. v. ATMI, Inc.,*
    2004 WL 883395 (D. Del.)                                            10, 15

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970)                                           7, 8, 13

*Tracinda v. DaimlerChrysler AG,*
    197 F. Supp. 2d 42 (D. Del. 2002)                              22

*Tracinda v. DaimlerChrysler AG,*
    364 F. Supp. 2d 362 (D. Del. 2005)                           22

*Tsoukanelis v. Country Pure Foods, Inc.,*
    337 F. Supp. 2d 600 (D. Del. 2004)                 10, 15, 17, 18

*Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship,*
    882 F. Supp. 359 (D. Del. 1994)                          10, 12, 15

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964)                                            8, 13

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.,*
    775 F. Supp. 759 (D. Del. 1991)                         7, 14, 20

Statutes

28 U.S.C. § 1404                                             2, 3, 7

6 *Del. C.* § 18-803                                       2, 19

6 *Del. C.* § 18-804                                       2

6 *Del. C.* § 18-801                                       2

6 *Del. C.* § 18-802                                     2, 11

## PRELIMINARY STATEMENT

Plaintiff brought this action in the Court of Chancery of the State of Delaware seeking dissolution and an accounting of Pokobo L.L.C., a Delaware limited liability company ("Pokobo"), under the Delaware Limited Liability Company Act (the "Delaware LLC Act") and the Limited Liability Company Agreement of Pokobo, L.L.C. dated as of March 1, 1997 (the "LLC Agreement"), a declaratory judgment that Pokobo is the true owner of land titled in Defendant's name, and related breach of fiduciary duty, breach of contract and unjust enrichment claims. Plaintiff, a New York citizen and resident, chose to seek dissolution of a Delaware limited liability company under Delaware law in the Court of Chancery of the State of Delaware. His choice of forum was legitimate and should be entitled to paramount consideration under settled law of the Third Circuit. Defendant, a Colorado citizen and resident, offers no legitimate basis for disregarding Plaintiff's chosen forum. Because Defendant has failed to carry his burden of demonstrating that the balance of relevant private and public interests strongly favors transferring the action to Hawaii, Defendant's motion should be denied.

NATURE AND STAGE OF THE PROCEEDING

On February 23, 2005, Plaintiff Werner L. Polak ("Plaintiff") filed a Petition for Dissolution (the "Petition") in the Court of Chancery of the State of Delaware seeking an Order of the Court (i) decreeing that Pokobo is dissolved pursuant to 6 *Del. C.* §§ 18-801 and 18-802; (ii) approving the winding up of Pokobo's business and affairs by Plaintiff pursuant to the terms of the parties' LLC Agreement and 6 *Del. C.* §§ 18-803 and 18-804; and, (iii) ordering a full accounting of each member's capital account and Pokobo's expenses. Pet. ¶¶ 1, 41-46 and p. 14. In connection with the dissolution of Pokobo, Plaintiff also seeks a judicial declaration that certain property currently titled in defendant John M. Kobayashi's ("Defendant") name (referred to in the Petition as the "17-Acre Parcel") rightfully belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be transferred to Pokobo. *Id.* ¶¶ 56-61. Plaintiff also asserts breach of contract and breach of fiduciary duty claims against Defendant based on Defendant's: (i) titling the 17-Acre Parcel, which rightfully belongs to Pokobo, in his own name; (ii) failing to consult and communicate with Plaintiff regarding the ongoing business of Pokobo; and (iii) failing to provide Plaintiff with a full accounting of Pokobo, despite Plaintiff's repeated requests. *Id.* ¶ 49. Finally, Plaintiff asserts an unjust enrichment claim based on Defendant's failure to title the 17-Acre Parcel in Pokobo's name. *Id.* ¶¶ 62-65.

On May 25, 2005, Defendant removed this action to this Court. D.I. 1. On June 2, 2005, Defendant filed his Answer and Affirmative Defenses, and moved to transfer venue to the District of Hawaii pursuant to 28 U.S.C. § 1404. D.I. 2-5. On June 15, 2005, Plaintiff filed a motion to remand this action back to the Court of Chancery and

3.

an opening brief and affidavit in support of the motion.  D.I. 8-10.  This is Plaintiff's Answering Brief in Opposition to Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a), which need only be considered if Plaintiff's Motion to Remand is denied.

4.

## SUMMARY OF ARGUMENT

1.    Defendant's motion to transfer venue to the District of Hawaii should be denied.  Under the relevant private and public factors, Defendant has failed to carry his burden of demonstrating that the proper balance of these factors strongly favors transfer of venue to Hawaii.  In particular, under applicable Third Circuit law, Plaintiff's choice of forum -- here, Delaware -- should be given paramount consideration in any transfer analysis.

FACTUAL BACKGROUND

On March 21, 1997, Plaintiff and Defendant formed Pokobo by filing a certificate of formation with the Delaware Secretary of State. Pet. ¶ 5. The operation and management of Pokobo is governed by the LLC Agreement, which defines the parties' obligations to Pokobo and to each other. *Id.* ¶ 6. Plaintiff and Defendant each own 50% interests in the Company. *Id.*, Ex. A § 3.01. Pursuant to the LLC Agreement, "title to all property, real, personal, or mixed, owned or leased by the Company shall be located at 455 Forest St., Denver, Co 80220." Pet., Ex. A § 1.02.

Neither of the parties is a citizen of Hawaii. Plaintiff is a resident and citizen of New York. Affidavit of Werner L. Plaintiff ("Polak Aff.") ¶ 1 (D.I. 9, Ex. A). Defendant is a resident and citizen of Colorado. Affidavit of John M. Kobayashi ("Kobayashi Aff.") ¶ 1 (D.I. 5, Ex. A).

On or about April 4, 1997, Pokobo purchased a 64 acre parcel of undeveloped real estate in Hawaii (the "64-Acre Parcel"). Since then, Plaintiff has made regular capital contributions to Pokobo to cover costs and expenses relating to the 64-Acre Parcel and has regularly paid annual Delaware LLC taxes to the State of Delaware and annual registered agent fees to Pokobo's registered agent. Pet. ¶ 10.

In 1999, Defendant negotiated for the purchase of the 17-Acre Parcel, an additional 17 acres of undeveloped property adjacent to the 64-Acre Parcel, and Defendant made a capital contribution to Pokobo to finance the purchase. *Id.* ¶¶ 11-15. The parties agreed that Plaintiff would pay future operating expenses associated with both parcels until his aggregate contribution to Pokobo was equal to Defendant's aggregate contribution. *Id.* ¶ 14. Since the purchase of the additional 17 acres, Plaintiff

has made significant capital contributions to Pokobo to cover costs and expenses associated with both parcels. *Id.* ¶¶ 10, 16. Despite the parties' agreement to title the 17-Acre Parcel in Pokobo's name, Defendant titled the Parcel in his own name. *Id.* ¶ 42.

Since October 29, 2002, Plaintiff has repeatedly requested accountings from Defendant and from Pokobo's accountant, Colin M. Grubb. *Id.* ¶¶ 22-23; D.I. 5, Ex. A ¶ 4. Mr. Grubb is a certified public accountant who resides in Denver, Colorado, and serves as the accountant for Pokobo. Pet. ¶ 22; D.I. 5, Ex. A ¶ 4. Despite Plaintiff's multiple requests to both Mr. Grubb and Defendant for a full accounting and for Pokobo's financial statements (as detailed in the Petition), Plaintiff has not received a full accounting of Pokobo or any financial statements. Pet. ¶¶ 23-33.

On January 31, 2005, Plaintiff wrote to Defendant, proposing to dissolve Pokobo pursuant to the LLC Agreement. *Id.* ¶ 38. Specifically, Plaintiff proposed that the parties agree to sell both the 64-Acre Parcel and the 17-Acre Parcel, distribute the proceeds, conduct an accounting and dissolve Pokobo. *Id.* Despite Plaintiff's request for a prompt response, Defendant did not respond. *Id.* ¶¶ 38-39.

On February 23, 2005, Plaintiff brought this action in the Court of Chancery of the State of Delaware seeking dissolution of Pokobo pursuant to the Delaware LLC Act and the LLC Agreement and an accounting, and alleging related claims for declaratory relief, breach of fiduciary duty, breach of the LLC Agreement and unjust enrichment.

## ARGUMENT

I.    DEFENDANT'S MOTION TO TRANSFER THIS
ACTION SHOULD BE DENIED BECAUSE HE HAS
NOT DEMONSTRATED THAT THE APPLICABLE
FACTORS STRONGLY FAVOR TRANSFER.

    A.    The Applicable Standard for Transfer Pursuant to
28 U.S.C. 1404(a).

A court should transfer an action pursuant to 28 U.S.C. § 1404(a) only if

the transfer would promote the convenience of the parties and witnesses, and would be in

the interests of justice. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-80 (3d Cir.

1995). The burden is on the moving party to establish that transfer is appropriate. *See*

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Kuck v. Veritas Software*

*Corp.*, 2005 WL 123744, at *1 (D. Del.). Thus, "unless the balance of convenience of

the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should

prevail." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D.

Del. 1991) (quoting *Shutte*, 431 F.2d at 25) (emphasis added).

In analyzing whether or not to grant a motion to transfer venue, courts in

the Third Circuit look to six "private factors" and six "public" factors. *See Jumara*, 55

F.3d at 878-80. The "private" factors that the Court must consider in making this

determination include: (1) the plaintiff's choice of forum; (2) the defendant's preference;

(3) where the claim arose; (4) the convenience of the parties; (5) the convenience of

witnesses, but only to the extent witnesses may be unavailable for trial in one of the fora;

and (6) the location of evidence. *Id.* In the Third Circuit, "paramount consideration" is

given to the first "private" factor -- the plaintiff's choice of forum. *Shutte*, 431 F.2d at

25.

The "public" factors include: (1) the enforceability of the judgment; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) the relative court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the trial judge's familiarity with applicable state law. *Id.* The decision to transfer is within this Court's sound discretion, "but a transfer is not to be liberally granted." *Id.*

Here, the relevant factors all weigh against transferring this case to Hawaii.

## II.    THE PRIVATE FACTORS DO NOT FAVOR TRANSFER TO HAWAII.

### A.    Plaintiff's Choice Of Forum Is Logical And Is Entitled To Deference.

In the Third Circuit, "[i]t is black letter law that a plaintiff's choice of a proper forum is a *paramount consideration* in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (emphasis added); *see also Kuck*, 2005 WL 123744, at *2 (noting that "[t]he deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason"). Keeping in mind the admonition that "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail," *Shutte*, 431 F.2d at 25 (emphasis added), the Third Circuit has noted that "there is nothing in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it is inconvenient, was a proper venue." *Id.* at 25 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964)).

Plaintiff chose to bring this action in Delaware for a simple and legitimate reason -- he seeks dissolution and an accounting of Pokobo, a Delaware limited liability company, under the Delaware LLC Act and the LLC Agreement. This is a legitimate reason to file in Delaware. *See Jones Pharm., Inc. v. KV Pharmaceutical Co.*, 2004 WL 323109, at *2 (D. Del.) (observing that choosing to litigate in the state of incorporation is a "legitimate reason"). Defendant participated in the decision to form Pokobo in Delaware and avail himself of the protections and benefits of Delaware's laws governing domestic limited liability companies. This fact alone justifies denial of Defendant's motion.

Notwithstanding this "black letter law", Defendant accuses Plaintiff of "forum shopping", and argues (based on law from outside the Third Circuit) that the Court should transfer this case because "the operative facts upon which the litigation is brought bear little material connection to the chosen forum." D.I. 5 at 11. Defendant conveniently ignores, however, that Plaintiff is seeking an order of dissolution of a Delaware limited liability company under a Delaware statute. Defendant's suggestion that Delaware has "only a slight connection to the factual circumstances of this action" and that Plaintiff was "forum shopping" is not only strained, but has also been rejected by this Court.

This Court has repeatedly refused to disregard the deference afforded a plaintiff's choice of forum where, as here, the defendant company is incorporated in Delaware. For example, in *Jones*, this Court rejected the same argument asserted by the defendant, *see* D.I. 5 at 10-11, that Delaware was not the company's "home turf." *Jones*, 2004 WL 323109, at *2. In *Jones*, all three named parties were Delaware corporations

with their primary places of business in the Eastern District of Missouri. The defendant moved to transfer the action to that district, claiming that the plaintiffs' choice of forum was not entitled to normal deference because Delaware was not their "home turf." Noting that the so-called "home turf" rule only applies "absent a legitimate, rational reason" for filing in Delaware, the court held that "a corporation's decision to incorporate in a particular state is a rational and legitimate reason to litigate in that state." *Id.* After giving "paramount importance" to the plaintiff's decision to file the action in Delaware and weighing the other relevant factors, the Court denied the defendant's motion. *Id.*

*Jones* is not an isolated case. This Court has declined, in many other cases, to allow transfer when a plaintiff has made the logical choice to sue a Delaware corporation in Delaware. *See e.g.*, *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004) (noting that because defendant voluntarily chose to incorporate in Delaware and avail itself of Delaware's laws, defendant could not claim that litigation in Delaware was too burdensome to warrant a transfer of venue "without putting forth more than the argument that [another state] is a more convenient forum for it."); *Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *2 (D. Del.) (denying transfer because defendants availed themselves of Delaware's corporate laws in forming company and consequently "voluntarily exposed themselves to the risk of suit in Delaware", rendering Delaware both parties' "home turf" as a matter of law); *Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship*, 882 F. Supp. 359, 363 (D. Del. 1994) ("[A]s a corporate citizen of Delaware, both the corporation and its managers must anticipate the possibility of being hauled into court here.") (citation omitted); *Kuck*, 2005 WL 123744, at *2 (noting that even when a plaintiff has not chosen his "home turf" the "plaintiff's choice of forum

is still of paramount importance."). *Accord Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 705 (D. Del. 2001); *Datastrip (IOM) Ltd. v. Symbol Techs., Inc.*, C.A. No. 97-70-JJF, slip op. at 4-5 (D. Del. Nov. 25, 1998); *Allied Signal, Inc. v. Cooper Auto., Inc.*, 1997 U.S. Dist. LEXIS 22902 (D. Del.); *Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*, 1998 WL 24354, at *4 (D. Del.).[1]

In this case, the connections to Delaware are strong. Not only is Pokobo a Delaware limited liability company, but the principal issue to be resolved is whether Pokobo should be dissolved under Delaware law. This Court has recognized that "Delaware has a strong interest in the formation and termination of corporations under its laws and in the uniform development and application of the statutory scheme that the state legislature and courts have created to regulate those corporations." *In re English Seafood (USA) Inc.*, 742 F. Supp 281, 289 (D. Del. 1990). In fact, the Delaware LLC Act explicitly contemplates that dissolution proceedings will be brought in a Delaware court. *See* 6 *Del. C.* § 18-802 ("On application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company . . . ."). Because Hawaii

---

[1]    This Court has also identified other "logical" bases for suing in Delaware that are applicable here. For example, this Court has held that "a plaintiff may choose Delaware because it is relatively convenient for the defendant but more neutral than the forum containing the defendant's residence or principal place of business." *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 187-88 (D. Del. 1996) (finding logical basis to sue in Delaware and granting the plaintiff's choice of forum paramount consideration); *see also Datastrip*, C.A. No. 97-70-JJF, slip op. at 6-7 (noting that the "neutrality" of the forum was a logical basis for plaintiff's choice). Similarly, this Court's experience with complex commercial litigation involving Delaware corporate entities is another legitimate reason for a plaintiff to sue here. In this case, both of these factors justify honoring Plaintiff's choice of forum and denying Defendant's motion to transfer.

has no interest in the dissolution of a Delaware LLC under the Delaware LLC Act, Plaintiff's choice of venue should not be disturbed.

B.    Defendant's Preference for Hawaii.

Defendant would prefer to litigate this case in Hawaii where he alleges that he is a "part time" resident (D.I. 5 at 4) and where Pokobo's real estate assets are located. Defendant exaggerates Pokobo's contacts with Hawaii, however, arguing that (i) Delaware is not Pokobo's "home turf" because it is not the forum of Pokobo's principal place of business or where the property it holds is located (D.I. 5 at 11-12) and (ii) "the parties formed Pokobo for the sole purpose of owning property and conducting business in Hawaii." D.I. 5 at 13).

Even if true, neither of these contentions carries much weight. First, this Court has repeatedly recognized that the "home turf" rule "does not alter a defendant's burden of proof to show that such a transfer is warranted." *Intel*, 167 F. Supp. 2d at 706. Because the desire to litigate claims involving a Delaware corporation in its state of incorporation is a legitimate reason to file suit in Delaware, giving "paramount consideration" to Plaintiff's chosen venue is justified. *See Jones*, 2004 WL 323109, at *2; *Tuff Torq*, 882 F. Supp. at 362.

Second, Hawaii is no more Pokobo's "home turf" than is Delaware. Section 1.03 of the LLC Agreement expressly provides that "[t]he purpose of the Company shall be to engage in any lawful act or activity for which a limited liability company may be organized under the Delaware Limited Liability Company Act, as amended, including the acquisition, development and sale of real property." Pet., Ex. A § 1.03. Nowhere does the LLC Agreement limit Pokobo's purposes to the acquisition,

development and sale of real property *in Hawaii*, as Defendant contends.  In addition, Section 1.02 of the LLC Agreement expressly provides that "all business of the Company shall be conducted under [its] name, and title to all property, real, personal, or mixed, owned by or leased to the Company *shall* be located" in Denver, Colorado -- not Hawaii. Pet., Ex. A § 1.02.  A plaintiff's chosen forum is "still of paramount importance" even when he has not chosen his "home turf."  *Kuck*, 2005 WL 123744, at *2.  Here, Plaintiff's chosen venue should be given even greater weight because Delaware has a strong interest in adjudicating the dissolution of Pokobo under the Delaware LLC Act.  *See In re English Seafood*, 742 F. Supp at 289.

While Defendant may prefer to litigate this action in Hawaii, he has not demonstrated that a balancing of the convenience factors weighs "strongly" in favor of transfer of venue to Hawaii.  *See Shutte*, 431 F.2d at 25 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964)).

C.    Where the Claims Arose.

Defendant contends that "all of the operative events in this case occurred, if at all, in Hawaii."  D.I. 5 at 13.  However, Defendant ignores crucial operative facts. The parties formed Pokobo as a Delaware limited liability company through which they could conduct their affairs -- an act that occurred in Delaware with the filing of a Certificate of Formation with the Delaware Secretary of State.  Plaintiff now seeks to dissolve that Delaware LLC under the Delaware LLC Act -- an act that should occur in Delaware by a court with the most significant interest in developing a coherent body of law relating to the dissolution of Delaware limited liability companies.  *See In re English Seafood*, 742 F. Supp. at 289.

Defendant also ignores other, less crucial, but still operative facts. Defendant was living in Denver at the time of the alleged breaches of fiduciary duty, not Hawaii, and the decisions regarding Pokobo were made by the parties while Plaintiff was residing in New York and Defendant was residing in Colorado, not Hawaii. Most of the facts underlying Plaintiff's claims for dissolution and an accounting, as well as the related claims, did not occur in Hawaii. Rather, Defendant's failure to communicate with Plaintiff and Defendant's failure to provide an accounting occurred while Defendant was residing in Colorado and Plaintiff in New York. The only act that occurred in Hawaii is Defendant's titling of the 17-Acre Parcel in his own name instead of Pokobo's -- a fact that can be easily proven by documents. Accordingly, the relationship of Plaintiff's claims to Hawaii is attenuated at best.[2]

### D.    The Convenience of the Parties.

Delaware is Pokobo's corporate home, and close to Plaintiff's residence in New York.[3] More importantly, it is a neutral location for both parties. This neutrality weighs in favor of venue in Delaware, not against it. *See Datastrip*, C.A. No. 97-70-JJF,

---

[2]    Defendant attempts to replead this action as an action for "partition." D.I. 5 at 13. Plaintiff, not Defendant, is "master of his complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Defendant must deal with the allegations of this complaint, not some hypothetical complaint that might be more to his liking. Plaintiff is not seeking a partition. Rather, in connection with the dissolution of Pokobo, Plaintiff seeks relief that is specifically authorized by Section 8.01 of LLC Agreement -- liquidation of the Company's real estate assets. Pet., Ex. A § 8.02. Hawaiian real property law is not at issue.

[3]    Delaware is also likely the jurisdiction closest to Plaintiff in which he could be assured personal jurisdiction over all defendants. *See Waste Distillation Technology, Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764-65 (D. Del. 1991) (denying transfer where chosen district was closest district to plaintiff's residence in which personal jurisdiction over defendants could be obtained).

slip op. at 6-7.  While Hawaii may be more convenient for Defendant, Plaintiff would be forced to travel from the continental United States for the proceedings and fund the travel costs of his counsel to Hawaii.[4]

Moreover, in this day and age of modern commerce, the relevant documents can be easily shipped from Colorado, New York and Hawaii to Delaware. Thus, the only inconvenience to Defendant will be his need to travel from Denver, Colorado, to Delaware for trial.  *See, e.g., Kuck*, 2005 WL 123744, at *3 ("Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial").  Defendant cannot be heard to complain that Delaware is an inconvenient forum when he consciously chose to form a Delaware entity and assume management responsibilities of that entity. *See, e.g., Praxair*, 2004 WL 883395, at *2; *Tuff Torq*, 882 F.Supp. at 363; *Tsoukanelis*, 337 F. Supp. 2d at 604.

E.    The Convenience of Non-Party Witnesses.

Plaintiff does not anticipate that there will be many, if any, non-party lay witnesses in this case, much less any witnesses who currently reside in Hawaii.  Rather, the principal witnesses in this action for dissolution and an accounting of Pokobo will be Plaintiff, Defendant, Pokobo's accountant, Mr. Grubb, and an independent accountant agreed to by the parties or appointed by the Court to prepare an accounting.  The first three individuals are either residents of New York (Plaintiff) or Colorado (Defendant and

---

[4]    Unlike the transfer at issue in *Jumara* from the Eastern District of Pennsylvania to the Middle District of Pennsylvania, the distances between the respective forums at issue in Defendant's motion to transfer are about as far as possible while still staying within the United States. *Compare Jumara*, 55 F.3d at 880 & 882.

Mr. Grubb), not Hawaii.  As for the fourth (the independent accountant), it is highly unlikely that that person or entity will be a Hawaii resident, since the relevant documents are either in Colorado or New York.

In his brief, Defendant emphasizes the inconvenience to both potential expert witnesses and to any liquidating trustee appointed to oversee the dissolution of Pokobo.  D.I. 5 at 14-16.   As an initial matter, the residence of expert witnesses "is of little or no significance on a motion to transfer."  *See Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y 1994); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989-990 (E.D.N.Y. 1991).

Moreover, the likelihood that expert testimony (from individuals other than the independent accountant agreed to by the parties or appointed by the Court) will be needed in connection with the dissolution of Pokobo and the sale of its real property assets in Hawaii is slim.  In order to sell the properties in connection with Pokobo's dissolution, the parties will need to hire a Hawaiian real estate broker to assist them in evaluating the properties, locating potential buyers and handling the logistics of the sale. Plaintiff and Defendant purchased the 64-Acre Parcel without traveling to Hawaii.  Both Parcels were purchased as undeveloped properties and remain undeveloped.  With the assistance of a Hawaiian real estate broker, the parties should be able to sell the properties without traveling to Hawaii.  In short, there is no basis for Defendant's claim that various "real estate appraisers, land planners, archeologists and other consultants" will need to be retained in connection with the dissolution of Pokobo and liquidation of its assets (D.I. 5 at 15).

Second, the accounting will likely involve review of documents, which can be done anywhere regardless of where the action proceeds. *See, e.g., Tsoukanelis,* 337 F. Supp. 2d at 604 (denying motion to transfer venue where the "case will primarily involve executed documents and applicable law. . . . [and] there is no reason to believe that a large number of witnesses will be required"). As discussed above, there are a limited number of witnesses who will be required for this dissolution action -- Plaintiff, Defendant, Pokobo's Colorado-based accountant, and an independent accountant to prepare a final accounting of Pokobo. The documents most relevant to Plaintiff's claims for dissolution and an accounting are in the possession of the parties and Pokobo's accountant in either New York or Colorado. There is no reason to believe that these documents cannot be easily transported to Delaware for review by the parties' respective counsel and also sent to the independent accountant for review (wherever that person or entity may be located).

Third, in the unlikely event that experts need to be retained in Hawaii, there is nothing precluding the parties from retaining experts based in Hawaii in an action pending in Delaware. Any experts retained by the parties will undoubtedly be compensated for their time and expense -- and thus not "inconvenienced" in any respect. Moreover, whoever is ultimately appointed as liquidating trustee to oversee the dissolution of Pokobo and the preparation of an accounting will be able to perform those functions by reviewing the financial records of Pokobo, including records from its bank accounts, which are located in either Colorado or New York. No travel to Hawaii should be necessary. And, in the unlikely event that travel to Hawaii is required in order to prepare an accounting, the liquidating trustee will be compensated.

In sum, there is no reason to believe that Hawaii would be a more convenient forum than Delaware for any non-party witnesses.

F.    The Location of Documentary Evidence.

The location of documentary evidence is of little, if any, significance to a motion to transfer. *See Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 290 (D. Del. 1986) (observing that the location of documents is of relatively less consideration in the transfer convenience analysis, given "the comparatively low cost of transporting documents."). Indeed, in *Jumara*, the Third Circuit noted that this factor is only applicable "to the extent that the files could not be produced in the alternative forum." 55 F.3d at 879. *See also Kuck*, 2005 WL 123744, at *3 (rejecting argument that an action should be transferred to district in which documents are located); *Tsoukanelis*, 337 F. Supp. 2d at 604 (same); *Jones*, 2004 WL 323109, at *2 (same).

Defendant acknowledges that Pokobo's books and records, which are maintained in Defendant's residence in Hawaii, are "not voluminous" and can be produced without any undue burden in any forum. D.I. 5 at 16. Defendant argues, however, that the location of the records relating to ongoing litigation involving Pokobo in Hawaii supports transfer to Hawaii. D.I. 5 at 16-17. As a former lawyer, *see* Kobayashi Aff. ¶ 3 (D.I. 5, Ex. A), Defendant knows that litigation documents are routinely copied and mailed and that modern technology allows this to be done quickly, cheaply and efficiently. The fact that Defendant's lawyers would have to send

documents to Plaintiff's counsel in Delaware does not justify depriving Plaintiff of his

chosen venue.[5]

III.    THE PUBLIC FACTORS DO NOT FAVOR TRANSFER
        TO HAWAII.

    A.    The Enforceability of the Judgment.

        This is a Petition for an Order of dissolution of a Delaware limited liability

company.  Notwithstanding Defendant's statements to the contrary, 6 *Del. C.* § 18-803

clearly permits a person winding down the operations of a Delaware limited liability

company's affairs to "dispose of and convey the limited liability company's property."

The concerns Defendant voices in his opening brief that dissolution of Pokobo will leave

Plaintiff and Defendant as tenants in common of real property in Hawaii, D.I. 5 at 18, are

unsupported.  Indeed, the enforceability of the judgment in this case is of little relevance

to Defendant's motion to transfer because it is unlikely that there would be a significant

difference in the difficulty of enforcing a judgment rendered by this Court as compared to

the difficulty of enforcing a judgment rendered by any other federal court.  *See Datasouth

Computer Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446, 450 (W.D.N.C.

1989).

---

[5]  Notwithstanding Defendant's claim to the contrary, the specific details of the ongoing litigation involving Pokobo in Hawaii should be irrelevant to this dissolution proceeding, since the sale of the properties will transfer the burden of the Condemnation Litigation (as defined in paragraph 19 of the Petition) to the buyer.  Likewise, the Permit Litigation (as defined in paragraph 18 of the Petition) commenced by Defendant will be rendered moot.

B.    Practical Considerations.

Delaware is a convenient location on the eastern seaboard within a half hour of a major international airport.  In addition, Delaware is under two hours by rail from Plaintiff's residence in New York and approximately four hours by plane (including travel time from the Philadelphia airport to Delaware) from Defendant's residence in Denver, Colorado.  *See, e.g., Waste Distillation*, 775 F.Supp. at 765 (noting the convenience of Delaware to a New York plaintiff in denying motion to transfer venue to California).  Hawaii is an island in the Pacific Ocean.  A flight from New York to Honolulu, Hawaii generally takes between 10 and 15 hours; travel between Denver and Honolulu takes anywhere from 7.5 to 11 hours.  *See http://www.expedia.com* (last visited June 19, 2005).  Coupled with the fact that Delaware courts and attorneys are better suited to handle this dissolution and accounting action under the Delaware LLC Act than those in Hawaii, Delaware is a more practical location for this case to be tried.

C.    Relative Court Congestion.

Plaintiff first brought this action in the Court of Chancery of the State of Delaware.  Plaintiff would be pleased to lighten this Court's docket by having this case heard by the Court of Chancery (which he believes the Court will find appropriate after briefing on his motion to remand is completed).  In the event Plaintiff's motion to remand is denied, even if it were true that Hawaii has a lighter docket and a shorter disposition time than this Court, that factor alone does not justify transfer of this case from the Plaintiff's chosen venue to a location outside of the continental United States.  *See, e.g., Jones*, 2004 WL 323109, at *3; *Intel*, 167 F. Supp. 2d at 706 (noting that it was rational

to "choose Delaware as a forum to litigate 'based on the court's light docket and relatively quick case disposition time.")."[6]

              **D.**    The   Local   Interests   in   Deciding   Local
                     Controversies, Public Policies of the Fora and
                     Familiarity of Judges with Applicable State Law.

It is well recognized that Delaware Courts have a strong interest in resolving controversies involving Delaware business organizations. *See, e.g., Kuck*, 2005 WL 123744, at *3 (rejecting the argument that an action against Delaware corporation should be transferred to district of corporation's corporate headquarters and noting that the corporation "has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction"); *Intel*, 167 F.Supp. at 706 ("This court has recognized that it is rational for Intel to choose to litigate in Delaware because it is incorporated here. . . . Delaware has an interest in protecting the rights of its citizens."). While Hawaii may have an interest in resolving the condemnation litigation currently pending in its state court involving Pokobo, the resolution of that litigation is irrelevant to this litigation.

      The crux of this litigation is Plaintiff's request for a dissolution and accounting of Pokobo under the Delaware LLC Act and the Company's LLC Agreement. Because his claims involved a Delaware limited liability company, Plaintiff brought them in the Court of Chancery of the State of Delaware. In the event that this case is not

---

[6]    Defendant has not offered any evidence of the relative court congestion and average disposition time between the District of Hawaii and the District of Delaware. Given that it is Defendant's burden to show that the relevant factors strongly favor transfer, his failure to offer any facts on this point cautions against consideration of it on the instant motion.

remanded back to the Court of Chancery, this Court is certainly the most appropriate Court among the various federal courts to hear this action.  *See Jumara*, 55 F.3d at 883 (noting that the disparity in the qualifications of the federal judges in the respective districts is a factor considered in the transfer analysis).  This Court often hears cases involving complex issues of Delaware entity law.  *See, e.g., Tracinda v. DaimlerChrysler AG*, 197 F. Supp. 2d 42 (D. Del. 2002) and 364 F. Supp. 2d 362 (D. Del 2005).  If this action is to be heard in a federal court (as opposed to the Court of Chancery), it should be this Court.

<u>CONCLUSION</u>

Defendant has failed to carry his burden of demonstrating that the balance of the relevant factors weighs strongly in favor of transferring this action from this Court to the District of Hawaii.  For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Transfer Venue to the District of Hawaii be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

Martin P. Tully (#465)
David A. Harris (#3568)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff

June 20, 2005

CERTIFICATE OF SERVICE

I, Susan W. Waesco, hereby certify that on June 20th, 2005 I electronically filed **PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Kevin F. Brady, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building, 1007 North Orange Street
> Wilmington, Delaware 19801

I also certify that copies were caused to be served on June 20th, 2005 upon the following in the manner indicated:

> **BY HAND**
>
> Kevin F. Brady, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building, 1007 North Orange Street
> Wilmington, Delaware 19801

<br>

                    Susan Wood Waesco (#4476)
                    1201 N. Market Street
                    P.O. Box 1347
                    Wilmington, DE  19899-1347
                    (302) 658-9200
                    swaesco@mnat.com
                     Attorneys for Plaintiff