IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,
                Plaintiff,

vs

JOHN M. KOBAYASHI,
                Defendant,

and

POKOBO, L.L.C.,
                Nominal Defendant

C.A. No. 05-330 (JJF)

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404 (A)

CONNOLLY BOVE LODGE & HUTZ LLP
Kevin F. Brady (Bar No. 2248)
Christos T. Adamopoulos (Bar No. 3922)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
Phone: (302) 658-9141
Fax:     (302) 656-0116

*Attorneys for Defendant,*
*John M. Kobayashi*

OF COUNSEL:

John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone: 303-903-7029
Fax:     303-659-6077

Dated: June 27, 2005

TABLE OF CONTENTS

TABLE OF CITATIONS …………………………………………………………..iii

PRELIMINARY STATEMENT ……………………………………………………1

ARGUMENT ...................................................................................................... 3

I.  THE APPLICABLE STANDARD FOR TRANSFER.PURSUANT
    TO 28 U.S.C. 1404(a) IS A BALANCE OF INTERESTS ...................................... 3

II.  THE BALANCE OF PRIVATE FACTORS FAVORS
     TRANSFER TO HAWAII...............................................................................4

        A.  Plaintiff's Choice of Forum .....................................................................4

        B.  Defendant's Preference of Forum ...............................................................5

        C.  Where the Claims Arose ………………………………………..………6

        D.  Convenience of the Parties ………………………………………..……...8

        E.  Convenience of Non-party Witnesses ...…………………………..………9

        F.  Location of Documentary Evidence ...……………………………………12

III.  THE BALANCE OF PUBLIC FACTORS FAVOR TRANSFER  ......................13

        A.  Enforceability of the Judgment ................................................................13

        B.  Practical Considerations...........................................................................14

        C.  Relative Court Congestion .......................................................................15

        D.  Local Interests in Deciding Local Controversies, Public Policies
            of Fora and Familiarity of Judges with Applicable State Law...................15

IV.  CONCLUSION...................................................................................................17

TABLE OF CITATIONS

Cases

*Chuck v. Gomes,* 532 P.2d 657 (Haw. 1975) ……………………..……………16

*Elbeco Inc. v. Estrella de Plato, Corp.,* 989 F.Supp. 669, 679 (E.D.Pa.1997) ………….3

*First Hawaiian Bank v. Timothy.* 31 P.3d 205 (Haw. App. 2001) ………………….…16

*Hawaiian Com. & Sugar Co. v. Wiakapu Sugar Co.,* 9 Haw. 417 (1894) …………..….10

*In re United States,* 273 F.3d 380 (3rd Cir. 2001) ……………………….…………..…3

*Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995) ……….……………. 1, 2, 13

*Kam Oi Lee v. Fong Wong,* 552 P.2d 635 (Haw. 2001) ………………………………… 16

*Pioneer Mill Co. v. Ward,* 37 Haw. 74 (1945),
*aff'd, Pioneer Mill Co. v. Ward,* 158 F.2d 122 (9th Cir., 1946),
*cert. den.* 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285 (1947) …………..……………10

*Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3rd Cir. 1970) ……………….…………… 3

*Waste Distillation Tech. Inc. v. Pan Am. Res. Inc.,* 775 F. Supp. 759 (D. Del. 1991) …...3

Statutes

*6 Del. C. Section 18-803* …………………………………………………………….7, 13

*HI ST Section 668-1* ……………………………………………………………….8, 17

Treatises

15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
*Federal Practice and Procedure* (2d ed.1986) …………………………………………… 3

## PRELIMINARY STATEMENT

There is no dispute regarding the applicable law governing the instant motion. Both parties agree that *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) is the controlling precedent. (Defendant's Brief, page 7; Plaintiff's Answer Brief (hereafter "Answer Brief"), page 7). The parties, however, differ on the facts that are necessary to resolve the disputed issues and as a result differ in their views regarding the satisfaction of the factors enumerated in *Jumara, supra.*

The acquisition of the 17-Acre Parcel is common to each of the five counts in the Petition for Dissolution (hereafter "Complaint").[1] The 17-acre parcel was acquired by Kobayashi with his own funds. Kobayashi disputes the allegation in paragraph 14 of the Complaint that "…Defendant would contribute to Pokobo the funds necessary to cover the full purchase price of the 17-Acre Parcel by making a capital contribution…". Kobayashi also disputes the Plaintiff's assertion at page 5 of his Answer Brief that "…Defendant made a capital contribution to Pokobo to finance the purchase [of the 17-Acre Parcel]." Kobayashi never made any capital contribution to Pokobo for the purchase of the 17-Acre parcel.

Plaintiff alleges an oral contract with Kobayashi claiming that Kobayashi was to acquire the 17-Acre Parcel with his own funds but title the parcel into Pokobo. Plaintiff then alleges that he would equalize his capital account in Pokobo by contributions over time. Kobayashi denies each of the allegations regarding the agreement concerning the 17-Acre Parcel.

Count II[2] and Count III[3] also include assertions that Kobayashi has mismanaged litigation that relates to the 17-Acre Parcel and the original 64-Acre Parcel. Count I[4], Count II[5]and Count

---

[1]  Count I, *Judicial Dissolution*, ¶ 43; Count II, *Breach of Contract*, ¶ 49; Count III, *Breach of Fiduciary Duty*, ¶ 53; Count IV, *Declaratory Judgment [constructive trust]*, ¶ 58; and Count V, *Unjust Enrichment*, ¶ 63.

[2]  Complaint, ¶ 49.

[3]  Complaint, ¶ 54.

III[6] also seek an accounting for Pokobo. In this regard, Kobayashi responded in his affidavit, submitted in support of his Petition for Removal (¶ 8), as follows:

> I have requested Mr. Colin Grubb, accountant for Pokobo LLC, to provide for a full accounting for Pokobo. Such accounting is available to Mr. Polak upon payment of 50% of the costs of preparation thereof. I have provided for the payment of the remaining 50% of the cost of preparation.

> Plaintiff has not responded to the offer to provide an accounting. Whether or not the Plaintiff elects to request the accounting that has been offered, Defendant believes that such is not a substantive issue to be further litigated in this action.

When the matters that are in fact at issue are analyzed, it is apparent that: (i) each count is based upon property that is located in Hawaii; (ii) arises from an alleged contract between the Plaintiff and Defendant in their individual capacities that was to take place in Hawaii; and (iii) asserts claims arising from the management of litigation of two proceedings that are presently pending in Hawaii and involve the Hawaii parcels. These issues can only be resolved by consideration of many issues that are exclusive to Hawaii. They involve valuation of property and damages that can only be determined by facts that will have to be developed in Hawaii. Further the Complaint seeks a Court ordered sale of property that can only be effectuated by a Court in Hawaii with jurisdiction over the property.

In consideration of the above, the factors enumerated in *Jumara, supra,* favor transfer to the venue of this action to the District Court for the District of Hawaii.

---

[4] Complaint, ¶ 43.

[5] Complaint, ¶ 49.

[6] Complaint, ¶ 55.

ARGUMENT

I.  THE APPLICABLE STANDARD FOR TRANSFER PURSUANT TO
28 U.S.C. 1404(a) IS A BALANCE OF INTERESTS

Plaintiff relies, *inter alia*, upon *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir., 1970)

and *Waste Distillation Tech. Inc. v. Pan Am. Res. Inc.*, 775 F. Supp. 759 (D. Del. 1991) (quoting

*Shutte*, 431 F.2d at 25) (Answer Brief, page 7) to the effect that the Plaintiff's choice of forum

should prevail unless the balance of convenience is *strongly* in favor of the defendant.  While the

*degree* of balance in favor of transfer may be a subtle point, the decision of the Third Circuit

Court of Appeals in *In Re United States*, 273 F.3d 380 (3rd Cir. 2001), cited by Defendant in his

Opening Brief but not addressed by in Plaintiff's Answer Brief does not support Plaintiff's

reliance upon *Shutte, supra, or Waste Distillation, supra*, in this regard.

Referencing *Shutte*, among other decisions, in noting the similarity of considerations of

transfer of venue in a civil case under 28 U.S.C. 1404(a) and a transfer of venue of a criminal

proceeding under Rule 21(b) F.R. Crim. P., the Third Circuit Court of Appeals in *In Re United*

*States, supra at page 3,* stated:

> As to the burdens of proof, this court has stated in 28 U.S.C. § 1404(a) cases that "[t]he
> burden is on the moving party to establish that a balancing of proper interests weigh in
> favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970); *see*
> *also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995); *Elbeco Inc. v.*
> *Estrella de Plato, Corp.*, 989 F.Supp. 669, 679 (E.D.Pa.1997); 15 Charles A. Wright,
> Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3848, at 383
> (2d ed.1986).  While the burden is on the defendant, the defendant is not required to
> show "truly compelling circumstances for ... change ....[of venue, but rather that] all
> relevant things considered, the case would be better off transferred to another district."
> *Balsimo*, 68 F.3d at 187. *Id at 388.*

The "balance of proper interests" is consistent with the developing body of law in this

regard.  As stated in  15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure § 3848, at 379-383 (2d ed.1986):

> Again it is said that plaintiff's choice is no longer the dominant factor that it was prior to
> adoption of 1404(a), [citations omitted] or that it is to be given less weight if he chooses

3

a forum with no obvious connection to the case, [citations omitted], or flatly that it is "relatively unimportant" and "entitled to little weight" [citations omitted].

The genesis of the standard of "...unless the balance is strongly in favor of the defendant ..." is further addressed by Professors Wright, Miller and Cooper as:

> [The language requiring *strong favor* for transfer] . . . initially appeared in a leading 1947 decision of the Supreme Court concerning dismissal on the ground of forum non conveniens. [Citation omitted]. After Section 1404(a) was enacted in 1948 . . . the cases quite naturally applied that language to the new statute. In 1955 the Supreme Court made it clear that the statute was more than a codification, and that transfers can be granted under Section 1404(a) more freely than were dismissals under forum non conveniens [citation omitted]. *Id at* 391-392
>
> * * *
>
> . . . later cases have cited and quoted them [*i.e.* cases that state that transfer is to be granted only where the balance is strongly in favor of the moving party] often without recognizing that the original source of this theory was in connection with forum non conveniens and that application of the theory to Section 1404(a) is very doubtful. *Id at* 392.

The applicable standard for transfer of venue is thus whether a ". . . balancing of proper interests weigh in favor of the transfer".

## II.  THE BALANCE OF PRIVATE FACTORS FAVORS TRANSFER TO HAWAII

### A.  Plaintiff's choice of forum

The Defendant accepts that the Plaintiff's choice of forum is a factor for consideration in determining proper venue.  But it is also true that Delaware has virtually no connection to this action other than being the state of incorporation of Pokobo.

Addressing Pokobo's connections to Delaware as supporting Delaware as the forum for this matter (Answer Brief, page 11), Plaintiff asserts that the "principle issue" to be resolved is whether Pokobo should be dissolved under Delaware law.  This statement is far too facile a consideration of the factual issues that have to be determined on the damage and constructive trust claims and as the basis upon which the Plaintiff has founded his claim for dissolution.

4

The basis of all the Plaintiff's claims is the acquisition of the 17-Acre Parcel by Kobayashi for his own account with his own funds and the management of the Hawaii litigation involving both the 17-acre and the 64-acre parcels. These issues are also the bases upon which the Plaintiff asserts his claim for judicial dissolution and judicial sale under Delaware law. As the predicate for judicial dissolution, the breach of contract and mismanagement of the litigation claims must be litigated and determined in Plaintiff's favor *before* his claim for judicial dissolution is addressed. Thus, the principle issues to be resolved are not simply "whether Pokobo should be dissolved under Delaware law" (Answer Brief, page 11), but whether the Plaintiff has proved the factual predicates upon which his claim for judicial dissolution is founded.

These issues, as addressed in the following sections, have virtually nothing to do with Delaware. Further, it would not be difficult for the District Court of Hawaii to apply Delaware law to Plaintiff's judicial dissolution claim *if* he sustains his burden upon which his claim for dissolution rests.

## B. Defendant's Preference of Forum

Defendant's choice of forum also is a factor in deciding whether to transfer a case to another venue. Defendant accepts that the choice of forum by either the plaintiff or the defendant is not a substantial factor for the Court. Nonetheless, a review of the matters to be determined in this case establishes that Hawaii has far more contacts and interest in the subject matter of the proceeding than does Delaware. Defendant also asserts that Hawaii law should be the applicable law upon which the determinative issues in this case are decided.

While it is true that the parties agreed to register Pokobo in Delaware, it is also true that (i) the sole purpose of forming Pokobo[7] was to acquire and develop real property in the State of

---

[7] That Pokobo was authorized by Section 1.03 of the LLC Agreement to engage in broader activities does not affect the actual purpose and intent of the parties in forming Pokobo, which was solely to hold title to and develop the 64-acre parcel in Kona, Hawaii.

Hawaii; (ii) all of Pokobo's assets are located in Hawaii; (iii) all of the disputed facts relate to actions and property located in Hawaii; and (iv) only a Court located in Hawaii, with jurisdiction over both the parties and the land that are the subject of this action, can assure the total relief requested by the Plaintiff.

Defendant's choice of Hawaii as the forum for this litigation is equally logical, and Hawaii has far more contacts with the actual substance of the litigation than does Delaware.

## C.  Where the Claims Arose

Defendant accepts that Pokobo was formed as a Delaware limited liability company and that Delaware law should be applied to the internal operations of the company.  However, Delaware's interest in developing a coherent body of law relating to the dissolution of Delaware limited liability companies[8] does not appear to be central to the determination of issues in this case, nor does it appear that there are significant legal issues to be developed regarding the dissolution of Pokobo *if* the Plaintiff proves the conditions predicate upon which he bases his claim for dissolution.

The basis of the Plaintiff's complaint is an alleged contract that was to be performed in Hawaii.  The alleged contract involved the acquisition of real property in Hawaii.  Defendant's management or alleged *mis*-management of litigation occurred in Hawaii and relates to two cases that remain pending in the State of Hawaii.  Hawaii law should be the applicable law relating to all of these claims.  Hawaii has far more significant contacts with the disputed issues of fact and law that are central to the determination of this case than does Delaware.

At footnote 2 on page 14 of his Answer Brief, Plaintiff addresses the issue of whether, in fact, his claim is one for dissolution or one for "partition".  Review of his Complaint establishes that his Complaint is not simply for dissolution, but for *partition by sale* as the relief requested. Paragraph (d) of his Request for Relief (Complaint, page 14) states:

6

(d)  In connection with the winding up of the affairs and business of Pokobo, *ordering the sale* of both the 17-Acre Parcel and the 64-Acre Parcel pursuant to Section 8.02(b) of the LLC Agreement.  [emphasis supplied]

The relief of a *judicially ordered sale* of both properties is not available under the Delaware judicial dissolution statute, *6 Del. C. Section 18-803(b)*.  Nor does Plaintiff's Complaint state a cause of action under which Section 8.02(b) of the Pokobo L.L.L. Agreement is operative.[9]  Plaintiff makes no claim that Pokobo is to be dissolved *under the terms* of the LLC Agreement.  An action for dissolution *pursuant to* the LLC Agreement could only occur if the Plaintiff were to propose that Pokobo be liquidated (without also conditioning the demand by including the 17-Acre Parcel as part of Pokobo's property), and if he were to have invoked the tie-breaking provision of Section 5.02 of the LLC Agreement, which he has not; and if he were to have prevailed on the coin toss, which has not occurred.  There is no basis for a court to impose a *judicial sale* pursuant to the Pokobo LLC Agreement.

Nor does Delaware law provide for a *judicial sale* of corporate property pursuant to a judicial dissolution.  *6 Del. C. 18-803(b)* does grant authority to a liquidating trustee to wind up the affairs of the company as follows:

> . . . *[g]radually settle and close the limited liability company's business*, dispose of and convey the limited liability company's property . . . and distribute to the members any remaining assets of the limited liability company . . .  [emphasis supplied]

The statute does not grant any authority to the supervising Court to order an immediate *judicial sale* of company property.  Any such attempt would clearly usurp the statutory authority granted *exclusively* to the liquidating trustee.

---

[8]  Answer Brief, page 13.

[9]  Even if Section 8.02(b) of the Pokobo LLC agreement is deemed to be effective in a judicial dissolution, the section requires that the liquidation of Pokobo be conducted in "…an orderly and businesslike and commercially reasonable manner."  Further Section 8.02(b) provides for the exercise of the Partners' or their representatives' [*i.e. any liquidating trustee or custodian*] business judgment to determine whether to sell or to distribute in kind to the Partners.  Section 8.02(b) does not provide for *judicial sale* of Pokobo property.

Further, under Delaware law, the liquidating trustee may in his or her discretion, distribute corporate property remaining after payment of creditors to the members. Should a liquidating trustee determine to distribute Pokobo property *in kind* to the members, the judicial dissolution will have been complete. Such a conclusion would leave the parties as tenants in common in the distributed property. Upon such event, the judicial dissolution of Pokobo would be complete and there would be no further basis upon which the Delaware Court would have any jurisdiction to order a judicial sale of the Hawaiian property then held individually as tenants in common by the members of the liquidated company.

The Plaintiff can assert that the Defendant is addressing "...some hypothetical complaint..."[10]; but for him to obtain an order of *judicial sale* of the Pokobo property, the inescapable nature of such a proceeding is, in fact, an action in *partition*. Such an action need be brought where the real property is located, which is Hawaii. Further, Hawaiian real property law is determinative of the conditions under which a *judicial sale* can be ordered. *See HI ST Section 668-1, et seq.*

## D.  Convenience of the Parties

Plaintiff's view that presentation of this case is not going to involve significant evidence and testimony from residents in Hawaii is unjustified. Even if this case proceeds in Delaware, travel costs for counsel to go to Hawaii to develop testimony, review documents and coordinate with expert witnesses will be substantial. A liquidating trustee, should one be appointed *if and after* the Plaintiff establishes the conditions precedent for such appointment, to carry out his or her responsibilities in liquidating Pokobo, as discussed in the preceding section, will have extensive matters to address in Hawaii. The liquidating trustee will have to determine the nature and effect of the on-going litigation relating to the Hawaii property. A significant aspect of the permit litigation is resolution of protected architectural sites on the Pokobo property. The impact

and effect of the pending highway condemnation through the Pokobo property will have to be assessed.

Plaintiff asserts that none of the above issues need be addressed because he believes the Pokobo property can simply be sold by judicial order subject to the condemnation action and the permit litigation would become moot.[11]  As addressed above, there is no basis upon which a summary order for judicial sale of the parcels can be entered, and even if judicial dissolution of Pokobo is granted, a *judicial sale* of the Pokobo property could not be ordered by this Court. Further, even if a *judicial sale* could be ordered by this Court, there are substantial factual issues that have to be resolved before the Court could confirm the equity of a judicial sale.[12]  Since a judicially ordered sale of Pokobo property is not within this Court's jurisdiction, the Plaintiff's analysis of how the litigation will unfold in relation to convenience of parties is without support and his analysis of the issues as they relate to the convenience of the parties is unfounded.

### E.  Convenience of Non-party Witnesses

Addressing the nature and convenience of non-party witnesses, Plaintiff apparently believes that the only witnesses of substance will be himself, the Defendant and Pokobo's accountant.[13]  Defendant believes this to be wildly underestimated.

If not barred by law, Plaintiff's claim for breach of contract and breach of fiduciary duty, as both relate to the 17-Acre Parcel, will involve numerous non-party witnesses.  Plaintiff can be expected to testify to an oral contract to the effect that the Defendant agreed to put up all the money to purchase the 17-acre Parcel and the Plaintiff would repay his share of the acquisition cost (approximately $200,000.00) over some indeterminate future period.  The Defendant can be expected to deny any such agreement.  With starkly conflicting testimony and with apparently no

---

[10]  Answer Brief, page 14, footnote 2.

[11]  Answer Brief, page 19, footnote 5.

[12]  See discussion of equitable factors in judicial sale, *infra*, at page 13.

memorandum or documentation of any kind that addresses the alleged agreement, the parties will develop corroborating evidence to support their positions. The Defendant anticipates that such corroborating evidence will include the testimony, calendars and notations of numerous individuals in Hawaii who were involved with the offer and sale of the 17-Acre Parcel. The calendars and testimony of real estate agents, consultants, seller's representatives, etc., will be relevant as to when and how negotiations occurred in relation to when the Plaintiff asserts the "agreement" between himself and the Defendant was concluded.

Testimony of administrative officials from the highway authority, department of public works, agencies with jurisdiction over the protection of antiquities located on the Pokobo property, officials with jurisdiction over development of lands located within Kona, Hawaii, and private and quasi-public organizations such as the Burial Counsel and other cultural groups will be relevant to the determination of the nature and extent of damages claimed by the Plaintiff. The value of the properties is material consideration not only for the damage claims but is also material to *quantum meruit* and in confirming the equity of any judicial sale.

Contacts, timing and substance of conversations and correspondence between the Plaintiff and Pokobo's Hawaiian counsel and members of his staff will be relevant to the determination of the Plaintiff's claims of lack of information. Plaintiff's continued contribution of funds to Pokobo for a period of years after he was aware of the nature and existence of the Hawaii litigation is directly relevant to the Defendant's affirmative defense of laches, *inter alia.*

In addition to the above lay witnesses, local expert witnesses will be required to adjudicate the Plaintiff's damage claims as well as the Plaintiff's claim for a partition by judicial sale. Hawaiian courts have recognized that in an action for judicial sale, the lay of the land, contiguity, value, location, availability and occupation are among the equities applicable to such action. *See Hawaiian Com. & Sugar Co. v. Wiakapu Sugar Co.,* 9 Haw. 417 (1894); *Pioneer*

---

[13] Answer Brief, page 15.

*Mill Co. v. Ward,* 37 Haw. 74 (1945), *aff'd, Pioneer Mill Co. v. Ward,* 158 F.2d 122 (9th Cir. 1946), *cert. den.* 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285 (1947).

While it is true that Courts have stated that the residence of expert witnesses is of less significance than lay witnesses regarding a motion to transfer, the cost of retaining, meeting and consulting with such witnesses during trial preparation and the presentation of such testimony through video deposition or live testimony, if the trial is held in Delaware, will be substantial. While expert witnesses can certainly be brought to Delaware for testimony, it would be more efficient and cost effective for the parties to retain local counsel in Hawaii to develop and present their claims and defenses in that forum.

Further, a liquidating trustee carrying out his or her responsibilities under Delaware law, should one be appointed, can more efficiently and economically be managed by a District Court in Hawaii rather than a District Court from Delaware. As discussed above, at page 9, a liquidating trustee is to exercise his or her business judgment and effectuate liquidation *gradually.* This statutory admonition certainly suggests that a liquidating trustee is to take into account all relevant business considerations in liquidating a corporation.

Plaintiff's assertion that the likelihood of expert testimony being required in connection with the presentation of this case is "slim"[14] mischaracterizes the nature of this proceeding and vastly underestimates the number and nature of witnesses that will be required to litigate the claims and defenses of the parties. The Plaintiff's thought that this case can be presented through basically three witnesses[15] and with no expert witnesses is at best wishful thinking. In reality, there are numbers of witnesses from Hawaii, expert and lay, who will have relevant evidence to present regarding the Plaintiff's allegations, the Defendant's defenses, the measure and determination of damages, the imposition of a constructive trust premised upon *quantum*

---

[14] Answer Brief, page 16.

*meruit,* and the factors that must be addressed before a *judicial sale* of property could be ordered by a Court.

By understating the witnesses and evidence that will be presented, the Plaintiff fails to adequately address the "convenience of non-party witnesses" as an element favoring transfer of this proceeding to the District of Hawaii.

### F.  Location of Documentary Evidence

As in the preceding section, the Plaintiff's response regarding the location of documentary evidence underestimates the evidence that will be required to adjudicate this proceeding.  Documentary evidence is not simply limited to Pokobo books and records, nor documents that are in the possession of Pokobo's Hawaiian counsel.  Documentary evidence also includes local and state laws, ordinances and regulations, studies, administrative determinations and the basis for such determinations, antiquities documentation and a host of other materials that are relevant to the value of the Pokobo property and the value of the 17-acre Parcel.  These matters are directly relevant to the Plaintiff's claims for damages, mis-management of the Hawaii litigation, breach of contract, imposition of a constructive trust based upon *quantum meruit* and satisfying the prerequisites for any judicial sale.

While the evidence underlying the Plaintiff's *unjust enrichment* claim is unclear, in that it is acknowledged in the Complaint that the Defendant acquired the 17-Acre Parcel with his own funds, none-the-less any claim for *unjust enrichment* will require proof of value of whatever it is that the Plaintiff claims the Defendant has benefited from unjustly.  Defendant surmises that this is the 17-Acre Parcel.  To sustain any claim for *unjust enrichment,* the value of the 17-Acre Parcel will have to be established, probably both at the time of acquisition and as of the time of trial.  The nature and effect of the pending litigation on the 17-Acre Parcel will have to be established, and whether such effect is transitory or permanent.  All the many factors that could

---

[15]  Answer Brief, page 16.

affect the value of the 17-Acre Parcel will also have to be determined and presented, and the value of the parcel related to the contributions of both the Plaintiff and the Defendant to Pokobo.

In all of the above considerations, the Plaintiff cannot expect that just making the allegation and presenting his personal view of the supporting facts for each count of the Complaint will be sufficient to sustain his burden or to adequately litigate the issues that have been raised.

When the nature of the evidence that will actually be presented is analyzed, the *private elements* set forth in *Jumara, supra,* favor transfer to the District of Hawaii.


## III.  THE BALANCE OF PUBLIC FACTORS FAVOR TRANSFER

### A.  Enforceability of the Judgment

Plaintiff's characterization of this action as only a ". . . Petition for an Order of dissolution . . . "[16] ignores 80% of the counts that comprise the Plaintiff's Complaint.  More importantly, while the Plaintiff accurately notes, " . . . *6 Del C. Section 18-803* clearly permits *a person winding down the operations* of a Delaware limited liability company's affairs to 'dispose of and convey the limited liability company's property'" (Answer Brief, page 19) [emphasis supplied], the relief sought by the Plaintiff is a *judicial sale* of the Pokobo property.

Delaware law *permits* but does not *require* the sale of corporate property by a liquidating trustee; and the clear directive of Delaware law is that the decision of the liquidating trustee is to be reasoned and measured, employing the business judgment of the trustee.  There is no statutory authority for the Court to summarily *order* the sale of the Pokobo property under either the Delaware dissolution statutes or the Pokobo L.L.C. Agreement.  In fact, a judicial order of sale is directly contrary to the statutory provision of *6 Del. C. 18-803(b)*, discussed *supra* at page 12.

---

[16] Answer Brief, page 19.

13

Plaintiff asserts that he is the "master of his complaint".[17]  As the master of his complaint, the Plaintiff seeks a *judicial order of sale.*  However the Plaintiff attempts to characterize it, that relief constitutes a *partition* by sale.  A *judicial sale* of the Pokobo property is not within the jurisdiction of this Court applying Delaware law; rather, any judicial sale would require that the Court have jurisdiction over the property as the *rem* in a judicial sale proceeding and such sale would have to join any owners or beneficial users whose interests *could* be adversely affected.  These are jurisdictional issues that cannot be addressed by a Court sitting in Delaware.

The only court with jurisdiction over the property and thus the only court that has the authority to enforce a judgment by *judicial sale* of property in Hawaii is a court within Hawaii.

## B.  Practical Considerations

Plaintiff's focus only on dissolution and the expertise of Delaware courts and counsel to handle this aspect of his complaint ignores four of the five counts of his Complaint.  Moreover, even the dissolution claim is dependent upon the determination of the breach of contract and breach of fiduciary duty claims that relate to the 17-Acre Parcel.  Since *all* of the counts included in Plaintiff's Complaint are premised upon actions that were to occur in Hawaii, involve property located in Hawaii, and since the valuation of the Pokobo property and the 17-Acre Parcel will have to be established to sustain claims for damages, judicial sale and *quantum meruit,* there will be an extensive body of evidence that can only be developed in Hawaii.  None of those issues involve the corporate law of Delaware, and the Delaware courts and counsel have no particular expertise in breach of contract claims between individuals, the valuation of Hawaii property or the requirements and procedures of a *judicial sale* of Hawaiian property.

Whether this case is tried in Delaware or Hawaii, the Defendant will be developing a substantial amount of evidence and testimony in Hawaii and will, at a minimum, provide for

---

[17]  Answer Brief, page 14, footnote 2.

testimony through depositions as necessary. It is, of course, Plaintiff's option to participate in depositions taken in Hawaii through his Delaware counsel, but if he desires to have his Delaware counsel involved in the process of developing evidence in preparation for trial of the matters in this case, the 15-hour flight to Hawaii whether it is for trial or for trial preparation is inevitable.

### C. Relative Court Congestion

Defendant did not base his request for transfer of venue to Hawaii based upon relative Court congestion. The Court dockets of both Delaware and Hawaii are relatively similar. Defendant does not believe that relative Court congestion is a significant consideration.

### D. Local Interests in Deciding Local Controversies, Public Policies of Fora and Familiarity of Judges with Applicable State Law

The Plaintiff continues with his assertion that the *crux* of this litigation is the request for dissolution and accounting.[18] Accounting has been proffered by the Defendant[19] and whether or not the Plaintiff avails himself of the offer, the Pokobo accounting is not a material issue to be further litigated. Accounting has been offered, and the Plaintiff can have it whenever he asks and provides for the payment of his 50% of the cost of preparation.

As to the dissolution claim, the *crux* of the litigation is the Plaintiff's claim of breach of contract between individuals, breach of fiduciary duty that relates to the same alleged contract and the valuation of the 17-Acre Parcel that is necessary to support his claims for dissolution, damage and *quantum meruit*. The contract issue also forms the basis of the dissolution claim.[20] The *crux* of the litigation is thus the 17-Acre Parcel and the management of litigation concerning that parcel (and the original 64-Acre Parcel) in Hawaii.

---

[18] Answer Brief, pages 11 and 21.

[19] See discussion, *supra,* at page 2.

There are not "complex issues of Delaware entity law" to be determined. If the predicate facts supporting the Plaintiff's dissolution claim are proved, application of the Delaware dissolution procedure by any court is not complex. Delaware has virtually no relationship with the facts that are in dispute in this proceeding. Hawaii, by contrast, has extensive direct and indirect interests. The land that is the subject of the Complaint is located in Hawaii, and more importantly Hawaii and various local governments and agencies are actual parties to ongoing litigation directly involving the property at issue. At a minimum, the State of Hawaii and its agencies have a right to insure that their interests in the properties in the pending litigation are not adversely affected by the *judicial sale* that is requested by the Plaintiff.[21]

Finally, Hawaii has a strong governmental interest in the imposition of any constructive trust over property located in Hawaii and the nature and process of any *judicial sale* of Hawaiian property. Hawaiian law expressly addresses the process and equitable consideration in any partition sale.[22] Hawaiian courts have developed the law applicable to the imposition of *constructive trusts* under Hawaiian precedent. *See Kam Oi Lee v. Fong Wong,* 552 P.2d 635 (Haw. 2001). The Hawaiian courts have also stated the equities that are to be considered in a judicial sale. *See Chuck v. Gomes,* 532 P.2d 657 (Haw. 1975); *also see First Hawaiian Bank v. Timothy,* 31 P.3d 205 (Haw. App. 2001).

Hawaii has a strong interest in the subject matter and the relief requested by the Plaintiff. As the state in which the land is located, the state in which the acts complained of occurred, and the state in which a *judicial sale* is to be undertaken, Hawaii law should control. In such case, Hawaii not only has the dominant jurisdictional interest in this proceeding, but the operative law

---

[20] Complaint, ¶ 43.

[21] Plaintiff's unsupported statement that the property can simply be ordered to be sold subject to the pending condemnation and that the permit action will be "moot" is not an adequate substitute for the right of the State of Hawaii and its agencies to protect their own interests as they see fit. Defendant is continuing with his assessment as to whether the State of Hawaii and its agencies are *indispensable parties* to a judicial sale.

16

of the case relating to disputed facts should be the law of the State of Hawaii, with which the

District Court for the District of Hawaii has much more familiarity than the courts of the State of

Delaware.

CONCLUSION

On balance, both the private and the public factors determined by the Court in *Jumara,*

*supra,* favor transfer of this action to the District of Hawaii.  For such reasons, the defendant

respectfully requests that his Motion to Transfer Venue to the district of Hawaii be granted.

CONNOLLY BOVE LODGE & HUTZ LLP


*Kevin F. Brady*

Kevin F.  Brady (Bar No. 2248)
Christos T. Adamopoulos (Bar No. 3922)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
Phone:  (302) 658-9141
Fax:     (302) 656-0116

*Attorneys for Defendant,*
*John M. Kobayashi*

OF COUNSEL:
John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone:  303-903-7029
Fax:          303-659-6077

---

[22]  *See HI ST Section 668-1 et seq.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 27, 2005, I caused copies of Defendant's Reply Brief in Support of

His Motion to Transfer Venue Under 28 U.S.C. § 1404 (A) to be served electronically to the

following counsel of record:

> Susan Wood Waesco, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899

Kevin F. Brady
(Bar No. 2248)