1

Westlaw.

HI ST § 668-1                                                              Page 1
 HRS § 668-1

C
HAWAII REVISED STATUTES ANNOTATED
DIVISION 4. COURTS AND JUDICIAL PROCEEDINGS
TITLE 36. CIVIL REMEDIES AND DEFENSES AND SPECIAL PROCEEDINGS.
CHAPTER 668. PARTITION OF REAL ESTATE.
     § 668-1 Actions for partition.

When two or more persons hold or are in possession of real property as joint tenants or as tenants in common, in which one or more of them have an estate in fee, or a life estate in possession, any one or more of such persons may bring an action in the circuit court of the circuit in which the property or some part thereof is situated, for a partition of the property, according to the respective rights of the parties interested therein, and for a sale of the same or a part thereof if it appears that a partition cannot be made without great prejudice to the owners. The several circuit courts shall have power, in any action for partition, to proceed according to the usual practice of courts of equity in cases of partition, and according to this chapter in enlargement thereof.

[L 1923, c 178, § 1; RL 1925, § 2761; am L 1929, c 170, § 1; RL 1935, § 4740; RL 1945, § 12450; RL 1955, § 337-1; HRS § 668-1; am L 1972, c 90, § 11 [a]'

         <General Materials (GM) - References, Annotations, or Tables>


NOTES, REFERENCES, AND ANNOTATIONS

Cross references

As to the joinder of parties plaintiff, see HRCP, Rule 20(a).

CASE NOTES

I. General Consideration

Editor's note.   --

Some of the cases below were decided under prior law.

Equitable cognizance.   --

The lay of the land, contiguity, value, location, availability and occupation are among the equities applicable to partition. Hawaiian Com. & Sugar Co. v. Waikapu Sugar Co., 9 Haw. 417 (1894); Pioneer Mill Co. v. Ward, 37 Haw. 74 (1945), aff'd, Pioneer Mill Co. v. Victoria Ward, Ltd., 158 F.2d 122 (9th Cir. 1946), cert. denied, 330 U.S. 838, 67 S. Ct. 979, 91 L. Ed. 1285 (1947).

Rights of a mortgagee.   --

Where the statute authorizes the sale of premises sought to be partitioned, the rights of a mortgagee must be relegated to the share of the mortgagor in the proceeds of sale, provided that the mortgagee has been made a party to the suit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

HI ST § 668-1                                                              Page 2
HRS § **668-1**

This is the rule where the mortgage was executed by a portion of the cotenants upon their respective moieties. Brown v. Cornwell, 20 Haw. 457 (1911).

Withdrawal of action for partition. --

Where a discontinuance of bill for partition after rendition of a decree ordering a commissioner to sell certain lands would result in injury to any of the parties, it is not allowable. After decree a cause cannot be discontinued against objection. Watson v. Watson, 9 Haw. 389 (1894).

Partition in kind. --

The circuit judge has jurisdiction to partition property subject to suit by partition in kind or sale for division in whole or in part. Campbell v. DePonte, 57 Haw. 510, 559 P.2d 739, rehearing denied, 57 Haw. 564, 560 P.2d 1303 (1977).

Sovereign immunity. --

The general language of this section, providing for joinder of every "person" having any estate or interest, cannot be construed as a waiver of sovereign immunity. Marks v. Ah Nee, 48 Haw. 92, 395 P.2d 620 (1964).Cited inWaiwaiole v. Kulaea, 22 Haw. 651 (1915); Chuck v. Gomes, 56 Haw. 171, 532 P.2d 657 (1975).II.Title

A bill for partition cannot be made the means of trying a disputed title. Kaneohe Rice Mill Co. v. Malaihi Holi, 20 Haw. 609 (1911); Moranho v. De Aguiar, 25 Haw. 271 (1920); Marks v. Ah Nee, 48 Haw. 92, 395 P.2d 620 (1964).

Tenancy in common is required. --

In a bill for the partition of land, the complainant must show that he is a tenant in common of an estate in possession. This requirement is met by averments that the complainant and the defendants (in undivided shares) own the land in fee simple. Actual possession by the complainant need not be averred. Waiwaiole v. Kulaea, 22 Haw. 651 (1915).

Easements. --

Upon partition, the purchaser of the property takes it subject to existing easements. Henmi Apts., Inc. v. Sawyer, 3 Haw. App. 555, 655 P.2d 881 (1982).III.Waiver

Express or implied. --

Notwithstanding the non-discretionary nature of a partition action, the right to partition may be waived by express or implied contract. Henmi Apts., Inc. v. Sawyer, 3 Haw. App. 555, 655 P.2d 881 (1982).IV.Judgment or Decree

Law of the case applies. --

An adjudication in an action of ejectment of the material issue that a deed relied upon by the defendant was a forgery and was never delivered by the grantor to the grantee is conclusive and binding upon the parties in a subsequent suit for partition brought by the same plaintiff against the same defendant and bars a relitigation in the second suit of the same particular issue but does not bar the presentation by the defendant of any other claim or defense that may be available to him. Makainai v. Lalakea, 29 Haw. 482 (1926).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

HI ST § 668-1    Page 3
HRS § 668-1

Effect of interlocutory decree. --

An interlocutory decree rendered in a suit for partition of lands does not preclude a subsequent intervener from asserting whatever interest he may have in the lands. Makainai v. Lalakea, 30 Haw. 323 (1928).

Rejection of confirmation. --

The court's rejection of confirmation of the highest bid submitted at a public auction does not require a showing that inadequacy of the bid amounted to fraud. Sugarman v. Kapu, 104 Haw. 119, 85 P.3d 644, 2004 Haw. LEXIS 173 (2004).

Effect of declaration in probate court. --

A declaration made by a circuit judge at the conclusion of the hearing upon a petition for the appointment of an administrator that " the property of deceased belongs to the two brothers and sister of the deceased in equal proportions, one-third to each," is not a decree or order of distribution. Drummond v. Makaena, 30 Haw. 116 (1927).

Reopening of bidding. --

In a land partition case, the trial court, having already complied with the specific procedural requirements set forth in HRS § 668-14, acted within its discretion under HRS § 668-1 in reopening public bidding at the confirmation hearing where the bid was grossly inadequate, the stability of the judicial sale at the public auction was not appreciably disturbed by opening the sale for rebidding because the landowner was not vested with any rights to the property prior to the confirmation of the judicial sale, and reopening the bidding at the confirmation hearing ensured fairness to the minority owners involved. Sugarman v. Kapu, 104 Haw. 119, 85 P.3d 644, 2004 Haw. LEXIS 173 (2004).V.Appeal

Interlocutory order was not appealable. --

An order which appointed a commissioner to appraise the lands involved in a partition proceeding and to sell such lands at public auction, which also directed the commissioner to report his appraisal to the court prior to the sale, and which provided that the sale shall be subject to confirmation by the court, clearly was not final, but interlocutory, from which an appeal was not a matter of right but was a matter that rested within the discretion of the circuit judge. Cooke Trust Co. v. Chinn Ho, 43 Haw. 243 (1959).

RESEARCH REFERENCES

%Hawaii Legal Reporter.

As to inapplicability of partition to action involving easements, see 81-1 Haw. Legal Rep. 81-39.

LEGAL PERIODICALS

**Hawaii Bar Journal.**

Article, Summary of the Law on Tenancies, 2 Haw. B.J. 12 (1964).

HRS § 668-1, HI ST § 668-1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

HI ST § 668-1  
HRS § 668-1                                                              Page 4

Current through 2004 Regular Session

Copyright 2004 Matthew Bender & Company, Inc. a member of the LexisNexis

Group. All rights reserved.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.