# EXHIBIT A

Westlaw

Not Reported in F.Supp.2d  
2003 WL 1873523 (D.Del.)  
**(Cite as: 2003 WL 1873523 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: TRICORD SYSTEMS, INC. Debtor
RCG INTERNATIONAL INVESTORS, LDC,
Plaintiff,
v.
Joan WRABETZ, Keith Thorndyke, Louis C. Cole,
Yuval Almog, Tom R. Dillon,
Donald L. Lucas, Fred G. Moore, and John Mitcham,
Defendants.
No. 02-82361, 02-04943.

April 11, 2003.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 On April 5, 2002, plaintiff RGC International Investors, LDC ("RGC") initiated the instant litigation in the Delaware Court of Chancery against Tricord Systems, Inc. ("Tricord") and its current and former directors. On May 15, 2002, RGC amended its complaint; the amended complaint contains claims grounded in Delaware state law for breach of contract, common law fraud, breach of fiduciary duty and waste. RGC sought the liquidation of Tricord and damages against Tricord and its directors "for their refusal to consider a plan of liquidation and conscious decision to simply burn through Tricord's remaining assets in the face of its (self recognized) hopeless business reality." (D.I. 4 at 4)

On August 2, 2002, two months before trial was scheduled to commence, Tricord filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota. On that same date, Tricord and the individual defendants removed the Chancery Court action to the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 1452 and, within days, filed a motion to transfer the venue to Minnesota. On September 18, 2002, the bankruptcy court in Minnesota approved a settlement stipulation entered into by RGC and Tricord regarding RGC's claims as a preferred stockholder.

On January 10, 2003, RGC voluntarily dismissed without prejudice its claims against Tricord. On that same date, RGC filed a motion to remand the action to the Delaware Court of Chancery and filed its opposition to the transfer motion. On January 23, 2003, the individual defendants filed an amended notice of removal in this court, purporting to remove the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis that diversity jurisdiction exists. Concomitantly, defendants filed in the Delaware Bankruptcy Court a motion to withdraw the bankruptcy reference. On March 24, 2003, the Bankruptcy Court issued a memorandum opinion and order granting RGC's motion to remand, thus mooting the pending motion to transfer. (D.I.36) Ironically, on that same date, this court granted defendants' motion to withdraw the reference. (D.I.7)

For the reasons that follow, the court shall revoke the withdrawal of reference so that the Bankruptcy Court's March 24, 2003 order has full effect.

II. STANDARD OF REVIEW

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel valley Auth. v. Union Switch & Signal Div. Am Standard, Inc.,* 809 F.2d 1005 (3d Cir.1987); *Zoren v. Genesis Energy, L.P.,* 195 F.Supp.2d 598, 602 (D.Del.2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein as true. *Id.*

III. DISCUSSION

*2 Defendants filed a notice of removal in the Delaware Bankruptcy and Chancery Courts on August 2, 2002, pursuant to 28 U.S.C. § 1452 and

Not Reported in F.Supp.2d
2003 WL 1873523 (D.Del.)
**(Cite as: 2003 WL 1873523 (D.Del.))**

Page 2

Rule 9027(e) of the Federal Rules of Bankruptcy. (D.I. 4, Exs. A, G; D.I. 15, Ex. 3) Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Rule 9027(e) provides that in a district (like Delaware) where "any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a), the bankruptcy judge may then "issue all necessary orders and process ..." in said removed case. According to Rule 9027(a)(3), once the notice of removal was filed in the Chancery Court, "[t]he parties shall proceed no further in that court unless and until the claim or cause of action is remanded."

Defendants filed their amended notice of removal in this court on January 23, 2003 pursuant to 28 U.S.C. § § 1441 and 1332. (D.I.1) Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added) Section 1332(a)(2) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." Section 1446(d) provides that the removing party "shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." (Emphasis added) Neither the Chancery Court docket nor the Bankruptcy Court docket reflects that defendants filed a copy of the amended notice in any court other than the district court. (D.I.15, Ex. 3) On January 24, 2003, defendants filed a motion for withdrawal of the reference of the bankruptcy proceeding to this court. (D.I.7)

On March 24, 2003, the Bankruptcy Court granted RGC's motion for remand on the grounds of lack of jurisdiction; with the dismissal of the debtor Tricord from the litigation, "this action can have no impact on the administration of Tricord's bankruptcy estate.... Further, the action raises no bankruptcy issues but only issues related to Delaware state law." (D.I.36) On that same date, this court granted defendants' motion for withdrawal of the reference.

This court concludes that the amended notice of removal was not appropriately filed, since defendants concede that the Delaware Court of Chancery had no jurisdiction over the matter once the original notice of removal was filed, and since the law does not provide for "removal" of an action from a district's bankruptcy court to the district court. Although defendants filed a motion to withdraw the reference of the bankruptcy proceeding to this court, given the fact that the Bankruptcy Court concluded it lost jurisdiction once the debtor Tricord was dismissed from the litigation, the matter was not properly withdrawn by this court. Under this convoluted procedural history, brought about by defendants' faulty procedural posturing, the court shall revoke its order of withdrawal so that the Bankruptcy Court's order of remand remains the law of the case.

IV. CONCLUSION

*3 At Wilmington this 11th day of April, 2003, for the reasons stated;

IT IS ORDERED that the court's order granting withdrawal of the reference is hereby revoked. Because the case was improperly removed to this court, the case shall be dismissed, thus mooting all remaining motions.

2003 WL 1873523 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.