# EXHIBIT D

Westlaw.

Not Reported in A.2d
1994 WL 150872 (Del.Super.)
**(Cite as: 1994 WL 150872 (Del.Super.))**

Page 1

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
POORE
v.
FOX HOLLOW ENTERPRISES.
No. C.A. 93A-09-005.

Submitted: March 8, 1994.
Decided: March 29, 1994.

Upon Appellant's Motion to Strike; (Granted).

Christopher W. White, Community Legal Aid Society, Inc., Dover, DE.

Kevin R. Slattery, Deputy Atty. Gen., Wilmington, DE.

STEELE, Judge.

*1 Pursuant to Superior Court Civil Rule 12(f), Tammy Poore (Appellant) filed a Motion to Strike Appellee's Answering Brief for failure to properly file an answer in Superior Court through Delaware counsel. On March 11, 1994, the Court heard oral arguments concerning the Appellant's Motion. In lieu of a ruling from the bench, the Court submits this letter opinion.

On September 29, 1993, Appellant appealed the decision of the Unemployment Insurance Appeal Board which denied her claim for unemployment compensation. According to the Kent County Prothonotary's briefing schedule, the Appellant filed her opening brief on February 2, 1994. On February 22, 1994, the Employer, Fox Hollow Enterprises, filed its answering brief. The answering brief indicated Douglas E. Campbell, the registered agent of Fox Hollow Enterprises, filed this brief through Richard P. Eckman, Esquire.

Counsel for the Appellant contacted Mr. Eckman concerning deficiencies in the answering brief. Mr. Eckman then informed Appellant's counsel he neither drafted nor filed the answering brief on behalf of Appellee Fox Hollow Enterprises. Mr. Eckman also stated neither he nor any member of his firm had entered an appearance in this case.

During the oral arguments concerning this Motion, Douglas E. Campbell admitted he drafted the answering brief himself. Although Mr. Campbell stated he did not have a license to practice law in Delaware, he believed because Fox Hollow Enterprises is a Limited Liability Company and not a corporation, he could represent this company in Superior Court without a Delaware licensed attorney.

Appellant contends because Fox Hollow Enterprises registered with the Delaware Secretary of State as a Limited Liability Company, it cannot conduct litigation in Superior Court without representation by Delaware counsel. Therefore, the Appellant requests the Court strike Appellee's answering brief pursuant to Superior Court Civil Rule 12(f) and use the discretion provided by Superior Court Civil Rule 107(e) to require Appellee to file an appropriate answering brief within seven days.

The Delaware Supreme Court has held a corporation cannot appear or conduct business in court without representation by Delaware counsel. *Transpolymer Industries, Inc. v. Chapel Main Corp.*, Del.Supr., No. 284, 1990, Horsey, J. (Sept. 18, 1990) (ORDER). The Supreme Court reasoned "[a] corporation, though a legally recognized entity, is regarded as an artificial or fictional entity, and not a natural person. While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law." *Id.* (citations omitted).

The threshold question presented to this Court concerns whether or not it should apply this theory of corporate representation to Delaware Limited Liability Companies. As an alternative business entity under Delaware law, the Court must decide if a Limited Liability Company more closely resembles a partnership, which may represent itself in Court, or a corporation, which requires representation by legal counsel.

*2 The Delaware Limited Liability Company Act (DLLCA), codified in Title 6, Chapter 18 of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1994 WL 150872 (Del.Super.)
(Cite as: 1994 WL 150872 (Del.Super.))

Page 2

Delaware Code became effective on October 1, 1992. Approximately 20 states have enacted statutes relating to Limited Liability Companies (LLC); however, it appears none of these jurisdictions have addressed the question of the LLC's legal representation.

The Court recognizes the Delaware General Assembly enacted the DLLCA to serve as an alternative business entity which allows the combination of the best features of both partnerships and corporations. The Delaware statute treats a properly structured LLC as a partnership for federal income tax purposes while affording limited liability for members and managers similar to the limited liability afforded to shareholders and directors of a Delaware corporation. 6 Del.C. § 18-303, 18-1106(a).

Although the statute treats an LLC as a partnership for federal income tax purposes, an LLC is largely a creature of contract--with management, economic, voting and other rights and obligations being primarily specified in the LLC agreement. Walter C. Tuthill & Denison H. Hatch, Jr., *Delaware Limited Liability Companies,* March 5, 1993, at 3. An LLC formed under the DLLCA constitutes a separate legal entity. 6 Del.C. § 18-201(b). Additionally, the interest of a member in the LLC is analogous to shareholders of a corporation. A member usually contributes personal property and has no interest in specific assets owned by the LLC. 6 Del.C. § 18-701. Moreover, a member or manager of an LLC cannot be held liable for the company's debts or obligations above his or her contribution to the company. 6 Del.C. § 18-303.

The Court finds these aspects of the LLC constitute a distinct, but artificial entity under Delaware law. Because of the limited liability inherent in the LLC and the contractual nature of this entity, the Court finds the Delaware Legislature did not intend a member or manager of an LLC could appear in Court to represent the entity without representation by Delaware legal counsel. Ultimately, regulation of the practice of law rests in the Delaware Supreme Court, not the legislature. The underlying purpose of the rule prohibiting the appearance of a corporation by anyone other than a member of the Delaware Bar also applies to the representation of Limited Liability Companies.

Because Fox Hollow Enterprises did not obtain Delaware legal counsel to represent its interests in this appeal, the Court grants Appellant's Motion to Strike Appellee's Answering Brief pursuant to Superior Court Civil Rule 12(f). The Court notes this issue is one of first impression before the Court. Therefore, pursuant to Superior Court Civil Rule 107(e), the Court grants the Appellee ten (10) days to obtain representation by Delaware legal counsel and properly file its answering brief.

For the reasons stated above, the Appellant's Motion to Strike is *granted.*

IT IS SO ORDERED.

1994 WL 150872 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.