IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,                        :
                                        :
          Plaintiff,                    :
                                        :
          v.                            :  Civil Action No. 05-330 JJF
                                        :
JOHN M. KOBAYASHI,                      :
                                        :
          Defendant,                    :
                                        :
          and                           :
                                        :
POKOBO, L.L.C.,                         :
                                        :
          Nominal Defendant.            :

_____

Susan W. Waesco, Esquire, Martin P. Tully, Esquire, David A.
Harris, Esquire and Samuel T. Hirzel II, Esquire of MORRIS,
NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
Attorneys for Plaintiff.

Kevin F. Brady, Esquire and Christos T. Adamopoulos, Esquire of
CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Of Counsel: John P. Akolt III, Esquire and John C. Akolt, Esquire
of LAW OFFICES OF AKOLT & AKOLT, LLC, Denver, Colorado.
Attorneys for Defendant.

_____

**MEMORANDUM OPINION**

August 22, 2005
Wilmington, Delaware

FARNAN, District Judge.

Pending before the Court is the Motion To Remand (D.I. 8) filed by Plaintiff Werner L. Polak.  For the reasons discussed, the motion will be denied.

## BACKGROUND

On March 21, 1997, Mr. Polak and Defendant John M. Kobayashi filed a certificate of formation with the Delaware Secretary of State, forming Pokobo LLC ("Pokobo").  The operation and management of Pokobo is governed by the Limited Liability Company Agreement of Pokobo, LLC ("the LLC Agreement"), dated March 1, 1997, which defines the parties' obligations to Pokobo and to each other.  Pursuant to Section 5.01 of the LLC Agreement, management of Pokobo is vested jointly in Mr. Polok and Mr. Kobayashi.

On February 23, 2005, Mr. Polak filed a Petition for Dissolution in the Court of Chancery in Delaware against Defendants Mr. Kobayashi and Pokobo.  In his Petition, Mr. Polak seeks judicial dissolution of Pokobo pursuant to 6 Delaware Code §§ 18-801 and 18-802 and an accounting of each member's capital account and Pokobo's expenses.  Mr. Polak also seeks a judicial declaration that real property currently titled solely in Mr. Kobayashi's name belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be

1

transferred to Pokobo.  The Petition also asserts a derivative claim on behalf of Pokobo for breach of fiduciary duty and claims for breach of contract and unjust enrichment.  (D.I. 1, Appendix A.)  All of Mr. Polak's claims arise under state law; no federal law claims are asserted.

On May 25, 2005, Mr. Kobayashi filed a Notice of Removal removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 (D.I. 1).  On June 2, 2005, Mr. Kobayashi filed a Motion To Transfer (D.I. 4), requesting transfer to the United States District Court for the District of Hawaii.  On June 15, 2005, Mr. Polak filed the instant Motion To Remand (D.I. 8), seeking remand to the Delaware Court of Chancery.

## LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) (2004).  The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).  A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2004).  The party seeking removal bears the burden to establish federal jurisdiction.  Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006 (3d Cir. 1987); Zoren v.

2

Genesis Engery, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002).
In determining whether remand based on improper removal is
appropriate, the court "must focus on the plaintiff's complaint
at the time the petition for removal was filed," and assume all
factual allegations therein are true.  Id.

### PARTIES' CONTENTIONS

By his Motion, Mr. Polak contends that this case must be
remanded for lack of subject matter jurisdiction because complete
diversity of citizenship does not exist among the parties.
Specifically, Mr. Polak contends that Pokobo's citizenship must
be considered for purposes of determining whether diversity
jurisdiction exists.  Mr. Polak further contends that, even if
subject matter jurisdiction exists, the Court should decline to
exercise its jurisdiction on abstention grounds.  In response,
Mr. Kobayashi contends that, because Mr. Polak's claims are
direct and not derivative, Pokobo's citizenship is not a factor
in determining diversity jurisdiction.  The parties do not
dispute that the amount in controversy for federal subject matter
jurisdiction based on diversity of citizenship is satisfied.

### DISCUSSION

### I.   Whether Complete Diversity Of Citizenship Exists

Mr. Polak's Petition For Dissolution indicates that Mr.
Polak is a citizen of the state of New York and Mr. Kobayashi is

3

a citizen of the state of Colorado.  (D.I. 1, Appendix A at 2.)
Because a Delaware limited liability company, assumes the
citizenship of its members, the Court concludes that Pokobo is a
citizen of both New York and Colorado.  See Ketterson v. Wolf,
2001 WL 940909 (D. Del., August 14, 2001); Carden v. Arkoma
Assocs., 494 U.S. 185, 187-192 (1990); Handelsman v. Bedford
Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).

Pokobo is named as a Nominal Defendant in the Petition For
Dissolution.  A nominal party is generally a party without a real
interest in the litigation.  See Bumberger v. Insurance Co. of
North Am., 952 F.2d 764, 767 (3d Cir. 1991).  "[A] federal court
must disregard nominal or formal parties and rest jurisdiction
only upon the citizenship of real parties to the controversy."
Navarro Sav. Ass'n v. Lee, 446 U.S. 458 (1980).  However, in
determining whether removal is proper, a court may realign the
parties according to their substantive interests in the
litigation.  See Employers Ins. of Wausau v. Crown Cork & Seal
Co., Inc., 942 F.2d 862 (3d Cir. 1991).  In the Third Circuit,
when determining whether diversity of citizenship exists, "a
court must first identify the primary issue in controversy and
then determine whether there is a real dispute by opposing
parties over that issue."  Id. at 864.

4

To identify the primary issue, the Court first looks to the pleadings submitted by the parties. Id. at 866.   The Court also has a duty to look beyond the pleadings to determine the actual interests of the parties. Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156 (3d Cir. 1995). Mr. Polak's Petition For Dissolution contains five counts: judicial dissolution, breach of contract, breach of fiduciary duty, declaratory judgment, and unjust enrichment.  Mr. Polak contends that the primary issue is whether Mr. Kobayashi breached his fiduciary duty to Pokobo.  (D.I. 9 at 9.)  Mr. Kobayashi contends that this lawsuit hinges on Mr. Polak's breach of contract claim.  (D.I. 13 at 11.)

After reviewing the Petition For Dissolution (D.I. 1, Appendix A), the Court concludes that the primary issue in this lawsuit is whether Pokobo should be dissolved pursuant to 6 Delaware Code §§ 18-801 and 18-802.  Although in his Petition Mr. Polak also asks the Court to determine whether a 17-acre parcel of property titled solely in Mr. Kobayashi's name rightfully belongs to Pokobo, the Court concludes that the issue of ownership of the 17-acre parcel is central only to Mr. Polak's secondary claims: 1) whether Mr. Kobayashi breached Section 5.01 of the LLC Agreement; 2) whether Mr. Kobayashi breached his fiduciary duty to Pokobo, and 3) whether Mr. Kobayashi was

5

unjustly enriched by his conduct with regard to the 17-acre parcel. On the face of the Petition, it appears that Mr. Polak is requesting dissolution of Pokobo regardless of the Court's holding with regard to the ownership of the 17-acre parcel.

Having determined that dissolution of the corporation is the primary issue in this lawsuit, the Court must next determine whether there is a "real dispute by opposing parties" over that issue. In other words, the Court will determine whether Pokobo is a real party to the dissolution controversy.

Mr. Polak contends that Pokobo is a real party to the dispute because Mr. Polak's claims are derivative rather than direct. Pursuant to Delaware law, the issue of whether a stockholder's claims are derivative or direct turns solely on who suffered the alleged harm and who would receive the benefit of any recovery or other remedy. Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031 (Del. Supr. 2004).

The Court finds that Mr. Polak, not Pokobo, would benefit from the dissolution of the corporation. Further, this action arises out of a strictly internal conflict between Pokobo's members, both of whom will be before the Court. Because Mr. Polak has failed to establish that Pokobo itself has any interest distinct from the interests of Mr. Polak and Mr. Kobayashi, the Court concludes that Pokobo is not a real party to the

6

dissolution issue and should remain a nominal defendant. Accordingly, the Court concludes that, in these circumstances, complete diversity of citizenship exists among the parties and the Court has subject matter jurisdiction to hear this lawsuit.

## II.  Whether The Court Should Abstain From Hearing The Controversy

Mr. Polak contends that, pursuant to the <u>Burford</u> abstention doctrine, the federal interest in retaining jurisdiction in these circumstances is outweighed by the state interest in resolving the dispute between the parties.  In response, Mr. Kobayashi contends that the present lawsuit does not present "difficult questions of state law bearing on problems of substantial public import" and, thus, Burford abstention is inappropriate.

"<u>Burford</u> abstention applies when a federal court is asked to enjoin a state administrative order that will injure the plaintiff (such as an order granting an oil drilling permit to a competitor or denying the plaintiff permission to discontinue an unprofitable line of business)."  <u>Keeley v. Loomis Fargo & Co.</u>, 183 F.3d 257, 273 n. 13 (3d Cir. 1999).  A federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies:

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review

> of the question in a case and in similar cases would be
> disruptive of state efforts to establish a coherent
> policy with respect to a matter of substantial public
> concern."

New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S.

350, 361 (1989) (citation omitted); see also Keeley, 183 F.3d at

257.  Cases implicating Burford abstention generally involve

state orders against an individual party that a plaintiff seeks

to enjoin in federal court.  This lawsuit presents a dispute

between two members of a limited liability corporation.  Thus,

there are no "proceedings or orders of state administrative

agencies" at issue here.  Further, some of Mr. Polak's claims are

for damages, not equitable relief.  For these reasons, the Court

concludes that abstention pursuant to Burford is not appropriate

in the circumstances of this case.

### CONCLUSION

For the reasons discussed, the Motion To Remand (D.I. 8)

filed by Plaintiff Werner L. Polak will be denied.

An appropriate Order will be entered.