```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

WERNER L. POLAK,                      :
                                      :
        Plaintiff,                    :
                                      :
    v.                                : Civil Action No. 05-330 JJF
                                      :
JOHN M. KOBAYASHI,                    :
                                      :
        Defendant,                    :
                                      :
        and                           :
                                      :
POKOBO, L.L.C.,                       :
                                      :
        Nominal Defendant.            :

## MEMORANDUM ORDER

Pending before the Court is the Motion To Transfer Venue Under 28 U.S.C. § 1404(a) (D.I. 4) filed by Defendant John M. Kobayashi. For the reasons discussed, the motion will be denied.

### BACKGROUND

On March 21, 1997, Mr. Polak and Defendant John M. Kobayashi filed a certificate of formation with the Delaware Secretary of State, forming Pokobo LLC ("Pokobo"). The operation and management of Pokobo is governed by the Limited Liability Company Agreement of Pokobo, LLC ("the LLC Agreement"), dated March 1, 1997, which defines the parties' obligations to Pokobo and to each other. Pursuant to Section 5.01 of the LLC Agreement, management of Pokobo is vested jointly in Mr. Polok and Mr. Kobayashi.

On February 23, 2005, Mr. Polak filed a Petition for Dissolution in the Court of Chancery in Delaware against Defendants Mr. Kobayashi and Pokobo. In his Petition, Mr. Polak seeks judicial dissolution of Pokobo pursuant to 6 Delaware Code §§ 18-801 and 18-802 and an accounting of each member's capital account and Pokobo's expenses. Mr. Polak also seeks a judicial declaration that real property currently titled solely in Mr. Kobayashi's name belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be transferred to Pokobo. The Petition also asserts a derivative claim on behalf of Pokobo for breach of fiduciary duty and claims for breach of contract and unjust enrichment. (D.I. 1, Appendix A.) All of Mr. Polak's claims arise under state law; no federal law claims are asserted.

On May 25, 2005, Mr. Kobayashi filed a Notice of Removal removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (D.I. 1.) On June 2, 2005, Mr. Kobayashi filed the instant Motion To Transfer (D.I. 4), requesting transfer to the United States District Court for the District of Hawaii.

On June 15, 2005, Mr. Polak filed a Motion To Remand (D.I. 8), seeking remand to the Delaware Court of Chancery. On August 22, 2005, the Court entered an Order (D.I. 19) denying the motion.

**LEGAL STANDARD**

By his motion, Mr. Kobayashi moves for a transfer to the District of Hawaii pursuant to 28 U.S.C. § 1404(a). Section 1404(a) is the general transfer statute that provides, "For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995), to decide if they should order a transfer. The private interests outlined in Jumara include: (1) Plaintiff's forum preference; (2) Defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties; (5) the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records--but only to the extent that the documents may be unavailable for trial in one of the fora. Id. at 879 (citations omitted).

The public interests include "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the

local interest . . ., [and] the public policies of the fora."
Id.

Mr. Kobayashi bears the burden of establishing the need for transfer.  Id.

### PARTIES' CONTENTIONS

Mr. Kobayashi contends that this case should be transferred to the United States District Court for the District of Hawaii at Honolulu, Hawaii for several reasons: (1) Hawaii is Pokobo's principal place of business and its sole location, (2) the real property that is the subject of this action is located in Hawaii, and (3) the actions that form the basis of the complaint occurred, if at all, in the State of Hawaii.  Further, Mr. Kobayashi contends that a balancing of the private and public interests set forth in Jumara demonstrate that the case should be transferred.

In response, Mr. Polak contends that Mr. Kobayashi's motion to transfer should be denied because Mr. Kobayashi has failed to carry his burden of demonstrating that the proper balance of the Jumara factors strongly favors transfer of venue to Hawaii.  In particular, Mr. Polak contends that his choice of forum, Delaware, should be given paramount consideration in any transfer analysis conducted by the Court.

## DISCUSSION

I. **Whether Plaintiffs' Choice Of Forum Is Entitled To "Paramount Consideration"**

Ordinarily, a court will give "paramount consideration" to a plaintiff's choice of forum. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, absent a legitimate, rational reason, if the plaintiff chooses to litigate away from his or her "home turf," the defendant's burden of establishing the need for transfer is lessened. Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991). The Court finds that Mr. Polak has chosen to litigate away from New York, his "home turf," and instead, to litigate in the state of incorporation for Pokobo. Mr. Polak's choice of the home of Pokobo, Delaware, is a rational and legitimate reason to choose to litigate in that state. Pokobo is incorporated in the State of Delaware and, by his action, Mr. Polak seeks to dissolve Pokobo pursuant to Delaware law. On these facts, the Court will give "paramount consideration" to Mr. Polak's decision to file the instant action in Delaware, and therefore, to prevail on its motion, Mr. Kobayashi must demonstrate that the Jumara factors strongly favor a transfer to Hawaii.

## II. Whether The Private Interests Strongly Favor Transfer

Although two parcels of land at issue in some of the claims of the Complaint are located in Hawaii, the Court concludes that this factor, along with the remaining <u>Jumara</u> private interest considerations, do not strongly favor a transfer to Hawaii.

First, the convenience of the parties does not favor venue in Hawaii over Delaware because neither party would be unduly burdened by litigating this action in Delaware. Mr. Kobayashi is a resident of Colorado and Mr. Polak chose to litigate in Delaware. Further, Mr. Polak reasonably asserts that traveling to Delaware from New York is less burdensome on him than traveling to Hawaii.

Next, although Mr. Kobayashi contends that the actions involving the land at issue took place in Hawaii, Mr. Kobayashi does not contend that the books and records necessary to litigate this action could not be easily produced in Delaware. Therefore, the Court finds that the location of the books and records do not weigh in favor of a transfer to Hawaii. <u>See</u> <u>Jumara</u>, 55 F.3d at 879 (indicating that a court should consider the location of books and records only to the extent that the files "could not be produced in the alternative forum").

With regard to the convenience of witnesses, the Court finds that this case will primarily involve the interpretation of documents and application of legal principles. At this point

5

there is no reason to believe that a large number of witnesses will be required to adjudicate the issues presented. Mr. Kobayashi has identified Pokobo's accountant, Colin Grubb, a Colorado resident, as a potential witness, but has not named any witness who would be unable or unwilling to appear in Delaware.

In sum, Mr. Kobayashi has not shown litigation in Delaware presents an unusual burden on witnesses. After balancing the private interests, the Court concludes that Delaware is a forum at least as convenient as Hawaii in which to litigate the issues of this lawsuit.

### III. Whether The Public Interests Strongly Favor Transfer

The Court also concludes that the public interest factors do not weigh strongly in favor of a transfer to Hawaii. Again, because the primary issue in this litigation is whether a Delaware limited liability corporation should be dissolved, there is no strong local interest in litigating this action in Hawaii. By contrast, Pokobo is a Delaware citizen and Delaware courts have an interest in protecting the rights of its citizens. See Intel Corp. v. Broadcom Corp., 167 F. Supp. 2d 692, 706 (D. Del. 2001).

In addition, the Jumara factor that requires examining the difficulty of enforcing a judgment, were Mr. Polak to prevail in the litigation, does not weigh in favor or against a transfer

because there has been no dispute in either state over in personam jurisdiction.

## CONCLUSION

In sum, giving due weight to Mr. Polak's decision to file the instant lawsuit in Delaware and the absence of strong private or public interests favoring transfer to Hawaii, the Court concludes that the <u>Jumara</u> factors do not strongly favor a transfer of the instant action under 28 U.S.C. § 1404(a). Accordingly, the Motion To Transfer Venue Under 28 U.S.C. § 1404(a) (D.I. 4) filed by Defendant John M. Kobayashi is **DENIED**.

So Ordered.

August 31, 2005
DATE

UNITED STATES DISTRICT JUDGE

7