IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WERNER L. POLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. KOBAYASHI, | ) | C.A. No. 05-330 (JJF) |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF'S MOTION
FOR REARGUMENT OR RECONSIDERATION**

Pursuant to D. Del. L.R. 7.1.5, plaintiff Werner L. Polak ("Plaintiff") respectfully moves for reargument or reconsideration of the Court's August 22, 2005 Memorandum Opinion (the "Opinion") (D.I. 18) and Order (D.I. 19) denying Plaintiff's motion to remand this action to the Court of Chancery. The grounds for this motion are as follows:

1. In its Opinion, the Court held that abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and its progeny was inappropriate. Op. at 7 (D.I. 18). In reaching this result, the Court relied on the Third Circuit's opinion in *Keeley v. Loomis Fargo & Co.*, 183 F.3d 257 (3d Cir. 1999), noting that *Burford* abstention applies when "a federal court is asked to enjoin a state administrative order that will injure the plaintiff." *Id.* (quoting *Keeley*, 183 F.3d at 273 n.13). Based on its findings that this action involves "a dispute between two members of a limited liability corporation" and that "no proceedings or orders of state administrative agencies"

are implicated, the Court concluded that, under *Burford*, abstention was not warranted. *Id.* at 7-8.

    2.  The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact and thereby prevent injustice. *Max's Seafood Cafe v. Quninteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted). *See also Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd*, 22 F.3d 303 (3d Cir. 1994) ("[T]he Court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error."). In this district, Local Rule 7.1.5 governs reargument and "permit[s] the Court to correct error without unduly sacrificing finality." *See Schering Corp. v. Amgen Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). The decision to grant a motion for reargument lies within the sound discretion of the Court. *Corning Inc. v. SRU Biosystems, LLC*, 2004 WL 2348089, at *1 (D. Del.).[1] Reargument should be granted if the Court has (1) misunderstood a party; (2) made a decision outside the adversarial issues presented by the parties, or (3) made an error not of reasoning, but of apprehension. *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del.). Thus, reconsideration of a prior decision is appropriate when "it appears the court has overlooked facts or precedent which, had they been considered, might reasonably have altered the result." *Karr*, 768 F. Supp. at 1093.

    3.  Plaintiff respectfully submits that in relying exclusively on *Keeley*, the Court misapprehended the applicability of the *Burford* doctrine to actions for corporate

---

[1] Copies of all unreported cases cited herein are attached as exhibits hereto.

2

dissolution.[2] In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court instructed that proper application of the abstention doctrines requires federal courts to "balance[] the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem." *Quackenbush*, 517 U.S. at 728 (citations omitted).

    4.    Plaintiff maintains that application of the *Burford* abstention doctrine is not limited to instances in which a federal court is asked to enjoin a state administrative proceeding or order, as the *Keeley* decision and this Court's Opinion would suggest. *See Nelson v. Murphy*, 44 F.3d 497, 500-01 (7th Cir. 1995) (noting that agency action is not necessary to justify *Burford* abstention); *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 661-63 (6th Cir. 2002) (holding that the use of *Burford* abstention is not limited to situations where state administrative agencies are involved). *See also Quackenbush*, 517 U.S. at 727 (noting that there is no "formulaic test" for determining when to apply the *Burford* abstention doctrine). As the Court noted in its Opinion (D.I. 18 at 7-8), abstention is permitted when a case presents "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar" or if federal adjudication of the case "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans*, 491 U.S. 350, 361 (1989) (citations omitted).

---

[2]    In its Opinion, the Court found that "dissolution of the corporation is the primary issue in this lawsuit." D.I. 18 at 6.

5. In corporate dissolution actions brought under state law, abstention is the rule rather than the exception. *See e.g.*, *In re English Seafood (USA) Inc.,*, 742 F. Supp. 281, 288-89 (D. Del. 1990) (abstaining from corporate dissolution action and remanding to the Court of Chancery); *Caudill*, 301 F.3d at 663-65 (affirming district court's decision to abstain from corporate dissolution actions); *Friedman v. Revenue Mgmt. of N.Y.*, 38 F.3d 668, 670-71 (2d Cir. 1994) (invoking *Burford* abstention in a corporate dissolution action because "abstention would avoid needless interference with New York's regulatory scheme governing its corporations"); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 296-98 (E.D.N.Y. 1999) (abstaining from exercising federal jurisdiction over a corporate dissolution claim); *Alkire v. Interstate Theatres Corp.*, 379 F. Supp. 1210, 1215 (D. Mass. 1974) (noting that even if a federal district court has the power to dissolve a corporation, abstention was appropriate); *Codos v. Nat'l Diagnostic Corp.*, 711 F. Supp. 75, 77-78 (E.D.N.Y. 1989) (same). Indeed, seventy years ago the United States Supreme Court observed that:

> It has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state.

*Pennsylvania v. Williams*, 294 U.S. 176, 185 (1935).

6. The Opinion constitutes a departure from this general rule. *See Friedman*, 38 F.3d at 671 ("[E]very federal court that has addressed the issue of dissolving state corporations has either abstained or noted that abstention would be appropriate, assuming jurisdiction existed."). Accordingly, Plaintiff respectfully asks this Court to reconsider its prior ruling and follow this district's teaching that "federal courts should abstain from interfering with the development and administration of the complex statutory schemes that states have devised to regulate corporations created under their laws." *English Seafood*, 743 F. Supp. at 288.

4

7.  The fact that "some of [Plaintiff's] claims are for damages, not equitable relief" (D.I. 18 at 8) does not prevent application of the *Burford* abstention doctrine. *See* D.I. 9 at 14-17. Rather, *Quackenbush* – the most recent pronouncement by the United States Supreme Court on *Burford* abstention – instructs that Plaintiff's claim for damages can be stayed pending the resolution of his state law claims for equitable relief. *See Quackenbush*, 517 U.S. at 721, 730. *See also Johnson v. Collins Entm't Co., Inc.*, 199 F.3d 710, 728-29 (4th Cir. 1999) (remanding claims for equitable relief and staying claims for damages pending resolution of the equitable claims).

8.  Finally, this action involves no federal claims and implicates no federal rights. *See* D.I. 20 at 1 ("All of [Plaintiff's] claims arise under state law; no federal claims are asserted."). This fact, coupled with Delaware's "comprehensive regulation of corporate governance and existence" counsels against retaining jurisdiction and instead supports application of the *Burford* abstention doctrine. *See Friedman*, 38 F.3d at 671.

9.  In sum, "[b]asic abstention doctrine requires federal courts to avoid interference with a state's administration of its own affairs." *Johnson*, 199 F.3d at 719. Invoking *Burford* abstention, federal courts have consistently refrained from hearing corporate dissolution proceedings. *See Friedman*, 38 F.3d at 671 (generally noting that abstention "avoid[s] needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation" and declining to exercise jurisdiction over a state corporate dissolution proceeding because "it [is] difficult to conceive of an issue more important to the state than the continuation or dissolution of a corporation that was created and exists through the operation of its laws.") (citation omitted). In light of these authorities, Plaintiff respectfully

requests that the Court reconsider its prior decision and remand this matter to the Court of Chancery for further proceedings.

                MORRIS, NICHOLS, ARSHT & TUNNELL

                /s/ Susan W. Waesco
                Martin P. Tully (#465)
                David A. Harris (#3568)
                Susan W. Waesco (#4476)
                Samuel T. Hirzel, II (#4415)
                1201 N. Market Street
                Wilmington, DE  19801
                (302) 658-9200
                swaesco@mnat.com
                  Attorneys for Plaintiff

September 6, 2005

CERTIFICATE OF SERVICE

I, Susan W. Waesco, hereby certify that on September 6, 2005 I electronically filed **PLAINTIFF'S MOTION FOR REARGUMENT OR RECONSIDERATION**, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 1007 North Orange Street
Wilmington, Delaware 19801

I also certify that copies were caused to be served on September 6, 2005 upon the following in the manner indicated:

**BY HAND**

Kevin F. Brady, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building, 1007 North Orange Street
Wilmington, Delaware 19801

/s/ Susan W. Waesco
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
swaesco@mnat.com
  Attorneys for Plaintiff

September 6, 2005