# TAB 1

Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2004 WL 2348089
(Cite as: Not Reported in F.Supp.2d)

H
Not Reported in F.Supp.2d, 2004 WL 2348089
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CORNING INCORPORATED and Artificial Sensing Instruments ASI AG, Plaintiffs,
v.
SRU BIOSYSTEMS, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC, Defendants.
No. Civ.A. 03-633 JJF.

Oct. 13, 2004.

Richard L. Horwitz , and David E. Moore , of Potter Anderson & Corroon LLP , Wilmington, Delaware, Kenneth E. Krosin , Andrew E. Rawlins , Larry L. Shatzer , and George C. Best , of Foley & Lardner LLP, Washington, D.C., for Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG, of counsel.
Steven J. Balick , and John G. Day , of Ashby & Geddes , Wilmington, Delaware, John J. McDonnell , Daniel A. Boehnen , Matthew J. Sampson , Richard A. Machonkin , and Patrick G. Gattari , of McDonnell Boehnen Hulbert & Berghoff LLP, Chicago, Illinois, for Defendants SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC, of counsel.

MEMORANDUM OPINION

FARNAN, J.
*1 Pending before the Court is the Request For Partial Reconsideration Of Claim Construction Decision (D.I.175) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC (collectively, "SRU"). By its Motion, SRU requests reconsideration pursuant to D. Del. L.R. 7.1.5 of two terms, "waveguiding structure" and "waveguiding film," construed by the Court in its July 9, 2004 claim construction decision. For the reasons set forth below, the Court will deny SRU's request for partial reconsideration.

DISCUSSION

I. Legal Standard For Reargument Under D. Del. L.R. 7.1.5

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions. See D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly. Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F.Supp.2d 385, 419 (D.Del.1999).

A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court." ' Id. (citing Ogelsby v. Penn Mutual Life Ins. Co., 877 F.Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. Id. (citing Pirelli Cable Corp v. Ciena Corp., 988 F.Supp. 424, 445 (D.Del.1998)). With this standard in mind, the Court will address SRU's Motion for reconsideration

II. SRU's Motion For Reconsideration

By its Motion, SRU contends that the Court erred in its construction of the terms "waveguiding structure" and "waveguiding film." Specifically, SRU requests the Court to add the following language, indicated by bold, italicized print, to the Court's claim construction.
  "Waveguiding structure" means: "A structure *that confines light,* formed by a waveguiding film and a substrate and containing a diffraction grating."
  "Waveguiding film" means: "A film which, in combination with a sample having a lower index of refraction and a substrate can guide light along a path by *total internal reflection.* "
(D.I. 157 at 2). SRU contends that by declining to include the "confining light" limitation in the term "waveguiding structure," the Court overlooked intrinsic evidence contained in Ilan Chabay, "Optical Waveguides," *Analytical Chemistry,* vol. 54, no. 9, pp. 1071A-1080A (Aug.1982) (the "Chabay reference"). SRU contends that the Chabay reference was cited during the prosecution of the '843 patent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and identified on the face of the patent, such that it constitutes controlling intrinsic evidence. SRU contends that the Chabay reference is the only intrinsic evidence directly on point, and the Chabay reference makes clear that a waveguiding structure confines light.

*2 With respect to the term "waveguiding film," SRU contends that the Court's construction is based on a misunderstanding of the patent specification. SRU contends that regardless of whether a strip is used for waveguiding, the light is still guided by total internal reflection. SRU contends that this definition is consistent with the treatise P.K. Tien, "Light Waves In Thin Films And Integrated Optics," *Applied Optics,* vol. 10, pp. 2395-2413 (1971).

Reviewing the Court's claim construction decision, the *Markman* hearing transcript, and the submissions by the parties in connection with this Motion and the *Markman* hearing, the Court concludes that reconsideration of its claim construction decision is not warranted. SRU presented the same arguments it advances here at the *Markman* hearing and in the *Markman* briefing. The Court considered these arguments in rendering its construction of the disputed terms, and thus, SRU's Motion attempts to relitigate matters already considered and decided by the Court. Accordingly, the Court concludes that SRU has not stated a cognizable ground justifying reconsideration under D. Del. L.R. 7.1.5.

Further, even if the Court were to consider the substance of SRU's argument, the Court would not grant reconsideration and would render the same claim construction it rendered in its July 9, 2004 decision. Although the Court did not refer to the Chabay reference as intrinsic evidence in its decision, the Court considered the Chabay reference in construing the term "waveguiding structure." Further, the fact that the Chabay reference may be considered intrinsic evidence does not support SRU's assertion that it is controlling as to the definition of "waveguiding structure." In *Kumar v. Ovanic Battery Co,* 351 F.3d 1364 (Fed.Cir.2003), the Federal Circuit found a prior art reference cited during the prosecution history of the patent at issue to be controlling where the applicant and the examiner considered the reference to be highly pertinent and it was discussed extensively and distinguished during the prosecution of the patent. Unlike *Kumar,* in this case, SRU has not demonstrated that the applicant discussed the Chabay reference extensively during the prosecution of the '843 patent or that the applicant embraced the Chabay reference as applying specifically to the claims. Further, the Chabay reference must be considered along with the other intrinsic evidence, FN1 and this evidence contradicts SRU's position that the "waveguiding structure" must confine light. As the Court pointed out in its July 9 decision, at least two embodiments, Figures 3 and 7 of the '843 patent, show that a portion of the waveguiding structure is intentionally used to direct light out of the waveguiding structure. Taking the intrinsic evidence as a whole, the Court is not persuaded that the limitation of "confining light" should be added to the Court's definition of "waveguiding structure."

> FN1. *See Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1343 (Fed.Cir.2001) ; *DeMarini Sports, Inc. v. Worth,* 239 F.3d 1314, 1324 (Fed.Cir.2001).

Similarly, with respect to the term "waveguiding film," the Court concludes that the limitation of "total internal reflection" suggested by SRU is not supported by the claim language or the specification. The Federal Circuit has cautioned against importing limitations from the specification into the claim. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1325 (Fed.Cir.2003) ; *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,* 345 F.3d 1318, 1327 (Fed.Cir.2003). Further, as the Court noted in its July 9 decision, the specification does not support the limitation proposed by SRU. While the specification does describe embodiments which include the requirement of total internal reflection, it also suggests the use of other structures for the purpose of waveguiding, and as indicated by those skilled in the art, these other structures do not necessarily require total internal reflection. '843 patent, col. 2, 11. 40-44, 53-56, col. 3, 11. 43-47, col. 8, 11. 39-40; Pollock Decl. at ¶ 27-29, 31-33. Accordingly, the Court is not persuaded that the limitation of "total internal reflection" should be added to the Court's construction of the term "waveguiding film."

CONCLUSION

*3 For the reasons discussed, the Court will deny SRU's Request For Partial Reconsideration Of Claim Construction Decision.

An appropriate Order will be entered.

*ORDER*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2004 WL 2348089
**(Cite as: Not Reported in F.Supp.2d)**

At Wilmington, this 13th day of October 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Request For Partial Reconsideration Of Claim Construction Decision (D.I.175) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC is *DENIED*.

D.Del.,2004.
Corning Inc. v. SRU Biosystems, LLC
Not Reported in F.Supp.2d, 2004 WL 2348089

Briefs and Other Related Documents (Back to top)

• 1:03CV00633 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 2

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22939281
(Cite as: Not Reported in F.Supp.2d)

Page 1

H
Not Reported in F.Supp.2d, 2003 WL 22939281
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Juanita L. KAVANAGH and Gerald Kavanagh, Jr., Plaintiffs,
v.
KEIPER RECARO SEATING, INC., a Corporation of the State of Michigan, Keiper Enterprises, Inc., a Corporation of the State of Michigan, Recaro North America, Inc., a Corporation of the State of Michigan, Defendants.
No. Civ.A. 98-556-JJF.

July 24, 2003.

Robert Jacobs, of Jacobs & Crumplar, P.A., Wilmington, Delaware. for Plaintiffs.
Armand J. Della Porta, Jr., of Kelley Jasons McGuire & Spinelli, L.L.P., Wilmington, Delaware. for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Pending before the Court is a Motion For Reargument (D.I.219) filed by Plaintiffs, Juanita L. Kavanagh and Gerald Kavanagh, requesting the Court to reconsider its previously entered Order (D.I.218) granting partial summary judgment in favor of Defendants on Plaintiffs' claims for breach of warranty under Delaware law. For the reasons discussed, Plaintiffs' Motion For Reargument will be denied.

BACKGROUND

The pertinent factual background of this case has been set forth fully by the Court in its previously issued Memorandum Opinion. *Kavanagh v. Keiper,* Civ. Act. No. 98-556-JJF, mem. op. at 1-2 (D.Del. Sept. 30, 2002) (*"Kavanagh I"*) (D.I.217). In *Kavanagh I,* the Court granted summary judgment in favor of Defendants on the grounds that Plaintiffs' warranty claims were barred by the applicable statute of limitations. In addition, the Court considered Plaintiffs' claim that the alleged defect was electrical in nature, and thus, covered by the three year express warranty in effect for electrical components. With regard to this claim, the Court concluded that Plaintiffs failed to establish a genuine issue of material fact as to whether the alleged defect was electrical in nature. Thereafter, Plaintiffs filed the instant Motion seeking reargument of that portion of the Court's decision pertaining to the warranty for electrical components.

DISCUSSION

I. Legal Standard For Reargument

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions. FN1 *See* D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999).

 FN1. Local Rule 7.1.5 provides:
 A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 10 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted.

A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court." ' *Id.* (citing *Ogelsby v. Penn Mutual Life Ins. Co.,* 877 F.Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. *Id.* (citing *Pirelli Cable Corp v. Ciena Corp.,* 988 F.Supp. 424, 445 (D.Del.1998)). With this standard in mind, the Court will address Plaintiffs' Motion For Reargument.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### II. Plaintiffs' Motion For Reargument

By their Motion, Plaintiffs contend that the Court erred in concluding that Plaintiffs did not produce evidence creating a genuine issue of material fact as to whether the three year electrical warranty applied to the alleged defect in this case. Specifically, Plaintiffs contend that the report of Plaintiffs' expert, Frank Johnson, establishes that "a defect was found in the switch for activating the air or pneumatic column, which supports the seat." (D.I. 219 at 2, citing D.I. 160 at 1-2). Because the switch is an electrical component, Plaintiffs maintain that the three year warranty with respect to electrical components is still in effect.

*2 Plaintiffs presented this exact argument to the Court in its opposition to Defendants' motion for summary judgment. Plaintiffs also advanced the same expert report, and the Court considered that report in reaching its conclusion that Plaintiffs "failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh I*, Civ. Act. No. 98-556 at 6. As such, Plaintiffs' Motion attempts to relitigate matters already decided by the Court, and therefore, Plaintiffs have not stated a cognizable ground justifying reargument in this case. FN2

> FN2. Plaintiffs did not specify whether they were seeking reargument pursuant to Local Rule 7.1.5 or reargument pursuant to Federal Rule of Civil Procedure 59(e). However, a motion for reargument under Rule 7.1.5 that challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Rule 59(e). *See e.g. New Castle County v. Hartford Accident and Indemnity Co.*, 933 F.2d 1162, 1176-1177 (3d Cir.1991). Even if the Court were to consider the standards governing Rule 59(e) motions to alter or amend judgment, the Court would conclude that Plaintiffs are not entitled to relief. Plaintiffs have not presented the Court with a change in controlling law, newly discovered evidence, a clear error of law or fact, or the need to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

However, even if the Court were to consider the substance of Plaintiffs' argument, the Court would not grant reargument and would reach the same conclusion it reached previously. The warranty for electrical components covers breakage and excessive wear under normal use. Mr. Johnson's expert report does not allege that any electrical component was broken or worn. At most, Mr. Johnson's report suggests that the location of the pneumatic suspension control switch may have been problematic, but the location of the switch is not an electrical issue covered by the applicable warranty. Accordingly, the Court finds no basis to alter its previous conclusion that Plaintiffs have "failed to provide any documentary or testimonial evidence that the alleged defect was electrical in nature." *Kavanagh*, Civ. Act. No. 98-556 at 6. Because Plaintiffs have failed to create a genuine issue of material fact as to whether the three year express warranty on electrical components applies, the Court concludes that summary judgment was properly granted in favor of Defendants, and therefore, Plaintiffs' Motion For Reargument will be denied.

### CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs' Motion For Reargument.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 24th day of July 2003, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiffs' Motion For Reargument (D.I.219) is DENIED.

D.Del.,2003.
Kavanagh v. Keiper Recaro Seating, Inc.
Not Reported in F.Supp.2d, 2003 WL 22939281

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.