IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK,<br>      Plaintiff,<br><br>vs<br><br>JOHN M. KOBAYASHI,<br>      Defendant,<br><br>and<br><br>POKOBO, L.L.C.,<br>      Nominal Defendant | )<br>)<br>)<br>)<br>)  C.A. No. 05-330 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR REARGUMENT OR RECONSIDERATION**

This is defendant John M. Kobayashi's ("Defendant") Response to Plaintiff's Motion for Reargument or Reconsideration (the "Motion") of this Court's August 22, 2005 Memorandum Opinion denying Plaintiff's motion to remand this action to the Court of Chancery.

In a thinly-veiled attempt for a third bite of the apple, Plaintiff's sole basis for reargument or reconsideration of this Court's decision is the applicability of the abstention doctrine articulated by the United States Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) which the Plaintiff already presented twice to this Court – once in the Plaintiff's brief in support of his motion to remand and again in Plaintiff's reply brief in support of his motion to remand. This Court was correct in its determination of the application of the abstention doctrine as established by *Burford* and case law

subsequent to *Burford*. Consequently, for these reason as well as the reasons set forth below, Plaintiff's Motion should be denied.

Plaintiff's Motion is also contrary to the established law of this Court as stated in *Brambles USA, Inc. v. Blocker, et al.,* 735 F. Supp. 1239 (D. Del. 1990). In *Brambles, supra* at 1240, Chief Judge Longobardi stated:

> Reargument should not be granted where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.' [*citations omitted*]. Furthermore, the reargument mechanism afforded for Local Rule 3.3 [now Local Rule 7.5.1, under which Plaintiff's motion is brought] should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided. [*citations omitted*] Finally, reargument and reconsideration requests 'are not a substitute for an appeal from a final judgment'. [*citation omitted*] The procedural mechanism afforded by Local Rule 3.3 should not be undermined to allow for endless debate between the parties and the Court. *Cf. Quaker Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D.Ill. 1988) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").

The cases cited by the Plaintiff in support of its Motion do not support his position. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669 (3d. Cir. 1999) and *Karr v. Castle,* 768 F. Supp. 1087 (D. Del. 1991) cited by the Plaintiff at page 2 of his Motion are clearly distinguishable on their facts from the case at bar. In *Max's Seafood, supra,* the District Court was directed to reconsider a clear factual error in finding a party responsible for contumacious behavior that occurred two years before that party came into existence. In *Karr, supra,* the Court reconsidered its decision where it was acknowledged by all parties that the Court's determination was based upon an erroneous understanding that the parties had acquiesced in the intervention of a new party. In the case at bar, there are no factual errors of any kind asserted in support of the Plaintiff's Motion.

2

The remaining cases cited by the Plaintiff on page 2 of its Motion *Schering Corp. v. Amgen, Inc.*, 25 F. Supp 2d 293 (D. Del. 1998), *Corning Inc. v. SRU Biosystems, LLC*, 2004 WL 2348089 (D. Del.) and *Kavanaugh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281 (D. Del.) while discussing the abstention doctrine, are all cases in which the request for reconsideration was *denied*.

Defendant agrees with the Plaintiff's citation of *Kavanaugh, supra,* that a decision to grant a motion for reargument lies within the discretion of the district court. However, Plaintiff failed to also cite the balance of the *Kavanaugh* decision, *supra at page 1,* that "… such motions should only be granted sparingly" (citing *Dentsply Int'l v. Kerr Mfg. Co.,* 42 F.Supp. 2d 385, 419 (D.Del.1999)) and that "…A motion for reargument 'should not be used to rehash arguments already briefed or to allow a "never-ending polemic between the litigants and the Court,"' *Id.* (citing *Ogelsby v. Penn Mutual Life Ins. Co.* 877 F.Supp. 872, 892 (D.Del.1995).

The Plaintiff's reference to early precedent such as *Pennsylvania v. Williams,* 294 U.S. 176 (1935) and *Codos v. National Diagnostic Corp.,* 711 F.Supp 75 (E.D. NY, 1989) which questioned whether a Federal Court had equity jurisdiction over an action to dissolve a corporation are contrary to the decision in this District of *In re English Seafood (USA), Inc.* 743 F.Supp 281 (D.Del 1990) wherein the Court expressly determined that Federal courts do have jurisdiction to effect a dissolution of a corporation.

The Court in *English Seafood* did abstain from adjudicating the action before it that *solely* involved equitable claims; however, this case was decided prior to the decisions of the Delaware Court of Chancery in *Cincinatti Bell Cellular Systems v.*

3

*Ameritech,* 1996 WL 506906 (Del. Ch. 1996) and *Haley v. Talcott,* 864 A.2d 86 (Del. Ch. 2004) which set forth the principles that are applicable to a dissolution of a Delaware Limited Liability Corporation under the substantive law of Delaware.

Also of determinative distinction between this case and *English Seafood, supra,* is that this action also involves a claim for damages at law. The United States Supreme Court in *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706 (1996) held that the *Burford* doctrine cannot be invoked where there is an action at law that is within the jurisdiction of the Federal court. That the holding in *Quackenbush, supra,* specifically rejected the application of the abstention doctrine where a claim for damages at law is presented, is further supported by Justice Scalia's concurring opinion in *Quackenbush, supra at page 731*-732, wherein Justice Scalia stated:

> I would not have joined today's opinion if I believed it left such discretionary dismissal available. Such action is foreclosed, I think, by the Court's holding, clearly summarized in the concluding sentences of the opinion: 'Under our precedents, federal courts have the power to dismiss or remand cases based upon abstention principles only where the relief being sought is equitable or otherwise discretionary. Because this was a damages action, we conclude that the District's Court's remand order was an unwarranted application of the *Burford* doctrine.'

This Court's reliance upon the Third Circuit's decision in *Keeley v. Loomis Fargo & Co.,* 183 F.3d 257 (3d Cir. 1999) is a proper consideration of the abstention doctrine as established by the United States Supreme Court in *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943) and as further developed by the United State Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* 460 U.S. 1 (1983), *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350 (1989) and *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706 (1996).

The case at bar presents claims between two private litigants. Plaintiff's claims are equitable and legal. He seeks damages for breach of contract, imposition of a constructive trust for a 17 acre parcel of land in Hawaii that was purchased by and is titled in the name of the Defendant, dissolution of a limited liability company that is equally owned by the Plaintiff and Defendant. The Plaintiff also seeks an order for the judicial sale of both the 64 acre property owned by the limited liability company and the 17 acre parcel owned by the Defendant. No administrative agency process or procedures of any kind are implicated in the proceeding, and the effect of the resolution of the controversy between the litigants will have no general application.

In *New Orleans Pub. Serv. Inc., supra at page 361*, Justice Scalia articulated the reach of the "Burford doctrine" as applicable:

> (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of the federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservancy Dist. v. United States, supra*, 424 U.S. at 814, 96 S.Ct. at 1245.

Neither circumstance is present in the case at bar, as they were not present in *Keeley, supra*, and application of the *Burford doctrine* is inappropriate in this case as it was inappropriate in *Keeley*.

In *Quackenbush, supra at page 728*, the United States Supreme Court reiterated that the balance of maintaining federal jurisdiction as contrasted against a State's interest in maintaining uniformity in the treatment of essentially a local problem by determining that such: "… only rarely favors abstention, and the power to dismiss recognized in *Burford* represents an 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" [citing *Colorado River, supra*].

The claims of the Plaintiff in the case at bar do not present *extraordinary and narrow* exceptions to the duty of this Court to adjudicate the controversy before it.

The limited applicability of the *Burford* abstention doctrine was further considered by the United States Circuit Court of Appeals for the Fifth Circuit in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 589 (5th Cir. 1994) where, in upholding the federal jurisdiction over a declaratory judgment action involving a worker's compensation claim, the Court considered the Supreme Court precedents in *Colorado River, supra,* and *Cone Memorial, supra,* and determined that:

> a decision to dismiss did not rest on 'a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, **with the balance heavily weighted in favor of the exercise of [federal] jurisdiction**' (emphasis added)

Finally, it is to be noted that even in the case of *Feiwus v. Genpar,* 43 F.Supp 289, 290 (E.D. NY 1999) cited by the Plaintiff at page 4 of his Motion that court itself noted:

> while a federal court may abstain from exercising jurisdiction over discretionary claims for equitable relief such as a demand for corporate dissolution or buy out, the Court may not relinquish jurisdiction over common law claims for damages. *See, Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730 (1996).

In *Feiwus, supra,* the court did recognize the ability to stay legal claims pending the determination of the equitable claims in the State court; but such a split determination is not possible in the proceeding at bar.

In the case at bar, the Plaintiff claims damages for a breach of contract arising from an alleged contract to acquire a 17-acre parcel for Pokobo, the limited liability company owned by the Plaintiff and Defendant. The Defendant denies that there was any agreement to acquire the 17 acre parcel for Pokobo. The critical distinction between this case and the circumstances in *Feiwus, supra,* is that *before* any dissolution of Pokobo can

6

be considered by any court, the extent of the corporate assets must be determined. Specifically, if an order for dissolution of Pokobo LLC is entered, does the liquidation of Pokobo include the 17-acre parcel as a corporate asset or not? This is the breach of contract claim, an action at law, that must be determined before any dissolution of Pokobo can be entertained.

The basis for reconsideration of the Court's decision under L.R. 7.5.1 is absent in the Plaintiff's Motion. As a matter of substantive law, this Court's decision in finding the *Burford doctrine* inapplicable to the case at bar is correct. And as a matter of discretion, in determining whether to stay the Plaintiff's legal claims and enter a partial remand of this action to the State Court of Delaware, such action would unnecessarily complicate the litigation and prejudice the Defendant's right to a hearing in this Court where the Plaintiff's legal claims for breach of contract are inextricably involved in the Plaintiff's claims for judicial dissolution and judicial sale of not only the 64-acre parcel held by Pokobo, but also the 17-acre parcel owned by the Defendant and which the Plaintiff has only his claim upon which he bases his claim to force a judicial dissolution of Pokobo and have the court order a judicial sale of *both* properties. Such claim cannot be adjudicated until the Plaintiff's claim at law for breach of contract is determined by this Court.

For such reasons, the Plaintiff's Motion for Reconsideration need be denied.

           CONNOLLY BOVE LODGE & HUTZ LLP

           */s/ Kevin F. Brady*
           Kevin F. Brady (Bar No. 2248)
           Christos T. Adamopoulos (Bar No. 3922)
           1007 N. Orange Street
           P.O. Box 2207
           Wilmington, DE  19899-2207
           Phone:  (302) 658-9141
           Fax: (302) 656-0116

           *Attorneys for Defendant,*
           *John M. Kobayashi*

OF COUNSEL:
John P. Akolt III
John C. Akolt
Law Offices of John P. Akolt III, P.C.
1022 Pearl Street
Denver, Colorado 80203
Telephone:  303-903-7029
Fax: 303-659-6077

DATED: September 20, 2005

## CERTIFICATE OF SERVICE

I certify that on September 20, 2005, I caused copies of Defendant's Response To Plaintiff's Motion for Reargument or Reconsideration to be served electronically to the following counsel of record:

>    Susan Wood Waesco, Esquire
>    Morris Nichols Arsht & Tunnell
>    1201 North Market Street
>    P.O. Box 1347
>    Wilmington, DE 19899

_____
Kevin F. Brady
(Bar No. 2248)