IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK, :
 :
    Plaintiff, :
 :
 :
v. : Civil Action No. 05-330-JJF
 :
JOHN M. KOBAYASHI, :
 :
    Defendant, :
 :
    and :
 :
POKOBO, L.L.C., :
 :
    Nominal Defendant. :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Reargument Or Reconsideration (D.I. 21). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

On February 23, 2005, Plaintiff filed a Petition For Dissolution in the Court of Chancery in Delaware against John Kobaysashi and Pokobo, a limited liability company. Plaintiff seeks judicial dissolution of Pokobo pursuant to 6 Delaware Code §§ 18-801 and 18-802 and an accounting of each member's capital account and Pokobo's expenses. Plaintiff also seeks a judicial declaration that real property currently titled solely in Mr. Kobayashi's name belongs to Pokobo and is being held in constructive trust for Pokobo. Finally, Plaintiff asserts a derivative claim on behalf of Pokobo for breach of fiduciary

duty, breach of contract, and unjust enrichment. All of Plaintiff's claims arise under state law.

On May 25, 2005, Mr. Kobayashi filed a Notice Of Removal (D.I. 1), seeking removal of the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On June 2, 2005, Mr. Kobayashi filed a Motion To Transfer (D.I. 4), requesting transfer to the United States District Court for the District of Hawaii. On June 15, 2005, Plaintiff filed a Motion To Remand (D.I. 8), seeking remand to the Delaware Court of Chancery. Plaintiff argued that the Court lacked subject matter jurisdiction because there was no diversity of citizenship, or alternatively, that the Court should decline to exercise jurisdiction on abstention grounds. The Court denied Plaintiff's Motion To Remand, concluding that an abstention pursuant to Burford v. Sun Oil Co., 319 U.S. 315 (1943), was not appropriate in this case (D.I. 8). Presently before the Court is Plaintiff's Motion For Reargument Or Reconsideration (D.I. 21).

## II. PARTIES' CONTENTIONS

By its Motion, Plaintiff contends that the Court misapprehended the applicability of the Burford doctrine to this case and that the Court should have refused to exercise its jurisdiction on abstention grounds. Further, Plaintiff contends that the Court erred in relying exclusively on Keeley v. Loomis Fargo & Co., 183 F.3d 257 (3d Cir. 1999), to reach its decision.

Defendants contend that Plaintiff is not presenting any new facts or precedent that reasonably would affect the Court's earlier decision. Rather, Defendants contend that Plaintiff is merely rearguing the applicability of the <u>Burford</u> doctrine, which it has already argued unsuccessfully. Defendants further contend that even if Plaintiff is permitted to present this argument, case law does not support Plaintiff's argument, and, therefore, the Motion should be denied.

### III. DISCUSSION

"As a general rule, motions for reconsideration should be granted 'sparingly.'" <u>Stafford v. Noramco of Delaware, Inc.</u>, 2001 WL 65738 at *1 (D. Del. Jan. 10, 2001) (quoting <u>Karr v. Castle</u>, 768 F. Supp. 1087, 1090 (D. Del. 1991)). The purpose of granting a motion for reconsideration is to correct a manifest error of law or fact, to present newly discovered evidence, or to prevent manifest injustice. <u>Harsco Corp. v. Zlotnicky</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>Keene Corp. v. Int'l Fid. Ins. Co.</u>, 561 F.Supp. 656, 665 (N.D. Ill. 1983); <u>North River Ins. Co. v. CIGNA Reins.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted)). In other words, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. <u>Karr</u>, 768 F. Supp. at 1093 (citing <u>Weissman v. Fruchtman</u>, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).

The Court concludes that it did not overlook facts or precedent that would have reasonably altered the result in this case.  First, Plaintiff has failed to present any new facts or any facts the Court did not consider in its first decision.  Second, while Plaintiff has objected to the Court's reliance on <u>Keeley</u>, Plaintiff has failed to put forth any new case law that is precedential or persuasive.  Plaintiff cites three Supreme Court cases in support of his argument for reconsideration: <u>Pennsylvania v. Williams</u>, 294 U.S. 176 (1935), <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996), and <u>New Orleans v. Pub. Serv., Inc. v. Counsel of City of New Orleans</u>, 491 U.S. 350 (1989).  <u>Williams</u>, however, discussed the exercise of an abstention when a federal court is sitting in equity, and the <u>Quackenbush</u> court remanded only the equitable claims, noting that abstention is "rarely favored."  <u>Williams</u>, 294 U.S. at 185-86; <u>Quackenbush</u>, 517 U.S. at 728.  Additionally, <u>New Orleans Public Service</u> rejected application of the <u>Burford</u> doctrine.  491 U.S. at 361-62.  Plaintiff also cites a case from this District, <u>In re English Seafood (USA), Inc.</u>, 743 F. Supp. 281 (D. Del. 1990); however, the case involved only an action for dissolution.  The additional case law Plaintiff cites in his briefs does not come from the Third Circuit and is, therefore, unavailing.  Accordingly, the Court will deny Plaintiff's Motion For Reargument Or Reconsideration (D.I. 21).

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED this 24 day of January 2006, that Plaintiff's Motion For Reargument Or Reconsideration (D.I. 21) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE