# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| WERNER L. POLAK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN M. KOBAYASHI,<br><br>    Defendant,<br><br> and<br><br>POKOBO, L.L.C.,<br><br>    Nominal Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No. 05-330 (SLR)<br>(D. DEL.) |

TO: **The Lutheran Church of the Holy Trinity**
  **77-165 Lako Street**
  **Kailua-Kona, HI 96740**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a Federal Rules of Civil Procedure 30(b)(6) deposition in the above case: **see Schedule B**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ralph Rosenberg Court Reporters<br>75-170 Hualalai Road, #D-212<br>Kailua-Kona, HI 96740 | October 17, 2006 at 9:00a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **see Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 77-165 Lako Street, Kailua-Kona, HI 96740 | October 3, 2006 at 9:00a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>*/s/ Lisa Whittaker*<br>Attorney for Plaintiff | DATE<br><br><br><br>September 13, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Lisa Whittaker (#4614)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 | TELEPHONE<br><br>(302) 658-9200 |

PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A (Local Church)

## Definitions and Instructions

1. "Plaintiff" means Werner L. Polak, the individual Plaintiff in this action, his agents, representatives, and anyone else acting on his behalf.

2. "Defendant" means John M. Kobayashi, the individual Defendant in this action, his agents, representatives, and anyone else acting on his behalf.

3. "Pokobo" means Defendant, Pokobo, L.L.C, a Delaware limited liability company, its agents, representatives, and anyone else acting on its behalf.

4. The "Lutheran Church" means the Mission Investment Fund of the Evangelical Lutheran Church in America and its officers, employees, agents, consultants, contractors, representatives, attorneys, and anyone else acting on its behalf.

5. The "Local Church" means the Lutheran Church of the Holy Trinity and its officers, employees, agents, consultants, contractors, representatives, attorneys, and anyone else acting on its behalf.

6. The "64-Acre Parcel" means the approximately 64.266 acres of real property south of Kona, Hawaii that was acquired by Pokobo on or about April 4, 1997.

7. The "22-Acre-Parcel" means the approximately 22.86 acres of real property adjacent to the 64-Acre Parcel, in which Defendant acquired from the Lutheran Church a .771 interest on or about May 1999.

8. The "Purchase and Sale Contract" means the Purchase and Sale Contract signed by Defendant on or about March 20, 1999 and by the Lutheran Church on or about March 15, 1999 pursuant to which Defendant acquired a .771 interest in the 22-Acre Parcel.

9. "Including" and "include" mean "including, but not limited to."

10. "Relating to" means referring to, consisting of, reflecting, or being factually or logically connected to a matter.

11. Except where otherwise stated, each Request refers to the time period commencing June 1, 1996, and continuing through final resolution of this action.

12. If any Request is objected to in whole or in part on grounds of privilege, attorney work product, or any other reason, please provide the basis on which the answer is being withheld.

13. "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, queries, data bits or otherwise, by means of any transmission, including but not limited to face-to-face conversations, regular mail, e-mail, voice mail, telegram, overnight delivery, courier delivery, telephone, facsimile or telex, regardless of whether the transmittal was initiated or received by an individual or system.

14. "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any written, printed, handwritten, recorded, electronically maintained or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communication, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind including but not limited to, tape, cassette, disc, magnetic card or recording. "Document" shall also

include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

15. The terms "all" and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders.

17. In addition to original and final versions of documents, all drafts, alterations, modifications, changes, and amendments of documents should be produced, as well as all copies non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind. Documents stored electronically shall be printed out for purposes of production.

## **Document Requests**

1. All documents relating to or referring to Pokobo.

2. All Documents, analyses, reports, audits, appraisals or valuations relating to the value of the 22-Acre Parcel, or any lot, parcel or subdivision thereof, for any purpose.

3. All documents relating to, referencing, or reflecting any communications between the Local Church, on the one hand, and Pokobo or Defendant, on the other.

4. All documents relating to, referencing, or reflecting any meetings or telephone conversations between the Local Church and Defendant, including all notes of such meetings or telephone conversations.

5. All documents relating to, referencing, or reflecting any communications between the Local Church, on the one hand, and Pokobo or Defendant, on the other, relating to the purchase, sale, or conveyance of land in Kona, Hawaii.

6. All documents, including but not limited to all communications between the Local Church and Defendant, relating to:

   a. The purchase of the 22-Acre Parcel, or any interest in the 22-Acre Parcel, by Pokobo or Defendant;

   b. The subdivision of the 22-Acre Parcel;

   c. The conveyance of approximately 17.62 acres of the 22-Acre Parcel to Defendant or Pokobo; and

   d. The conveyance of approximately 5.24 acres of the 22-Acre Parcel to the Lutheran Church, any designee of the Lutheran Church, or the Local Church.

7. All documents, including but not limited to all communications between the Local Church and the Lutheran Church, relating to:

   a. The purchase of the 22-Acre Parcel, or any interest in the 22-Acre Parcel, by Pokobo or Defendant;

   b. The subdivision of the 22-Acre Parcel;

   c. The conveyance of approximately 17.62 acres of the 22-Acre Parcel to Defendant or Pokobo; and

   d. The conveyance of approximately 5.24 acres of the 22-Acre Parcel to the Lutheran Church, any designee of the Lutheran Church, or the Local Church.

8. All documents relating to any communication between the Local Church and any third party, including but not limited to First Hawaii Title Corporation, Wes Thomas Associates, and counsel for Defendant or Pokobo, regarding the 22-Acre Parcel or any lot, parcel or subdivision thereof.

9. All documents relating to the negotiation, drafting and execution of the Purchase and Sale Contract, including all drafts thereof.

10. All documents relating to title of the 22-Acre Parcel or any lot, parcel or subdivision thereof.

11. All documents relating to the current status, disposition and ownership of the 22-Acre Parcel or any lot, parcel, or subdivision thereof.

12. All documents relating to the current status, disposition and ownership of the approximately 17.62-acre lot or parcel of the 22-Acre Parcel that was conveyed to Pokobo or Defendant, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 17.62-acre lot or parcel.

13. All documents relating to the current status, disposition and ownership of the approximately 5.24-acre lot or parcel of the 22-Acre Parcel that was conveyed to the Lutheran Church, any designee of the Lutheran Church, or the Local Church, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 5.24-acre lot or parcel.

14. All documents relating to Pokobo's January 13, 2000 written offer to purchase two parcels of land from the Local Church, including all documents relating to or reflecting the meetings and telephone conferences referenced therein.

**Schedule B**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the deponent shall designate to appear and testify on its behalf one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who have the most knowledge concerning the following topics:

**Definitions and Instructions**

Plaintiff hereby incorporates the Definitions and Instructions set forth in Schedule A to this subpoena.

**Topics of Examination**

1. Any communications between the Local Church, on the one hand, and Pokobo or Defendant, on the other.

2. Any meetings or telephone conversations between the Local Church and Defendant.

3. Any communications between the Local Church, on the one hand, and Pokobo or Defendant, on the other, relating to the purchase, sale, or conveyance of land in Kona, Hawaii.

4. The purchase of the 22-Acre Parcel, or any interest in the 22-Acre Parcel, by Pokobo or Defendant.

5. The subdivision of the 22-Acre Parcel.

6. The conveyance of approximately 17.62 acres of the 22-Acre Parcel to Defendant or Pokobo.

7. The conveyance of approximately 5.24 acres of the 22-Acre Parcel to the Lutheran Church, any designee of the Lutheran Church, or the Local Church.

8. Any communications between the Local Church and any third party, including but not limited to First Hawaii Title Corporation, Wes Thomas Associates, and counsel for Defendant or Pokobo, regarding the 22-Acre Parcel or any lot, parcel or subdivision thereof.

9. The negotiation, drafting and execution of the Purchase and Sale Contract, including all drafts thereof.

10. Title to the 22-Acre Parcel or to any lot, parcel or subdivision thereof.

11. The current status, disposition and ownership of the 22-Acre Parcel or any lot, parcel, or subdivision thereof.

12. The current status, disposition and ownership of the approximately 17.62-acre lot or parcel of the 22-Acre Parcel that was conveyed to Pokobo or Defendant, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 17.62-acre lot or parcel.

13. The current status, disposition and ownership of the approximately 5.24-acre lot or parcel of the 22-Acre Parcel that was conveyed to the Lutheran Church, any designee of the Lutheran Church, or the Local Church, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 5.24-acre lot or parcel.

14. Analyses, reports, audits, appraisals or valuations relating to the value of the 22-Acre Parcel, or any lot, parcel or subdivision thereof, for any purpose.

15. The documents produced in response to this subpoena.