## Schedule A
## Definitions and Instructions

1.    "Plaintiff" means Werner L. Polak, the individual Plaintiff in this action, his agents, representatives, and anyone else acting on his behalf.

2.    "Defendant" means John M. Kobayashi, the individual Defendant in this action, his agents, representatives, and anyone else acting on his behalf.

3.    "Pokobo" means Defendant, Pokobo, L.L.C, a Delaware limited liability company, its agents, representatives, and anyone else acting on its behalf.

4.    The "Lutheran Church" means the Mission Investment Fund of the Evangelical Lutheran Church in America and its officers, employees, agents, consultants, contractors, representatives, attorneys, and anyone else acting on its behalf.

5.    The "Local Church" means the Lutheran Church of the Holy Trinity and its officers, employees, agents, consultants, contractors, representatives, attorneys, and anyone else acting on its behalf.

6.    The "64-Acre Parcel" means the approximately 64.266 acres of real property south of Kona, Hawaii that was acquired by Pokobo on or about April 4, 1997.

7.    The "22-Acre-Parcel" means the approximately 22.86 acres of real property adjacent to the 64-Acre Parcel, in which Defendant acquired from the Lutheran Church a .771 interest on or about May 1999.

8.    The "Purchase and Sale Contract" means the Purchase and Sale Contract signed by Defendant on or about March 20, 1999 and by the Lutheran Church on or about March 15, 1999 pursuant to which Defendant acquired a .771 interest in the 22-Acre Parcel.

9.    "Including" and "include" mean "including, but not limited to."

10.    "Relating to" means referring to, consisting of, reflecting, or being factually or logically connected to a matter.

11.    "Communication" shall mean the transmittal of information, in the form of facts, ideas, inquiries, queries, data bits or otherwise, by means of any transmission, including but not limited to face-to-face conversations, regular mail, e-mail, voice mail, telegram, overnight delivery, courier delivery, telephone, facsimile or telex, regardless of whether the transmittal was initiated or received by an individual or system.

12.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any written, printed, handwritten, recorded, electronically maintained or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communication, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind including but not limited to, tape, cassette, disc, magnetic card or recording.  "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

13.    The terms "all" and "each" shall be construed as all and each.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary

to bring within the scope of the Request all documents that might otherwise be construed to be outside of its scope.

14.    The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders.

## Topics of Examination

1.    Any communications between the Lutheran Church, on the one hand, and Pokobo or Defendant, on the other.

2.    Any meetings or telephone conversations between the Lutheran Church and Defendant.

3.    Any communications between the Lutheran Church, on the one hand, and Pokobo or Defendant, on the other, relating to the purchase, sale, or conveyance of land in Kona, Hawaii.

4.    The purchase of the 22-Acre Parcel, or any interest in the 22-Acre Parcel, by Pokobo or Defendant.

5.    The subdivision of the 22-Acre Parcel.

6.    The conveyance of approximately 17.62 acres of the 22-Acre Parcel to Defendant or Pokobo.

7.    The conveyance of approximately 5.24 acres of the 22-Acre Parcel to the Lutheran Church, any designee of the Lutheran Church, or the Local Church.

8.    Any communications between the Lutheran Church and any third party, including but not limited to First Hawaii Title Corporation, Wes Thomas Associates, and counsel for Defendant or Pokobo, regarding the 22-Acre Parcel or any lot, parcel or subdivision thereof.

9.    The negotiation, drafting and execution of the Purchase and Sale Contract, including all drafts thereof.

10.   Title to the 22-Acre Parcel or to any lot, parcel or subdivision thereof.

11.   The current status, disposition and ownership of the 22-Acre Parcel or any lot, parcel, or subdivision thereof.

12.   The current status, disposition and ownership of the approximately 17.62-acre lot or parcel of the 22-Acre Parcel that was conveyed to Pokobo or Defendant, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 17.62-acre lot or parcel.

13.   The current status, disposition and ownership of the approximately 5.24-acre lot or parcel of the 22-Acre Parcel that was conveyed to the Lutheran Church, any designee of the Lutheran Church, or the Local Church, including any agreements between the Lutheran Church, any designee of the Lutheran Church, or the Local Church, on the one hand, and Pokobo or Defendant, on the other, related to the 5.24-acre lot or parcel.

14.   Analyses, reports, audits, appraisals or valuations relating to the value of the 22-Acre Parcel, or any lot, parcel or subdivision thereof, for any purpose.

15.   The documents produced in response to the Subpoena issued to The Mission Investment Fund of the Evangelical Lutheran Church in America in connection with the above captioned action.