IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN M. KOBAYASHI, ) | C.A. No. 05-330 (SLR) |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| POKOBO, L.L.C., ) | |
| ) | |
| Nominal Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), plaintiff Werner L. Polak moves for leave to amend his Complaint. By his Amended Complaint, Mr. Polak seeks, *inter alia*, to conform his pleading to the evidence in the case concerning: (a) defendant's breach of fiduciary duties, including his usurpation of a corporate opportunity; and (b) the tolling of the statute of limitations under the doctrines of equitable tolling and fraudulent concealment. Plaintiff's counsel has provided a copy of the proposed Amended Complaint to defendant's counsel, but has not received a response as to whether defendant opposes the motion.

Pursuant to D. Del. L.R. 15.1, attached as Exhibit 1 are two copies of Mr. Polak's proposed Amended Complaint, and attached as Exhibit 2 is a copy showing how the amended Complaint differs from the original Complaint. The bases for this motion are as follows:

1.  Mr. Polak filed this action in the Delaware Court of Chancery on February 23, 2005. Defendant removed the case to this Court on May 25, 2005 (D.I. 1).

2.

2. Mr. Polak is one of two members of the nominal Defendant Pokobo, L.L.C. ("Pokobo"). Mr. Polak owns a 50% interest in Pokobo.

3. Defendant John M. Kobayashi is the only other member of Pokobo. Mr. Kobayashi also owns a 50% interest in Pokobo.

4. Mr. Polak seeks an Order of the Court: (a) decreeing that Pokobo is dissolved pursuant to 6 *Del. C.* §§ 18-801 and 18-802; (b) approving the winding up of Pokobo's business and affairs pursuant to the terms of the parties' LLC Agreement and 6 *Del. C.* §§ 18-803 and 18-804; and (c) ordering a full accounting of each member's capital account and Pokobo's expenses.

5. Mr. Polak also seeks a judicial declaration that certain property currently titled in Mr. Kobayashi's name rightfully belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be transferred to Pokobo.

6. Mr. Polak also asserts breach of contract and breach of fiduciary duty claims against Mr. Kobayashi based on: (a) Mr. Kobayashi's mismanagement of Pokobo; (b) Mr. Kobayashi's repeated failure to provide Mr. Polak with an accounting; and (c) Mr. Kobayashi's handling of ongoing litigation involving Pokobo.

7. Mr. Polak seeks to amend his Complaint, *inter alia*, to conform his pleading to the evidence in the case concerning: (a) defendant's breach of his fiduciary duties, including his usurpation of a corporate opportunity; and (b) the tolling of the statute of limitations under the doctrines of equitable tolling and fraudulent concealment.

8. On April 19, 2007, the Court entered a Stipulated Supplemental Scheduling Order, which required that all motions to amend the pleadings must be filed on or before June 1, 2007 (D.I. 68).

9. On June 7, 2007, the Court entered another Stipulated Supplemental Scheduling Order, which extended the date for motions to amend the pleadings until June 22, 2007 (D.I. 72). This extension was necessitated by Mr. Kobayashi's unavailability to sit for his deposition "due to emergency medical matters and appointments" (*id.*).

10. Mr. Kobayashi gave his deposition in Denver, Colorado on June 13 and 14, 2007.

11. On June 22, 2007, the parties submitted another Stipulated Supplemental Scheduling Order, which would extend the date for motions to amend the pleadings until June 26, 2007 (D.I. 75).

12. Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 181-82 (1962), the Supreme Court stated that "this mandate is to be heeded":

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

Although the decision to grant or deny leave to amend is committed to the sound discretion of the district court, the Supreme Court has stated that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 182; *see also Symbol Technologies, Inc. v. Proxim Inc.*, C.A. No. 01-801-SLR, 2003 WL 1905637, at *3 (April 17, 2003) (granting motion to amend where "there is no evidence that the delay of plaintiff's amendment is undue or that it is being made in bad faith or for a dilatory motive").

13. None of the grounds for denying leave to amend is present here. Mr. Polak is not exercising bad faith or a dilatory motive, nor has this motion been unduly

delayed. Moreover, the proposed amendment will not result in undue prejudice to defendant. *See Symbol*, 2003 WL 1905637, at *3 ("Plaintiff's proposed amendment is narrow and largely based on facts defendant has known throughout the case.").

14. Mr. Polak respectfully requests that his motion for leave to amend his Complaint should be granted.

MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Martin P. Tully (#465)
Rodger D. Smith II (#3778)
Susan Wood Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Plaintiff

June 26, 2007

904243

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for plaintiff has discussed the subject of the foregoing motion with counsel for defendant, and the parties have not been able to reach agreement on the issues raised in the motion.

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II

June 26, 2007

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on June 26, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP

and that on June 26, 2007, I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL & HAND

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> bcastle@ycst.com
> kkeller@ycst.com

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com