# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT ~~OF CHANCERY OF~~
FOR THE ~~STATE~~DISTRICT OF DELAWARE

~~IN AND FOR NEW CASTLE COUNTY~~

| | | |
|---|---|---|
| WERNER L. POLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. KOBAYASHI, | ) | C.A. No. ~~—~~05-330 (SLR) |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**AMENDED PETITION FOR DISSOLUTION**

Plaintiff Werner L. Polak, by his attorneys, Morris, Nichols, Arsht and Tunnell, for his Amended Complaint, alleges as follows:

**Nature ~~of the~~Of The Action**

1.  This is an action for an Order of the Court ~~:~~ (i) decreeing that nominal Defendant Pokobo, L.L.C. ("Pokobo" or the "Company") is dissolved pursuant to 6 *Del. C.* §§ 18-801 and 18-802; (ii) approving the winding up of Pokobo's business and affairs by Plaintiff pursuant to the terms of the parties' LLC Agreement and 6 *Del. C.* §§ 18-803 and 18-804; and~~,~~ (iii) ordering a full accounting of each member's capital account and Pokobo's expenses. In connection with the dissolution of Pokobo, Plaintiff seeks a judicial declaration that certain property currently titled solely in Defendant's name rightfully belongs to Pokobo and is being held in constructive trust for Pokobo, and that title should be transferred to Pokobo. Plaintiff

also asserts breach of contract and breach of fiduciary duty claims against Defendant based on: (i) Defendant's mismanagement of Pokobo, namely in the acquisition of real property; (ii) Defendant's repeated failure to provide Plaintiff with an accounting; and, (iii) Defendant's handling of ongoing litigation involving Pokobo.

2. Plaintiff Werner L. Polak ("Plaintiff") is one of two members of Pokobo. Plaintiff owns a 50% interest in Pokobo and, along with Defendant, is responsible for the management of Pokobo.

3. Defendant Kobayashi is the only other member of Pokobo. Defendant owns a 50% interest in Pokobo and, along with Plaintiff, is responsible for the management of Pokobo.

4. Nominal Defendant Pokobo is a Delaware limited liability company. Pokobo's registered agent in Delaware is The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Pokobo was formed for the purpose of engaging in any lawful act or activity for which a limited liability company may be organized under the Delaware Limited Liability Company Act (the "Act"), as amended, including the acquisition, development and sale of real property.

### The Formation ofOf Pokobo

5. On March 21, 1997, the parties formed Pokobo by filing a certificate of formation with the Delaware Secretary of State.

6. The operation and management of Pokobo is governed by the Limited Liability Company Agreement of Pokobo, L.L.C. (the "LLC Agreement"), dated March 1, 1997, which defines the parties obligations to Pokobo and to each other. A true and correct copy of the LLC Agreement is attached hereto as Exhibit A.

7.   Pursuant to Section 5.01 of the LLC Agreement, management of Pokobo is vested jointly in Plaintiff and Defendant. Section 5.01 further provides that in the event one party dies, is incapacitated, resigns, or leaves the Company, or is otherwise unable to manage the Company, such party's management interest shall be transferred to the remaining party.

### Pokobo Acquires 64 Acres ofOf Land inIn Hawaii

8.   Pursuant to Section 2.01 of the LLC Agreement, each party contributed approximately $450,000 to Pokobo as an initial capital contribution. These funds were used to purchase real property located on the big island of Hawaii.

9.   On or about April 4, 1997, Pokobo acquired 64.266 acres of land south of Kona, Hawaii (the "64-Acre Parcel") for a purchase price of $900,000. Pursuant to a warranty deed recorded in the State of Hawaii Bureau of Conveyances, title to the 64-Acre Parcel is in Pokobo's name.

10.   Following Pokobo's acquisition of the 64-Acre Parcel in 1997, Plaintiff has made regular capital contributions to Pokobo to cover costs and expenses, including real estate taxes, relating to the 64-Acre Parcel. In addition, Plaintiff has regularly paid annual Delaware LLC taxes to the State of Delaware and annual registered agent fees to Pokobo's registered agent.

### Pokobo Acquires An Additional 17 Acres ofOf Land

11.   In early 1999, Pokobo began negotiating with the Lutheran Church, the owner of property adjacent to Pokobo's 64-Acre Parcel, for the purchase of 22.86 acres of land contiguous to Pokobo's 64-Acre Parcel.

12.   Plaintiff and Defendant agreed that if the Lutheran Church decided to sell to Pokobo the 22.86 acres of land contiguous to Pokobo's 64-Acre Parcel, Pokobo would donate

approximately 5 acres of that land to the Lutheran Church, leaving Pokobo as the owner of approximately 17 additional acres of land (the "17-Acre Parcel").

13. Defendant served as Pokobo's primary negotiator for the purchase of the 17-Acre Parcel. Upon information and belief, Defendant conducted all of his discussions with the Lutheran Church for the purchase of the 17-Acre Parcel on Pokobo's behalf and not in his individual capacity. Throughout the negotiations, Pokobo, not Defendant, was to be the acquiror of the 17-Acre Parcel.

14. Plaintiff and Defendant agreed that Defendant would contribute to Pokobo the funds necessary to cover the full purchase price of the 17-Acre Parcel by making a capital contribution to Pokobo in the amount of approximately $194,000. The parties also agreed that because Defendant contributed the funds for the acquisition of the 17-Acre Parcel, Plaintiff would pay future operating expenses associated with both the 17-Acre Parcel and the 64-Acre Parcel until his aggregate contribution to Pokobo was equal to Defendant's aggregate contribution. Although the purchase of the 17-Acre parcel was funded by Defendant, title to the 17-Acre Parcel was to be placed in Pokobo's name.

15. Upon information and belief, on May 24, 1999, Defendant made a capital contribution in the amount of $194,047.77 to Pokobo to finance Pokobo's acquisition of the 17-Acre Parcel, or contributed the land itself (valued at $194,047.77) to Pokobo. Although Defendant told Plaintiff that, for consolidation and/or subdivision purposes, the 17-Acre Parcel may need to be titled temporarily in Defendant's name (or in the name of a trust or foundation controlled by Defendant), Defendant repeatedly reassured Plaintiff that the 17-Acre Parcel would ultimately be transferred to Pokobo.

4

16. Following the purchase of the 17-Acre Parcel, Plaintiff has made significant capital contributions to Pokobo to cover costs and expenses, including real estate taxes, associated with the 17-Acre Parcel.

17. In November 2002, Plaintiff first learned that, notwithstanding the parties' agreement to titlethat the 17-Acre Parcel would ultimately be titled in Pokobo's name, title to the 17-Acre Parcel was still in Defendant's name.

### Pokobo Becomes Involved inIn Litigation

18. Upon information and belief, on or about July 3, 2002, Defendant commenced litigation in the Circuit Court of the Third Circuit for the State of Hawaii on behalf of Pokobo and also on his own behalf against the County of Hawaii and several related entities (the "Permit Litigation"), entitled *Pokobo LLC and John M. Kobayashi vsv. County of Hawaii, the County of Hawaii Department of Public Works, the Director of the Department of Public Works, and the State of Hawaii Department of Transportation*, Civil No. 02-1-0126K. Upon information and belief, the litigation challenged the adequacy of the County's Special Management Area permit procedures.

19. On or about July 8, 2002, Pokobo was named as a defendant in a condemnation proceeding filed in the Circuit Court of the Third Circuit for the State of Hawaii, entitled *County of Hawaii v. Pokobo LLC et al.*, Civil No. 02-1-0129K (the "Condemnation Litigation").

20. Upon information and belief, Defendant has filed papers on behalf of Pokobo in both the Permit Litigation and the Condemnation Litigation without first consulting with Plaintiff. Defendant has also failed to inform Plaintiff of the substance of his negotiations with the County of Hawaii on Pokobo's behalf concerning the Condemnation Litigation.

21. By letter dated December 5, 2002, shortly after Plaintiff became aware of the pending litigation, he informed the attorney Defendant hired to represent Pokobo in both proceedings that such attorney was not authorized to represent either Plaintiff or Pokobo on Plaintiff's behalf in any litigation pertaining to Pokobo.

### **Plaintiff's Repeated Requests for anFor An Accounting**

22. Shortly after the formation of Pokobo in 1997, Defendant retained Colin M. Grubb to serve as the accountant for Pokobo. Upon information and belief, Mr. Grubb has also served as Defendant's personal accountant and acts only at the direction of Defendant in matters relating to Pokobo.

23. On October 29, 2002, Plaintiff wrote to Mr. Grubb, requesting an accounting of the capital contributions made by Plaintiff and Defendant to Pokobo and any payments made from the parties' capital contributions, as well as a complete set of Pokobo's most recent financial statements. Plaintiff sent a copy of his October 29, 2002 letter to Defendant at both his home address and his work address. Neither Mr. Grubb nor Defendant responded to Plaintiff's request.

24. On December 19, 2002, Plaintiff wrote to Defendant regarding Plaintiff's request for an accounting with respect to Pokobo. Plaintiff sent a copy of his December 19, 2002 letter to Mr. Grubb.

25. On December 31, 2002, Defendant sent a letter to Plaintiff addressing various issues relating to Pokobo. In his letter, Defendant informed Plaintiff that Mr. Grubb had contacted Defendant concerning Plaintiff's request for an accounting, and that Defendant and Mr. Grubb had agreed not to have Mr. Grubb prepare an accounting until year end.

6

26. On or about February 17, 2003, Mr. Grubb sent Plaintiff a copy of his Form 1065, Schedule K-1 for Pokobo for the year ended December 31, 2002. No mention was made of Plaintiff's previous requests for an accounting.

27. Shortly thereafter, on February 21, 2003, Plaintiff wrote to Mr. Grubb and again requested that he prepare an accounting with respect to Pokobo, including an accounting of the capital accounts of Plaintiff and Defendant. Again, Plaintiff sent a copy of his letter to Defendant. Plaintiff did not receive any response from either Mr. Grubb or Defendant.

28. On March 17, 2003, Plaintiff again wrote to Mr. Grubb, asking him to advise Plaintiff when he would be preparing an accounting with respect to Pokobo. Plaintiff also requested that Mr. Grubb advise Plaintiff if he did not intend to prepare such an accounting. Once again, Plaintiff sent a copy of his letter to Defendant, and, once again, Plaintiff did not receive any response from either Mr. Grubb or Defendant.

29. On April 15, 2003, May 16, 2003, and August 1, 2003, Plaintiff sent letters to Mr. Grubb requesting him to advise Plaintiff when Plaintiff could expect to receive an accounting with respect to Pokobo. Plaintiff sent copies of each of these three letters to Defendant. Plaintiff did not receive a response from either Mr. Grubb or Defendant to any of his letters, nor did he receive the requested accounting.

30. On December 10, 2003, Defendant wrote to Plaintiff, enclosing a schedule prepared by Mr. Grubb of Plaintiff's capital contributions to Pokobo since its formation in 1997. Defendant did not enclose a schedule of Defendant's capital contributions to Pokobo since 1997.

31. By letter dated December 23, 2003, Plaintiff responded to Defendant's letter, wherein he again reiterated his request that a full accounting be prepared by Mr. Grubb.

Plaintiff sent a copy of his December 23, 2003 letter to Mr. Grubb. Neither Defendant nor Mr. Grubb responded to Plaintiff's December 23, 2003 letter.

32. On January 23, 2004, and again on February 17, 2004, Plaintiff wrote to Mr. Grubb requesting that he prepare a full accounting. Plaintiff sent copies of each of these letters to Defendant. Plaintiff did not receive any response from either Mr. Grubb or Defendant.

### Defendant's Declining Health andAnd His Refusal toTo Communicate withWith Plaintiff

33. In late 2001 or early 2002, Plaintiff learned that Defendant suffers from diabetes. Subsequently, in his December 31, 2002 letter to Plaintiff, Defendant informed Plaintiff that he had become "legally blind" and was unable to read materials unless the text was significantly magnified. Defendant also revealed that unspecified "neurological issues and problems" had disabled him from writing legibly. In his letter, Defendant also acknowledged that the letter, as well as any future correspondence, would likely be "segmented, disjointed, [and] less than fully organized or complete."

34. From the spring of 2002 until Plaintiff received Defendant's December 31, 2002 letter, Plaintiff repeatedly wrote Defendant and left telephone messages for him concerning Pokobo. Defendant did not respond to Plaintiff's correspondence and refused to answer or return the telephone calls placed by Plaintiff to both Defendant's work and home.

35. By letter dated January 20, 2003, Plaintiff responded to Defendant's December 31, 2002 letter and raised concerns over Defendant's failure to respond to Plaintiff's repeated telephone calls and letters relating to Pokobo. Defendant did not respond to Plaintiff's January 20, 2003 letter, nor has he resumed communications with Plaintiff concerning the management of Pokobo.

36. Defendant's refusal to communicate with Plaintiff regarding the management of Pokobo effectively prevents the parties from managing Pokobo jointly pursuant to the LLC Agreement.

### Plaintiff Proposes Dissolving Pokobo

37. On January 31, 2005, Plaintiff wrote to Defendant, proposing to dissolve Pokobo pursuant to the LLC Agreement due to the breakdown in the parties' relationship. Specifically, Plaintiff proposed that the parties agree to sell both the 64-Acre Parcel and the 17-Acre Parcel, distribute the proceeds, conduct an accounting and dissolve Pokobo. Plaintiff indicated that if he did not hear from Defendant on or before February 15, 2005, he would consider Defendant's silence to be a rejection of his proposal.

38. Plaintiff has not responded to Defendant's January 31, 2005 letter.

### The Statute Of Limitations Is Tolled

39. The applicable statute of limitations is tolled under the doctrines of equitable tolling and fraudulent concealment.

40. The statute of limitations is tolled due to equitable tolling because Defendant abused his fiduciary relationship with Plaintiff by engaging in actionable self-dealing. As a 50% manager of Pokobo, Defendant owes fiduciary duties of care, loyalty, good faith and fair dealing to Plaintiff. Defendant abused this fiduciary relationship and engaged in unfair self-dealing when he misappropriated the 17-Acre Parcel for his own personal use by titling it in his own name, rather than Pokobo's.

41. The statute of limitations is also tolled because Defendant fraudulently concealed his misappropriation of the 17-Acre Parcel from Plaintiff.

42. Defendant knowingly and purposefully titled the 17-Acre Parcel in his own name in March 1999, but assured Plaintiff that title to the 17-Acre Parcel would be transferred to Pokobo. From 1999 until 2002, Defendant failed to inform Plaintiff that he had not transferred title to the 17-Acre Parcel to Pokobo, and that he had no intention of ever transferring title to the 17-Acre Parcel to Pokobo. As co-manager of Pokobo, Defendant breached his fiduciary obligation to Plaintiff by failing to disclose that an asset of Pokobo was actually titled to Defendant, and that Defendant had no intention of ever transferring title to Pokobo.

43. Defendant also affirmatively concealed from Plaintiff the improper titling of the Parcel. Defendant assured Plaintiff on numerous occasions from 1999 to early 2002 that the 17-Acre Parcel was going to be titled in Pokobo's name. Defendant concealed from Plaintiff the fact that the Parcel had not been transferred to Pokobo, and that Defendant had no intention of ever transferring title to Pokobo.

44. Defendant also sent correspondence, including expense documents and reports, to Plaintiff indicating that the 17-Acre Parcel belonged to Pokobo. These documents included, but are not limited to:

- A letter to the Lutheran Church dated February 9, 1999 from Pokobo detailing Pokobo's interest in purchasing the 17-Acre Parcel;

- An expense report detailing Defendant's "Pokobo Contributions" that Plaintiff received on or around January 2000, after Defendant had purchased the property for himself. The report indicates that on May 24, 1999, Defendant made a contribution to Pokobo, described as "JMK Property Exchange" in the amount of $194,047.77 -- the purchase price of the 17-Acre Parcel;

- <u>A memorandum from Defendant to Plaintiff, dated February 14, 2000, listing Pokobo's anticipated expenses, which included engineering and survey work for the 17-Acre Parcel. The memorandum requested payment from Plaintiff for expenses relating to the Parcel, indicating that the Parcel belonged to Pokobo, not Defendant.</u>

- <u>A summary of Pokobo's expenses, which was attached to a letter from Defendant to Plaintiff dated December 14, 2001, listing the property taxes on the 17-Acre Parcel as an expense of Pokobo's.</u>

<u>45.</u>    <u>The above documents and representations constitute affirmative acts of concealment by Defendant, as they all indicate that the 17-Acre Parcel belonged to Pokobo when, in fact, the Parcel was actually titled in Defendant's name, and Defendant had no intention of transferring title to Pokobo.</u>

<u>46.</u>    <u>Plaintiff was unaware of Defendant's actionable self-dealing and fraudulent concealment until the Fall of 2002, when Plaintiff learned that title to the 17-Acre Parcel was still in Defendant's name and had not been transferred to Pokobo. Prior to this, Plaintiff had no reason to suspect that the property had not been transferred to Pokobo, or that Defendant had no intention of ever transferring title to Pokobo.</u>

<u>47.</u>    <u>Accordingly, the applicable statute of limitations should be tolled.</u>

### **Demand Excused**

<u>48.</u>    ~~39.~~ Because Plaintiff and Defendant are the only members of Pokobo and share joint responsibility for its management, demand on the members of Pokobo would be futile. Defendant is not able to <u>consider</u> disinterestedly and independently ~~consider~~ a demand because he has substantially profited as a result of the actions challenged herein. Moreover, Defendant's actions were not the product of a valid business judgment.

## COUNT I (Judicial Dissolution)

49. 40. Plaintiff repeats and realleges the allegations of paragraphs 1-40 48 hereof.

50. 41. Although Plaintiff has repeatedly attempted to communicate with Defendant regarding Pokobo since mid-2002, Defendant has failed to respond to Plaintiff's telephone calls and letters. Defendant's refusal to communicate with Plaintiff on a regular basis has made it not reasonably practicable to carry on the business of Pokobo in conformity with the LLC Agreement.

51. 42. Moreover, Defendant has failed to comply with his management and fiduciary obligations pursuant to the parties' LLC Agreement. Among other things, Defendant usurped a corporate opportunity of Pokobo's by improperly titled titling the 17-Acre Parcel, which rightfully belongs to Pokobo, in his own name. In addition, since mid-2002, Defendant has failed to consult Plaintiff before making decisions regarding ongoing litigation in the State of Hawaii involving Pokobo, and, despite Plaintiff's continued requests for an accounting of capital contributions and other financial information relating to Pokobo, Defendant has refused to provide Plaintiff with the requested information. Defendant's actions have resulted in a lack of cooperation and trust between the parties that makes it not reasonably practicable to carry on the business of Pokobo in conformity with the LLC Agreement.

52. 43. In addition, Defendant has failed to respond to Plaintiff's proposal that the parties agree to dissolve Pokobo pursuant to the LLC Agreement. Defendant's silence is tantamount to a rejection of Plaintiff's proposal. The parties' inability to agree on the desirability of dissolving Pokobo and disposing of the 64-Acre Parcel and the 17-Acre Parcel

12

makes it not reasonably practicable to carry on the business of Pokobo in conformity with the LLC Agreement.

53. 44. Accordingly, Plaintiff is entitled to an Order pursuant to 6 *Del. C.* § 18-802 decreeing that Pokobo is dissolved.

54. 45. Plaintiff has no adequate remedy at law.

### COUNT II (Breach of Contract)

55. 46. Plaintiff repeats and realleges the allegations of paragraphs 1-46<u>54</u> hereof.

56. 47. Section 5.01 of the LLC Agreement provides, *inter alia*, that the Company shall be managed jointly by Plaintiff and Defendant in accordance with the LLC Agreement.

57. 48. Defendant has breached his obligation under Section 5.01 of the LLC Agreement by : (i) improperly titling the 17-Acre Parcel, which rightfully belongs to Pokobo, in his own name; (ii) failing to consult and communicate with Plaintiff regarding the ongoing business of Pokobo, including the management of litigation involving Pokobo in the State of Hawaii; and, (iii) failing to provide Plaintiff with a full accounting of Pokobo, despite Plaintiff's repeated requests for such an accounting.

58. 49. Plaintiff has been damaged as a result of Defendant's breaches of Section 5.01 of the LLC Agreement.

### COUNT III (Breach of Fiduciary Duty)

59. 50. Plaintiff repeats and realleges the allegations of paragraphs 1-50<u>58</u> hereof.

60.    ~~51.~~ Plaintiff brings this claim derivatively on behalf of Pokobo and in his own right as a member of Pokobo. As a co-manager of Pokobo, Defendant owes fiduciary duties of care, loyalty, good faith and fair dealing to Plaintiff and to Pokobo.

61.    ~~52. When~~ Defendant negotiated for the ~~parties purchased~~ purchase of the 17-Acre Parcel, ~~they~~ on Pokobo's behalf, and Plaintiff and Defendant agreed that Pokobo, not Defendant, would be the owner of the property. In breach of his fiduciary duties, Defendant ~~has~~ usurped a corporate opportunity of Pokobo and misappropriated the 17-Acre Parcel for ~~his personal use by titling the property in his own name.~~ himself when it rightfully belongs to Pokobo.

62.    Pokobo was presented with the business opportunity to purchase the 17-Acre Parcel.

63.    Pokobo was (i) financially able to purchase the 17-Acre Parcel, (ii) interested in purchasing the 17-Acre Parcel, and (iii) had an interest and expectation in purchasing the property. Defendant took for himself land that the parties had agreed to purchase in Pokobo's name. In addition, the acquisition of the 17-Acre Parcel -- which was adjacent to the 64-Acre Parcel owned by Pokobo -- was within Pokobo's line of business.

64.    Defendant's purchase of the 17-Acre Parcel in his own name was contrary to the interests of Pokobo.

65.    The foregoing constitutes usurpation of a corporate opportunity by Defendant, to the continuing and irreparable injury of Plaintiff.

66.    ~~53.~~ Also in breach of his fiduciary duties, Defendant has failed to consult and communicate with Plaintiff regarding the ongoing business of Pokobo, including the management of litigation involving Pokobo in ~~the State of~~ Hawaii.

67. ~~54.~~ In further breach of his fiduciary duties, Defendant has failed to provide Plaintiff with a full accounting of Pokobo, including a full description of each Partner's capital contributions from 1997 to the present, and a full accounting of Pokobo's expenses.

### COUNT IV (Declaratory Judgment)

68. ~~55.~~ Plaintiff repeats and realleges the allegations of paragraphs 1-~~55~~67 hereof.

69. ~~56.~~ An actual controversy has arisen and now exists between Plaintiff and Defendant concerning the ownership of the 17-Acre Parcel.

70. ~~57.~~ Ownership of the 17-Acre Parcel was always intended to be in Pokobo's name. The original offer to purchase the land from the Lutheran Church was made on Pokobo's behalf. Although Defendant contributed funds to Pokobo in the form of a capital contribution to cover the purchase price for the land, the parties agreed that Plaintiff would make capital contributions to Pokobo to cover the expenses relating to both parcels of land until the parties' capital contributions were equal. Following Pokobo's purchase of the 17-Acre Parcel, Plaintiff made significant capital contributions to Pokobo to cover the expenses in connection with both the 17-Acre Parcel and the 64-Acre Parcel.

71. ~~58.~~ Notwithstanding the parties' intent, Defendant ~~has improperly titled~~ usurped a corporate opportunity of Pokobo's and caused the 17-Acre Parcel to be titled improperly in his own name ~~and~~. Defendant has failed to transfer the property to Pokobo.

72. ~~59.~~ Plaintiff ~~therefore desires~~ seeks a judicial declaration that the 17-Acre Parcel properly belongs to Pokobo, that it is being held in constructive trust for Pokobo, and that title should be transferred from Defendant to Pokobo.

15

73.    60. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff and Pokobo may ascertain its their rights and duties under the LLC Agreement with respect to the 17-Acre Parcel.

### COUNT V (Unjust Enrichment)

74.    61. Plaintiff repeats and realleges the allegations of paragraphs 1-61 73 hereof.

75.    62. During discussions concerning the acquisition of the 17-Acre Parcel from the Lutheran Church, the parties agreed that Pokobo would be the purchaser of the property. Nonetheless, Defendant wrongfully titled the 17-Acre Parcel in his name. As a result, Defendant, not Pokobo, enjoys all of the rights and benefits associated with ownership of the property. Moreover, Defendant has benefited from the significant capital contributions that Plaintiff made to Pokobo to cover costs and expenses, including real estate taxes, associated with the 17-Acre Parcel.

76.    63. The 17-Acre Parcel rightfully belongs to Pokobo. Under the circumstances, it would be inequitable to allow Defendant to retain ownership of the 17-Acre Parcel. Moreover, if permitted to retain the 17-Acre Parcel, Defendant will be unjustly enriched.

77.    Alternatively, if Pokobo is determined to have no claim to the 17-Acre Parcel, it would be inequitable to allow Defendant to benefit from the expenses that Plaintiff paid for in connection with the 17-Acre Parcel. Plaintiff should be reimbursed for any and all expenses he paid -- either directly, or in the form of contributions to Pokobo -- associated with the 17-Acre Parcel.

78.    64. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff Werner L. Polak seeks the entry of an Order:

(a) Declaring that the 17-Acre Parcel rightfully belongs to Pokobo and is being held by Defendant in constructive trust for Pokobo, and directing Defendant to transfer title of the 17-Acre Parcel to Pokobo;

(b) Decreeing that Pokobo is dissolved pursuant to 6 *Del. C.* §§ 18-801 and 18-802;

(c) Approving the winding up of the affairs and business of Pokobo by Plaintiff in accordance with the LLC Agreement and 6 *Del. C.* §§ 18-803 and 18-804;

(d) In connection with the winding up of the affairs and business of Pokobo, ordering the sale of both the 17-Acre Parcel and the 64-Acre Parcel pursuant to Section 8.02(b) of the LLC Agreement;

(e) Ordering a full and complete accounting of Pokobo's expenses, and of each Partner's capital contributions to Pokobo since its formation in 1997;

(f) Granting Plaintiff monetary damages;

(g) Awarding Plaintiff its costs in bringing this action, including reasonable attorneys' fees; and

(h) Granting such other and further relief as may be appropriate in the circumstances.

MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

_____
Martin P. Tully (#465)
~~David A. Harris (#3568)~~

Rodger D. Smith II (#3778)

Susan Wood Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Plaintiff

June 26, 2007

~~February 23, 2005~~
867758

Document comparison by Workshare Professional on Monday, June 25, 2007 1:14:38 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://mnat-idms/WILM/422067/14 |
| Description | #422067v14<WILM> - Polak/Pokobo; Petition for Dissolution |
| Document 2 ID | interwovenSite://mnat-idms/WILM/867758/4 |
| Description | #867758v4<WILM> - Polak/Pokobo; Amended Petition for Dissolution |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 88 |
| Deletions | 69 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 159 |