IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JOHN M. KOBAYASHI, | ) ) C.A. No. 05-330 (SLR) |
| Defendant, | ) ) ) |
| and | ) ) |
| POKOBO, L.L.C., | ) ) |
| Nominal Defendant. | ) ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

Defendant John M. Kobayashi, through his undersigned counsel, responds to Plaintiff's Motion to for Leave to Amend His Complaint (D.I. 77), as follows:

This action, originally filed in the Court of Chancery for the State of Delaware, was removed to this Court on the basis of diversity of citizenship between all the parties pursuant to 28 U.S.C. § 1332. The amendment proposed by the Plaintiff would destroy the diversity of citizenship required between *all* plaintiffs and defendants and would thus deprive this court of its jurisdiction over this action.

As the record in this case reflects, the removal was challenged by the Plaintiff in his Motion for Remand (D.I. 8). The diversity issue was briefed and expressly determined by this Court, sustaining its jurisdiction pursuant to 28 U.S.C. §1332. (*See* D.I. 9, 13, 15, 18)

In his Memorandum Opinion dated August 22, 2005 (D.I. 18), the Honorable Joseph J. Farnan denied Plaintiff's Motion to Remand on the basis that the core of this case was a personal

claim between the Plaintiff, a citizen of New York, and the Defendant, a citizen of Colorado. The multi-state "citizenship" of Pokobo, L.L.C. was not relevant to the diversity issue because there was no substantive claim asserted by the Company as an entity. In considering the claims presented in this case Judge Farnan stated:

> Pokobo is named as a Nominal Defendant in the Petition For Dissolution. A nominal party is generally a party without a real interest in the litigation. *See Bumberger v. Insurance Co. of North Am.*, 952 F.2d 764, 767 (3d Cir. 1991). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980).

*Memorandum Opinion*, (D.I. 18), page 4.

Specifically addressing the nature of the claim presented by Pokobo, as an entity, Judge Farnan stated:

> After reviewing the Petition For Dissolution (D.I. 1, Appendix A), the Court concludes that the primary issue in this lawsuit is whether Pokobo should be dissolved pursuant to 6 Delaware Code §§ 18-801 and 18-802. Although in his Petition Mr. Polak also asks the Court to determine whether a 17-acre parcel of property titled solely in Mr. Kobayashi's name rightfully belongs to Pokobo, the Court concludes that the issue of ownership of the 17-acre parcel is central only to Mr. Polak's secondary claims: 1) whether Mr. Kobayashi breached Section 5.01 of the LLC Agreement; 2) whether Mr. Kobayashi breached his fiduciary duty to Pokobo, and 3) whether Mr. Kobayashi was unjustly enriched by his conduct with regard to the 17-acre parcel.

*Memorandum Opinion*, (D.I. 18), page 5.

Plaintiff's initial complaint characterized Pokobo, L.L.C. as a "nominal" party. None of Plaintiff's original claims were derivative; but, in accord with Delaware judicial precedent, such claims were *direct claims* that were asserted by the Plaintiff individually.

Analysis of the claims initially asserted by the Plaintiff confirms that such were *direct* and not *derivative*. Indeed, it should be noted that four of the five counts constituting the Complaint were not even claimed to be *derivative* in nature. The count that was asserted to be

*derivative* in nature was premised upon the acquisition and management of the 17-Acre Parcel, which is the same factual basis upon which all the other direct claims were based. Thus, the claims that the Plaintiff asserted as "individual" were fundamentally identical to the claims that he purported to assert as "derivative." In such circumstance Pokobo was neither a necessary nor an indispensable party, and its citizenship was properly disregarded for the purpose of determining diversity jurisdiction.

The proposed amendment to the Petition, however, does directly and specifically assert a substantive claim on behalf of Pokobo, L.L.C., as an entity, that the Defendant has unlawfully usurped a corporate opportunity that rightfully belonged to Pokobo, L.L.C.

In his amended Petition, the Plaintiff would now add an express claim for usurpation of a corporate opportunity. As amended, Count III, would allege:

> 60. Plaintiff brings this claim derivatively on behalf of Pokobo and in his own right as a member of Pokobo. As a co-manager of Pokobo, Defendant owes fiduciary duties of care, loyalty, good faith and fair dealing to Plaintiff and to Pokobo.
>
> 61. Defendant negotiated for the purchase of the 17-Acre Parcel on Pokobo's behalf, and Plaintiff and Defendant agreed that Pokobo, not Defendant, would be the owner of the property. In breach of his fiduciary duties, Defendant usurped a corporate opportunity of Pokobo and misappropriated the 17-Acre Parcel for himself when it rightfully belongs to Pokobo.
>
> 62. Pokobo was presented with the business opportunity to purchase the 17-Acre Parcel.
>
> 63. Pokobo was (i) financially able to purchase the 17-Acre Parcel, (ii) interested in purchasing the 17-Acre Parcel, and (iii) had an interest and expectation in purchasing the property. Defendant took for himself land that the parties had agreed to purchase in Pokobo's name. In addition, the acquisition of the 17-Acre Parcel – which was adjacent to the 64-Acre Parcel owned by Pokobo—was within Pokobo's line of business.
>
> 64. Defendant's purchase of the 17-Acre Parcel in his own name was contrary to the interests of Pokobo.

> 65. The foregoing constitutes usurpation of a corporate opportunity by Defendant, to the continuing and irreparable injury of Plaintiff.

Similarly, in Count IV of his Amended Petition, the Plaintiff alleges:

> 71. Notwithstanding the parties' intent, Defendant usurped a corporate opportunity of Pokobo's and caused the 17- Acre Parcel to be titled improperly in his own name, Defendant has failed to transfer the property to Pokobo.

These claims fall clearly within the "corporate opportunity doctrine", well established in Delaware law. *See Broz v. Cellular Info. Systems, Inc.*, 673 A.2d 148 (Del. 1996). The method for remedying the usurpation of a corporate opportunity doctrine is a *derivative* suit. *See Gagliardi v. TriFoods Int'l, Inc.*, 683 A.2d 1049, 1055 (Del. Ch. 1996) (interpreting an allegation of a usurpation of corporate opportunity as being a derivative claim).

The *derivative* claims which the Plaintiff now adds to his complaint are specific and substantive allegations of injury to Pokobo, L.L.C., as an entity.

In his Answering Brief in Opposition to Plaintiff's Motion to Remand (D.I. 13) the Defendant distinguished the Plaintiff's initial claims from those that are now asserted and explicitly noted that the Plaintiff's (initial) allegations were not:

> [that] ... the Defendant misappropriated the 17-Acre Parcel that was already titled to Pokobo, or that wrongfully titled property to his name that was acknowledged to be a corporate asset, in the same manner as embezzlement of corporate funds by an officer. *These are not allegations that the Defendant usurped a corporate opportunity. Nor are they allegations that Pokobo had sufficient funds available to it to pursue the purchase of the 17-Acre Parcel on its own account.* What is alleged is a contract between two members of Pokobo in their *individual* capacities.

*Id.* (D.I. 13) at 9 (Emphasis Added).

However, the claims that the Plaintiff would now assert are, indeed, derivative claims on behalf of Pokobo, L.L.C. In such a circumstance Pokobo, L.L.C. is no longer a *nominal party*,

but must be considered as a substantive party for re-consideration of the diversity jurisdiction of this Court.

In this Circuit, there is not controlling precedent determining the citizenship of a Delaware Limited Liability Company for federal diversity jurisdiction purposes. The Circuits that have considered this issue, however, have applied the rationale of the United States Supreme Court in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990)[1], in determining the citizenship of limited liability companies for federal diversity jurisdiction. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard*, 385 F.3d 737 (7th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (per curiam); *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002); *Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48 (2d Cir. 2000). The determination of the Circuit Courts in this regard is that a limited liability company is a citizen of all the states of which its individual members are citizens. Pursuant to such a determination, there cannot ever be diversity of citizenship in an action between a limited liability company and any of its members.

In accord with those Circuits that have made a specific determination of the citizenship of limited liability companies, this Court has considered the issue and stated the same conclusion. In *Ketterson v. Wolf*, C. A. No. 99-689-JJF, 2001 WL 940909, *3 (D. Del. Aug. 14, 2001), Judge Farnan determined:

> In order to resolve Defendants' motions, the Court must resolve the issue of a Delaware limited liability company's citizenship for diversity of jurisdiction purposes. After a review of the available case law, the Court

---

[1] *Carden* was specifically concerned with the citizenship *of limited partnerships*, not limited liability companies, for diversity purposes.

concludes that a limited liability company is a citizen of the states of which its individual members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-192 (1990) (holding that only corporations, and not other business entities such as limited partnerships, are considered citizens of the state which created it); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir.2000) (holding that limited liability companies have the citizenship of all of its members).

Plaintiff now requests that the Court permit an amendment which substantially modifies Plaintiff's original complaint. The Plaintiff now asserts that the Defendant usurped a corporate opportunity.

The nature of such a claim under Delaware law is a *derivative* claim in which case Pokobo is a real party in interest and its citizenship *is* considered for diversity jurisdiction.

Should the Court grant the Plaintiff's Motion to Amend his Petition, this Court will lose its diversity-based jurisdiction over this case and would be required to remand it to the Court of Chancery.

Since the amendment requested by the Plaintiff would oust this Court of any further jurisdiction, the Defendant has not addressed concerns with the additional amendments requested by the Plaintiff.

The Court should deny the Plaintiff's Motion for Leave to Amend His Complaint (D.I. 77), or if it should grant such Motion, it need then remand this case to the Court of Chancery for the State of Delaware.

DATED: July 10, 2007

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*signature*

Ben T. Castle (#520)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:

John P. Akolt, III
AKOLT & AKOLT LLC
1880 Arapahoe Street, #2005
Denver, CO 80202

*Attorneys for Defendant John M. Kobayashi*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on July 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Martin P. Tully, Esquire
>   David A. Harris, Esquire
>   Susan Wood Waesco, Esquire
>   Morris Nichols Arsht & Tunnell LLP
>   1201 North Market Street
>   PO Box 1347
>   Wilmington, DE 19899-1347

I further certify that on July 10, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for John M. Kobayashi*