IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WERNER L. POLAK,

Plaintiff,

v.

JOHN M. KOBAYASHI,

Defendant,

and

POKOBO, L.L.C.,

Nominal Defendant.

C.A. No. 05-330 (SLR)

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

1. Defendant's response to Plaintiff's Motion for Leave to Amend His Complaint (the "Motion") contains no assertions that the proposed amendments are being pursued in bad faith, for purposes of delay, or will otherwise result in undue prejudice to Defendant. In the absence of any prejudice to Defendant, the amendments – which do not significantly alter Plaintiff's claims – should be permitted.

2. Defendant's sole basis for opposing the Motion is that this Court lacks subject matter jurisdiction over Plaintiff's claims – which is a curious argument given that Defendant invoked the jurisdiction of this Court by removing the case from state court, and successfully opposed Plaintiff's motion to remand.

3. Defendant argues that the proposed amendments "substantially modif[y] Plaintiff's original complaint, destroying diversity jurisdiction and divesting this Court of jurisdiction" (D.I. 78 at 6). Defendant asks that the Court deny the Motion or, alternatively, that

the case be remanded to the Court of Chancery.[1] In so doing, Defendant is attempting to relitigate an issue that has already been decided by Judge Farnan in this case.[2]

4. Defendant's response to the Motion offers no compelling reason why this Court should reconsider whether diversity jurisdiction exists. To the contrary, Defendant's change of heart about litigating this case in this Court can only be for one reason – to delay the trial.[3] Plaintiff has been actively preparing to try his case before this Court. If the case were to be remanded at this late juncture, trial could be delayed for several months, causing Plaintiff to incur additional, unnecessary costs. Judge Farnan's decision finding that this Court has jurisdiction and denying remand is the law of the case and should not be disturbed.

5. In his response to the Motion, Defendant asserts that "[n]one of Plaintiff's original claims were derivative; but, in accord with Delaware judicial precedent, such claims were *direct claims* that were asserted by the Plaintiff individually." D.I. 78 at 2 (emphasis in original). Defendant's characterization of Plaintiff's claims is off the mark. Plaintiff's claim for breach of fiduciary duty is and always has been a derivative claim in which Plaintiff seeks to recover the 17 Acre-Parcel for Pokobo. *See* D.I. ¶ 52 ("Plaintiff brings this claim derivatively on behalf of Pokobo and in his own right as a member of Pokobo."); *id.* at 13 (asking the Court to "declare[e] that the 17-Acre Parcel rightfully belongs to Pokobo and is being held by Defendant in constructive trust for Pokobo, and [to] direct[] Defendant to transfer title to Pokobo"); *id.* ¶ 40

---

1 Even if the Court were to accept Defendant's argument that Plaintiff's amendment of his fiduciary duty claim destroys diversity jurisdiction, the Court should nevertheless grant Plaintiff's motion to amend concerning equitable tolling and fraudulent concealment – to which Defendant has stated no objection.

2 Following Defendant's removal of this action, the case was assigned to Judge Farnan. On April 19, 2006, the case was reassigned to Judge Robinson.

3 Trial is currently set to begin on August 27, 2007 – less than six weeks from today. Plaintiff anticipates that the trial will take two to three days.

(alleging that demand – a prerequisite for bringing a derivative claim – is futile and therefore excused).

6. In his Opening and Reply Briefs in support of his motion to remand, Plaintiff consistently maintained that his breach of fiduciary duty claim was a derivative claim. Indeed, Plaintiff made the same arguments that Defendant now advances, namely that because Pokobo had a real interest in recovering the 17-Acre Parcel, its citizenship must be considered for purposes of determining whether diversity jurisdiction exists. Specifically, Plaintiff asserted that:

- "Pokobo has a real and genuine interest in recovering land rightfully belonging to it but wrongfully titled in Defendant's name." D.I. 9 at 1;

- "Here, the Petition includes a derivative claim brought on behalf of Pokobo alleging that Defendant has breached his fiduciary duties of care, loyalty and good faith that are owed to both Plaintiff and Pokobo by, among other things, improperly titling the 17-Acre Parcel in his name, rather than Pokobo's. *As is the case with any derivative claim, Plaintiff is pursuing this claim on Pokobo's behalf and any recovery (namely, the 17-Acre Parcel) will belong to Pokobo, not Plaintiff. Pokobo is therefore a real party in interest.*" D.I. 9 at 9 (internal citations omitted) (emphasis added);

- "Plaintiff's claims for breach of fiduciary duty, declaratory judgment and unjust enrichment allege that Defendant's actions have harmed Pokobo and seek recovery for the Company. Under the two-part test in *Tooley*, these claims are derivative – Pokobo has been harmed by the loss of the 17-Acre Parcel and would receive the benefits of recovery of the land." D.I. 15 at 7-8;

- "[T]he Petition alleges that Pokobo has been deprived of an asset to which it is rightfully entitled and seeks to recover that asset for Pokobo – a classic derivative claim." D.I. 15 at 8-9.

7. In denying Plaintiff's motion to remand, Judge Farnan held that Plaintiff's claim for dissolution – as opposed to his claim for breach of fiduciary duty – was "the primary issue in this lawsuit." D.I. 18 at 5. Judge Farnan explained:

> Although in his Petition Mr. Polak also asks the Court to determine whether a 17-acre parcel of property titled solely in Mr. Kobayashi's name rightfully belongs to Pokobo, the Court concludes that the issue of ownership of the 17-acre parcel is central only to Mr. Polak's secondary claims: 1) whether Mr. Kobayashi breached Section 5.01 of the LLC Agreement; 2) whether Mr. Kobayashi breached his fiduciary duty to Pokobo, and 3) whether Mr. Kobayashi was unjustly enriched by his conduct with regard to the 17-acre parcel.

*Id.* at 5-6. Having identified the "primary" issue in the lawsuit, Judge Farnan then determined that Plaintiff's primary claim for dissolution was a direct claim that would benefit Plaintiff, not Pokobo. *Id.* at 6. The Court ultimately concluded that:

> Pokobo is not a real party to the dissolution issue and should remain a nominal defendant. Accordingly, the Court concludes that, in these circumstances, complete diversity of citizenship exists among the parties and the Court has subject matter jurisdiction to hear this lawsuit.

*Id.* at 6-7.

8. Judge Farnan's opinion finding that this Court has jurisdiction and denying remand is the law of the case. "Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1981) (quoting *Todd & Co., Inc. v. S.E.C.*, 637 F.2d 154, 156 (3d Cir. 1980)). As this Court has recognized:

> The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation . . . , Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy. Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 485 F. Supp. 2d 519, 537 (D. Del. 2007). Defendant should not be allowed to relitigate the issue of whether Plaintiff's derivative claim for breach of fiduciary duty destroys diversity jurisdiction in an attempt to delay the resolution of this case.

9. Contrary to Defendant's assertions, the proposed amendments to Plaintiff's claim for breach of fiduciary duty do *not* change the nature of his claim. The claim has always been derivative. The proposed amendments are minor in scope and simply seek to refine Plaintiff's breach of fiduciary claim to include the specific charge that Defendant has usurped a corporate opportunity. *See* D.I. 77, Ex. 2 ¶¶ 59-67. The underlying acts complained of remain the same. *Compare* Compl. ¶ 54 ("In breach of his fiduciary duties, Defendant has misappropriated the 17-Acre Parcel for his personal use by titling the property in his own name.") *with* D.I. 77, Ex. 1 ¶ 61 ("In breach of his fiduciary duties, Defendant usurped a corporate opportunity of Pokobo and misappropriated the 17-Acre Parcel for himself when it rightfully belongs to Pokobo.").

10. Plaintiff's proposed amendments to his breach of fiduciary duty claim seek to conform the pleading to the evidence that has been adduced through written and documentary discovery and through recent deposition testimony. In such cases, the Court has permitted amendment. *See, e.g., Flowserve Corp. v. Burns Int'l Servs. Corp.*, 2006 WL 2661147, at *1 (D. Del.) (permitting amendment of complaint two months in advance of trial). In *Flowserve*, the Court reasoned that:

> The majority of the amendment request concerns the addition of factual allegations in order to allow the pleadings to more fully conform to the evidence discovered and the Court can discern no prejudice resulting to [Defendant] as a result of that type of amendment.

*Flowserve*, 2006 WL 2661147, at *1.

11. The amendments Plaintiff proposes are not extensive, nor are they new to Defendant. Since the filing of the original complaint, Defendant has known that Plaintiff's claim for breach of fiduciary duty hinges on the misappropriation of the 17-Acre Parcel, and that Plaintiff has consistently maintained that the claim is derivative in nature. Similarly, Defendant has been aware since October 2006 that Plaintiff intended to argue that the statute of limitations was tolled. *See* Plaintiff's Reponses and Objections to John M. Kobayashi's First Set of Interrogatories. Where, as here, the proposed amendment is "narrow and largely based on facts defendant has known throughout the case," amendment should be allowed. *Symbol Techs. v. Proxim*, C.A. No. 01-801-SLR, 2003 WL 1905637, at *3 (D. Del. 2003).

12. Plaintiff respectfully requests that his motion for leave to amend his Complaint be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Martin P. Tully (#465)
Rodger D. Smith II (#3778)
Susan Wood Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*

July 17, 2007

**CERTIFICATE OF SERVICE**

I, Susan Wood Waesco, hereby certify that on July 17, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

Ben T. Castle
Karen E. Keller
Young, Conaway, Stargatt & Taylor LLP

and that on July 17, 2007, I caused copies to be served upon the following in the manner indicated:

**BY HAND**

Ben T. Castle
Karen E. Keller
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Susan Wood Waesco (#4476)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
swaesco@mnat.com