IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN M. KOBAYASHI, | )   C.A. No. 05-330 (SLR) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| POKOBO, L.L.C., | ) |
| | ) |
| Nominal Defendant. | ) |

## JOINT PRETRIAL ORDER

On August 9, 2007 at 4:30 p.m., counsel for Plaintiff Werner L. Polak and counsel for Defendant John M. Kobayashi shall attend a pretrial conference before this Court pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.3. The following matters as to the trial scheduled to commence on August 27, 2007, are hereby ordered by the Court.

### I.   NATURE OF THE ACTION AND PLEADINGS

On February 23, 2005, Plaintiff filed a Petition for Dissolution in the Delaware Court of Chancery, in which he sought: (a) judicial dissolution of Nominal Defendant Pokobo, L.L.C. ("Pokobo") pursuant to 6 *Del. C.* §§ 18-801 and 18-802; (b) the winding up of Pokobo's business and affairs pursuant to the terms of the parties' LLC Agreement and 6 *Del. C.* §§ 18-803 and 18-804; and (c) a full accounting of each member's capital account and Pokobo's expenses. Plaintiff also sought a judicial declaration that certain property currently titled solely in Defendant's name rightfully belongs to Pokobo and is being held in constructive trust for

Pokobo, and that title should be transferred to Pokobo. Plaintiff also asserted breach of contract and breach of fiduciary duty claims against Defendant based on: (a) Defendant's mismanagement of Pokobo, including in the acquisition of real property; (b) Defendant's repeated failure to provide Plaintiff with an accounting; and (c) Defendant's handling of ongoing litigation involving Pokobo.

On May 25, 2005, Defendant filed a Notice of Removal removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 (D.I. 1).

On June 2, 2005, Defendant answered the Petition for Dissolution (D.I. 2), and moved to transfer the action to the United States District Court for the District of Hawaii (D.I. 4).

On June 15, 2005, Plaintiff filed a motion to remand the case to the Delaware Court of Chancery (D.I. 8).

On August 22, 2005, the Court denied Plaintiff's motion to remand (D.I. 19).

On August 31, 2005, the Court denied Defendant's motion to transfer (D.I. 20).

On April 19, 2006, the case was reassigned from Judge Farnan to Judge Robinson.

On June 26, 2007, Plaintiff moved to amend his Complaint to conform his pleading to the evidence concerning: (a) Defendant's breach of fiduciary duties, including his usurpation of a corporate opportunity; and (b) the tolling of the statute of limitations under the doctrines of equitable tolling and fraudulent concealment (D.I. 77).

On July 10, 2007, Defendant responded to Plaintiff's Motion to Amend his Complaint. In said Motion, Defendant asserted that the effect of Plaintiff's Motion to Amend with specific regard to the diversity jurisdiction in this Court would be to divest this Court of

jurisdiction in the event that the amendment allowing the claim of usurpation of corporate opportunity is allowed on behalf of Pokobo LLC.

The Motion to Amend the Complaint is currently pending.

## II. BASES FOR FEDERAL JURISDICTION

The Court has exercised subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(a). Neither party contests personal jurisdiction or venue. The Defendant has raised the issue of subject matter jurisdiction over this action in the event that the Court shall grant Plaintiff's Motion to Amend his Complaint.

## III. STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF

The parties' statement of facts that are admitted and require no proof is attached as Exhibit 1.

## IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Plaintiff's statement of issues of fact remaining to be litigated is attached as Exhibit 2.

2. Defendant's statement of issues of fact remaining to be litigated is attached as Exhibit 3.

## V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Plaintiff's statement of issues of law remaining to be litigated is attached as Exhibit 4.

2. Defendant's statement of issues of law remaining to be litigated is attached as Exhibit 5.

### VI. EXHIBITS

The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists. Each party reserves the right to offer an exhibit designated by the other party, even if not identified by the designated party. The listing of an exhibit by one party does not constitute a waiver by that party of any objection to that exhibit if it is offered by the other party.

1. Plaintiff's list of exhibits is attached as Exhibit 6.

2. Defendant's list of exhibits is attached as Exhibit 7.

3. The parties shall exchange hard copies of their trial exhibits by August 14, 2007.

4. The parties shall file their objections to the opposing party's trial exhibits by August 20, 2007.

### VII. WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1. Plaintiff's list of witnesses is attached as Exhibit 8.

2. Defendant's list of witnesses is attached as Exhibit 9.

### VIII. STATEMENT OF INTENDED PROOFS

1. In support of his claims, in addition to the facts not in dispute, Plaintiff expects to offer the proofs set forth in Exhibit 10.

2. In support of his claims, in addition to the facts not in dispute, Defendant expects to offer the proofs set forth in Exhibit 11.

IX. **OTHER MATTERS**

    1. Plaintiff's statement of other matters is attached as Exhibit 12.

    2. Defendant's statement of other matters is attached as Exhibit 13.

X. **EFFORT TO EXPLORE SETTLEMENT**

The parties certify that two-way communication has occurred between the persons having authority in a good faith effort to explore the resolution of the controversy by settlement. No agreement has been reached.

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Susan W. Waesco (#4476)* | */s/ Karen E. Keller (#4489)* |
| Martin P. Tully (#465) | Ben T. Castle (#520) |
| Rodger D. Smith II (#3778) | Karen E. Keller (#4489) |
| Susan W. Waesco (#4476) | The Brandywine Building |
| 1201 N. Market Street | 1000 West Street, 17th Floor |
| P.O. Box 1347 | Wilmington, Delaware 19801 |
| Wilmington, DE 19899-1347 | (302) 571-6600 |
| (302) 658-9200 | *Attorneys for Defendant* |
| *Attorneys for Plaintiff Werner L. Polak* | *John M. Kobayashi* |
| | |
| | OF COUNSEL: |
| | John P. Akolt, III |
| | AKOLT & AKOLT LLC |
| | 1880 Arapahoe Street, #2005 |
| | Denver, CO 80202 |

                                      United States District Court Judge