IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN M. KOBAYASHI, Defendant, | )   C.A. No. 05-330 SLR |
| | ) |
| and | ) |
| | ) |
| POKOBO, L.L.C., | ) |
| | ) |
| Nominal Defendant | ) |

ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED PETITION FOR DISSOLUTION AND
COUNTERCLAIMS OF THE DEFENDANT JOHN M. KOBAYASHI

For his answer to the Amended Petition of the Plaintiff, the Defendant John M. Kobayashi pursuant to <u>E.I. Dupont De Nemours & Co. v. Millennium Chemicals, Inc.</u>, 1999 WL 615164, *4 (D.Del. Aug 02, 1999) states and alleges as follows:

1. Paragraph 1 of the Amended Petition identifies the Nature of the Action filed to which no response is required.

2. Admits the allegations set forth in paragraph 2 that Plaintiff is one of two members of Pokobo.

2.1. Admits the allegation of responsibility for management of Pokobo to the extent consistent with the terms and provisions of the Limited Liability Company Agreement dated March 1, 1997 ("LLC Agreement").

2.2. To the extent that the allegations of management responsibility are intended to relate to the management of the 64 acre property owned by Pokobo in Kona, Hawaii and the

litigation attendant to such property, Defendant denies said allegation as such management responsibility was delegated by Plaintiff to Defendant but later revoked in December 2002.

  2.3. Admits that Section 3.01 of the LLC Agreement provides that each Partner shall have a 50% interest in the Company; but, the Capital Accounts of the Partners may vary in accord with Section 3.02 of the LLC Agreement.

  3. Admits the allegations set forth in paragraph 3, to the extent consistent with the terms and provisions of the LLC Agreement.

  4. Admits the allegations set forth in paragraph 4 to the extent consistent with the terms and provisions of the LLC Agreement.

  5. Admits the allegations set forth in paragraph 5.

  6. Admits the allegations set forth in paragraph 6.

  7. Admits the allegations set forth in paragraph 7, to the extent consistent with the terms and provisions of the LLC Agreement.

  7.1 As to the day to day, "on site" management of Pokobo's affairs in Hawaii from 1997 to December, 2002, the Defendant asserts that the management of Pokobo was delegated by the Plaintiff to the Defendant.

  8. Admits the allegations set forth in paragraph 8.

  9. Admits the allegations set forth in paragraph 9.

  10. Admits that Plaintiff has made capital contributions to Pokobo at various dates and times since the founding of Pokobo.

  11. Denies the allegations set forth in Paragraph 11, in that the negotiations for the acquisition of property from the Lutheran Church for Pokobo related to a 1 ½ to 3 acre parcel that was part of a 22 acre parcel. Other discussions concerning acquisition of easement interests,

portions of the 22 acre parcel and various configurations of property interests occurred; but no agreement was ultimately concluded for the purchase of 22.86 acres of land.

12. Denies the allegations set forth in paragraph 12 in that said allegations relate to only one of numerous alternatives and discussions that occurred between the Plaintiff and Defendant over a period of time, none of which matured into a contract or "agreement".

13. Denies the allegations set forth in paragraph 13 on the same basis as set forth in paragraph 12, above. With no agreement concluded between the Plaintiff and the Defendant and the Lutheran Church for the purchase of the 17-Acre Parcel, the Defendant did negotiate the purchase of an undivided interest in a 22.86 acre parcel with the Mission Investment Fund of the Evangelical Lutheran Church in America ("Mission Fund").

13.1. The Defendant expressly denies that the Plaintiff ever agreed to participate in the purchase of an undivided interest in real property with the Mission Fund or to have Pokobo LLC participate in the purchase of an undivided interest in real property with the Mission Fund.

14. Denies the allegations set forth in paragraph 14.

14.1. To the extent that Plaintiff claims that he would pay future operating expenses of Pokobo to the extent of $194,047.77, the Defendant denies that the Defendant has made capital contributions to such amount.

15. Denies the allegations set forth in paragraph 15 in that Defendant made no capital contribution to Pokobo in 1999 to finance Pokobo's acquisition of the 17-Acre Parcel nor did Defendant contribute the title to the 17-Acre Parcel to Pokobo.

15.1. To the extent that the capital accounts of Pokobo reflect such contribution, Defendant asserts that such accounting is in error.

15.2. Defendant denies the allegations that title to the 17-Acre Parcel would need to be titled temporarily in the Defendant's name (or the name of a trust or foundation controlled by Defendant) or that Defendant repeatedly reassured Plaintiff that the 17-Acre Parcel would ultimately be tansferred to Pokobo.

16. Denies the allegation of paragraph 16 to the extent that such allegation references the "purchase of the 17-Acre Parcel" as implying that such purchase was by Pokobo. Notwithstanding, both Plaintiff and Defendant have made capital contributions to Pokobo since 1999 and have paid Pokobo expenses independently from their own accounts.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies the same.

18. Admits the allegations set forth in paragraph 18 to the extent consistent with the documents and pleadings filed in Civil No. 02-1-0126K ("Permit Litigation").

18.1 Defendant asserts that such litigation was with the express knowledge and approval of the Plaintiff.

19. Admits the allegations set forth in paragraph 19 to the extent consistent with the documents and pleadings filed in Civil No. 02-1-0129K ("Condemnation Litigation").

20. Admits that Defendant retained Mr. Michael Matsukowa as counsel to represent Pokobo and Defendant in his personal capacity in the Permit Litigation and the Condemnation Litigation and that documents and pleadings have been appropriately filed on behalf of Pokobo by its counsel.

20.1. Denies that the actions set forth in paragraph 20 were undertaken without consultation with the Plaintiff and further asserts that the Plaintiff was advised of the nature of the actions and the substance of responses to be undertaken on behalf of Pokobo.

20.2. Defendant further asserts that Plaintiff was kept advised of the Permit Litigation and the Condemnation Litigation by the Defendant and by direct contact with Mr. Matsukawa and through contact by the Plaintiff's personal counsel in Hawaii, Ms. Margery Bronster, Esq.

20.3. Defendant further asserts that the Plaintiff was expressly advised of the substance of negotiations with the County conducted by the Defendant and that the Plaintiff expressly approved of such negotiations, specifically as they termed the negotiations as the *"Deus ex Machina"* proposal.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies the same. The Defendant admits that the Plaintiff did direct that Mr. Matsukawa cease all actions on behalf of Pokobo by letter dated December 5, 2002.

22. Admits that Mr. Colin Grubb was retained as the accountant for Pokobo, and that Mr. Grubb also performs accounting services for the Defendant. Defendant asserts that the retention of Mr. Grubb was with the express knowledge and approval of the Plaintiff.

22.1. Defendant asserts that such retention was with the knowledge and approval of the Plaintiff and is consistent with Paragraph 1.02 of the LLC Agreement and the understanding between the parties that the business of Pokobo would be managed by Defendant from his residential office at 455 Forest Street, Denver, Colorado.

23. Admits the allegations set forth in paragraph 23 to the extent consistent with the correspondence identified therein.

24. Admits the allegations set forth in paragraph 24 to the extent consistent with the correspondence identified therein.

DB02:6190288.1    065694.1001

25. Admits the allegations set forth in paragraph 25 to the extent consistent with the correspondence identified therein.

26. Admits the allegations set forth in paragraph 26 to the extent consistent with the correspondence identified therein.

27. Admits the allegations set forth in paragraph 27 to the extent consistent with the correspondence identified therein.

27.1. Defendant denies the allegation set forth in paragraph 27 that no response has been made by Defendant.

28. Admits the allegations set forth in paragraph 28 to the extent consistent with the correspondence identified therein.

28.1. Defendant denies the allegation set forth in paragraph 28 that no response has been made by Defendant.

29. Admits the allegations set forth in paragraph 29 to the extent consistent with the correspondence identified therein.

29.1. Defendant denies the allegation set forth in paragraph 29 that no response has been made by Defendant.

30. Admits the allegations set forth in paragraph 30 to the extent consistent with the correspondence identified therein.

31. Admits the allegations set forth in paragraph 31 to the extent consistent with the correspondence identified therein.

31.1. Defendant denies the allegation set forth in paragraph 31 that no response has been made by Defendant.

DB02:6190288.1

6

065694.1001

32. Admits the allegations set forth in paragraph 32 to the extent consistent with the correspondence identified therein.

32.1. Defendant denies the allegation set forth in paragraph 32 that no response has been made by Defendant.

33. Defendant admits that he suffers from diabetes and that as a result of such disease he has various complications including impaired eyesight and other medical complications.

33.1 Admits the allegations relating to correspondence set forth in paragraph 33 to the extent consistent with the correspondence identified therein

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies the same. Plaintiff may have written notes and placed telephone messages with Defendant, but the nature and content of any such messages are unknown to him.

35. Denies that Defendant has refused to respond.

36. Denies the allegations set forth in paragraph 36, specifically asserting that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

37. Admits the allegations set forth in paragraph 37 to the extent consistent with the correspondence identified therein.

38. Admits that no response was made to Plaintiff's demand. Denies that the Plaintiff can create a unilateral contract as a matter of law.

39. The allegations set forth in paragraph 39 are statements of law, but to the extent that such allegations are deemed to be statements of fact, the Defendant denies such allegations.

40. Denies the allegations of paragraph 40.

41. Denies the allegations of paragraph 41.

42. Admits that Defendant knowingly and purposefully titled the 17-Acre Parcel in his own name (but, which was an undivided interest until 2000) and denies the balance of the factual allegations set forth in paragraph 42.

43. Denies the allegations of paragraph 43.

44. Admits that the various documents identified in paragraph 44 may have been provided to the Plaintiff, in combination with other documents; denies the characterizations added by the Plaintiff with regard to such documents as being incomplete.

45. Denies the allegations of paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and therefore denies the same. Defendant denies that the Plaintiff was without "inquiry notice" from May 1999 and that the Defendant's undivided interest in the 22.86 acre Parcel was placed of public record on May 27, 1999, and Defendant's individual ownership interest in the 17-Acre Parcel was placed of public record on July 26, 2000, in the Bureau of Conveyances, State of Hawaii.

47. Denies the allegations set forth in paragraph 47.

48. Denies the allegations set forth in paragraph 48. Defendant further asserts that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

## Count I.

49. Defendant repeats and realleges the answers and responses of paragraphs 1-48 hereof.

50. Denies the allegations set forth in paragraph 50.

51. Denies the allegations set forth in paragraph 51.

52. Admits that Defendant has rejected Plaintiff's proposal that they dissolve Pokobo on Plaintiff's terms.

52.1. Defendant further asserts that Section 5.02 of the LLC Agreement provides for resolution of deadlock in all management decisions and that Plaintiff has never requested invocation of said provision.

53. Paragraph 53 is a statement of law to which no response is required. To the extent that the allegation set forth in paragraph 53 is an assertion of fact, Defendant denies the same.

54. Denies the allegations set forth in paragraph 54.

## Count II

55. Defendant repeats and realleges the answers and responses of paragraphs 1-54 hereof.

56. Admits the allegations set forth in paragraph 56 to the extent consistent with the terms and provisions of the LLC Agreement.

56.1. As to day to day operations in Hawaii from 1997 to December 2002, Defendant asserts that the Plaintiff delegated management authority to the Defendant.

57. Denies the allegations set forth in paragraph 57.

58. Denies the allegations set forth in paragraph 58.

## Count III

59. Defendant repeats and realleges the answers and responses of paragraphs 1-58 hereof.

60. Paragraph 60 is a statement of law to which no response is required.

60.1. Defendant has addressed the Plaintiff's re-assertion of a derivative claim on behalf of Pokobo in his Motion Regarding Jurisdiction.

60.2. Defendant believes that the law of the case has determined that Pokobo is a nominal party only and upon such basis the Court has denied Pokobo's claim as a derivative Plaintiff.

61. Denies the allegations set forth in paragraph 61.

62. Denies the allegations set forth in paragraph 62.

63. Denies the allegations set forth in paragraph 63.

## Count IV

64. Defendant repeats and realleges the answers and responses of paragraphs 1-63 hereof.

65. Admits that an actual controversy has arisen and now exists regarding ownership of the 17-Acre Parcel.

66. Denies the allegations set forth in paragraph 66. Admits that Plaintiff has made capital contributions to Pokobo, as has Defendant.

67. Denies the allegations set forth in paragraph 67.

68. Paragraph 68 is a statement of intent by the Plaintiff to which no response is required.

68.1. Denies that Pokobo is entitled to ownership of the 17-Acre Parcel, that a constructive trust is legally available and that title should be transferred to Pokobo.

69. Paragraph 69 is a statement of law and condition by the Plaintiff to which no response is required.

## Count V

70. Defendant repeats and realleges the answers and responses of paragraphs 1-69 hereof.

71. Denies the allegations set forth in paragraph 71.

72. Denies the allegations set forth in paragraph 72.

73. Denies that the Plaintiff, in his individual capacity, is entitled to personal reimbursement for payment of expenses, to the extent that they occurred with regard to the 17-Acre Parcel, but rather the appropriate adjustment may be to the parties capital accounts in Pokobo, if any.

73.1. As to claims for expenses incurred more than three years prior to the filing of this Petition, said claims are barred by the applicable statute of limitations and laches.

74. Denies the allegations set forth in paragraph 74.

75. Denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### Statutes of Limitation

76. The claims of the Plaintiff regarding breach of contract, breach of fiduciary duty, constructive trust and monetary damages, whether directly or as a part of an accounting judicial dissolution are barred by the applicable statute of limitation, specifically 10 Del. C. 8106, to the extent that such claims relate to acts and matters that occurred more than three years next preceeding the filing of the Petition in the present action. Said limitations apply both to claims at law and equity set forth in the Petition.

### Laches.

77. Plaintiff was provided a detailed list of costs and expenses for Pokobo dated

December 14, 2001. Plaintiff made no objection to the expenditures set forth therein. Platintiff is barred by laches and by the applicable statute of limitations regarding the costs and expenses included in the detailed list of costs and expenses.

78. Plaintiff has had specific knowledge of the Permit Litigation and the Condemnation Litigation ("Hawaii Litigation") of which he now complains since at least December 5, 2002.

78.1. Plaintiff has intervened as a party defendant in his individual capacity in Case No. 02-1-132K (the Condemnation Action relating to the 17-Acre Parcel).

78.2. In December, 2002, Plaintiff directed Mr. Michael Matsukawa, Esq., counsel representing Pokobo in Case No. 02-1-129K (the Condemnation Action relating to the 64-Acre Parcel owned by Pokobo) to cease all further work and representation. As a result, Pokobo LLC has been without representation in the Condemnation Action 02-1-129K since 2002.

78.3. Damages, if any, incurred by Pokobo or the Plaintiff in his individual capacity, as a result of the Condemnation Actions are the equal responsibility of the Plaintiff and Plaintiff is barred by laches from maintaining any claim against the Defendant relating to the management of the Condemnation actions in the State of Hawaii.

### Failure of Conditions Precedent

79. Plaintiff's claim to a constructive trust for the 17-Acre Parcel is premised upon his assertion that he would disproportionately contribute $194,047.77 to the capital of Pokobo LLC.

79.1. Plaintiff has not to date contributed or tendered a disproportionate $194,047.77 to the capital of Pokobo LLC and cannot maintain any action in equity for a constructive trust for

the 17- Acre Parcel as he has not fulfilled the obligation that he asserts to be the basis for his claim of a constructive trust for the 17-Acre Parcel.

80. Section 5.02 of the Pokobo LLC Agreement provides a means and method for resolving deadlock between the Plaintiff and the Defendant in the management of the affairs of Pokobo LLC.

80.1. Regarding the sale of the 64 Acre Parcel and the dissolution of Pokobo, there is a disagreement between the Plaintiff and the Defendant over this management decision.

80.2. The Plaintiff, as the initiator of the proposal to sell the Pokobo property and to dissolve Pokobo LLC has not invoked the provisions of 5.01 of the Pokobo LLC Agreement, which provision is a condition precedent to maintaining a claim for judicial dissolution of Pokobo LLC.

80.3. Absent invocation of the deadlock resolution procedure set forth in Section 5.02 of the Pokobo LLC Agreement, the Plaintiff cannot maintain an action at law or equity to dissolve Pokobo LLC.

### Adequate Remedy at Law.

81. The Plaintiff has alleged a breach of contract by the Defendant with regard to the acquisition of the 17-Acre Parcel in Kona, Hawaii.

81.1. Plaintiff's remedy for breach of contract is an action for monetary damages at law.

81.2. Plaintiff is not entitled to the imposition of a constructive trust for the 17-Acre Parcel where there is an adequate remedy at law.

DB02:6190288.1    065694.1001

## Claim for Accounting.

82. Plaintiff's Amended Petition speaks as of the date of Amendment, though claims relating to the initial Petition have the benefit of relating back to the original date of filing.

82.1. Plaintiff's claim for Accounting is conflated with an action for access to books and records under Delaware law.

82.2. To the extent that the Plaintiff's demands for "accounting" set forth in paragraphs 22-32 of his Amended Petition are for a true "accounting", the Defendant is under no legal obligation to perform such an act and the Plaintiff fails to state a claim upon which relief can be granted.

82.3. To the extent that the Plaintiff's demands for "accounting" set forth in paragraphs 22-32 of his Amended Petition are a demand for access to the books and records of Pokobo, such claims are recognized by the law of the State of Delaware.

82.3.1. Prior to the Amendment of his Petition, the Plaintiff has been afforded access to and copies of all books and records that exist for Pokobo.

82.3.2. Plaintiff's claims, to the extent they are in substance a claim for access to books and records of Pokobo are moot.

82.4. Having access to all the books and records of Pokobo that exist, the Plaintiff can undertake whatever accounting of the affairs of Pokobo he may desire.

82.5. Upon information and belief, the Plaintiff has not performed an accounting on the financial records of Pokobo, and to such extent he may not maintain any action for monetary damages against the Defendant.

### Good Faith Reliance by the Defendant.

83. Plaintiff's complaint of mismanagement of Hawaii litigation is barred by Kobayashi's good faith reliance upon professional expertise.

83.1 Plaintiff alleges breach of contract and breach of fiduciary duty arising from alleged mismanagement of the Hawaii litigation.

83.2 In the prosecution of the Hawaii litigation, Kobayashi was entitled to and has relied upon the professional expertise of counsel retained to represent Pokobo.

83.3. Kobayashi selected counsel for Pokobo with reasonable care.

83.4 Kobayashi is protected from all claims for breach of fiduciary duty or mismanagement under Delaware law, specifically 6 Del. C. § 18-406.

### Plaintiff's Claims for Relief

Having set forth the basis of his claims for breach of contract, breach of fiduciary duty, access to books and records and for judicial dissolution and an accounting, the Plaintiff requests specific relief. To the extent set forth below, the relief requested by the Plaintiff is not in accord with the applicable law and is not available to the Plaintiff.

84. Defendant objects to the appointment of Polak as liquidation manager.

84.1 Plaintiff appears to request that he be appointed as the liquidating manager for Pokobo under the LLC Agreement.

84.2 Defendant objects to the appointment of Plaintiff as the manager for liquidating Pokobo pursuant to the LLC Agreement.

84.2.1 Plaintiff has no experience in the management, development or sale of property in Hawaii.

84.2.2. Upon information and belief, Plaintiff does not have the time necessary to properly manage or pursue the Hawaii litigation, which is essential if the affairs of Pokobo are to be wound up in a commercially reasonable manner.

84.3.3. In the event that this Court should determine to dissolve Pokobo, the appointment of the Plaintiff as the managing Partner in dissolution pursuant to Delaware Revised Statutes 18-808 is no more acceptable to the Defendant than is the appointment of the Defendant to the Plaintiff.

85. The Plaintiff has requested that this Court order a judicial sale of the real property owned by Pokobo. This Court is without statutory authority to judicially order the sale of Pokobo property as part of a judicial dissolution.

85.1. Under Delaware law (6 Del. C. §8-803(b)), a liquidating manager or trustee may determine that sale of property is in the best interest of the company and has the statutory authority to undertake such action. Such determination is, however, to be made in consideration of all business factors and the sale of property as contrasted with distribution in kind to the members of the company is not a preferred resolution under Delaware law.

85.2. This Court is without statutory authority to order the sale of said property as a judicial determination. Such order would conflate the considerations of a corporate dissolution, distributing remaining property pro-rata to the members, with an action in partition.

## Counter Claims

### FIRST CAUSE OF ACTION

Action for Payment for Services and for Costs and Expenses.

86. In managing and overseeing the development of land owned by Pokobo LLC, Defendant rendered and performed valuable services for the benefit of Plaintiff. Those services

were accepted without objection.

86.1. Plaintiff was aware of and agreed that the Defendant expected to be paid for his services.

86.2. The Defendant is entitled, therefore, to payment in the amount of one hundred and twenty five dollars per hour, representing one half of the Defendant's normal hourly fees during the period he performed said services and which amount was the agreed upon rate between Plaintiff and Defendant.

86.3. The amount of the Defendant's fees is a liquidated sum and he is entitled to recover prejudgment interest.

87. In operating and managing the affairs of Pokobo, the Defendant paid many costs and expenses of Pokobo from his own personal accounts or from the accounts of other corporations, wholly owned by the Defendant.

87.1. The Defendant is entitled to the recovery of costs and expenses of Pokobo LLC, that were paid by the Defendant from his own accounts or from the accounts of other corporations wholly owned by the Defendant.

## SECOND CAUSE OF ACTION

### Quantum Meruit and Unjust Enrichment

88. Plaintiff has benefited from the Defendant's efforts to assist Pokobo, LLC, in its efforts to develop its parcel of land.

88.1. Because the Plaintiff has benefited, and in the event that the Defendant shall not be compensated for his services as provided in his First Cause of Action, set forth above, the Defendant is entitled to compensation for the value of his services based upon the equitable principles of Quantum Meruit and Unjust Enrichment.

WHEREFORE, having fully answered, the Defendant requests that this Court find in favor of the Defendant on the Complaint and each cause of action set forth therein, that the Plaintiff take nothing, together with costs and attorneys fees as provided by law, that the Defendant be awarded his fees and costs or in the alternative the value of his services under the principles of quantum meruit and unjust enrichment and enter such other and further relief as this Court shall determine to be just and proper in the premises.

Dated: August 17, 2007				YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ B T C
_____
Ben T. Castle (#520)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
  *Attorneys for Defendant*
  *John M. Kobayashi*

OF COUNSEL:

John P. Akolt, III
*Pro hac vice*
AKOLT & AKOLT LLC
1880 Arapahoe Street, #2005
Denver, CO 80202

DB02:6190288.1					065694.1001