IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WERNER L. POLAK, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. KOBAYASHI, Defendant, | ) | C.A. No. 05-330 SLR |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| Nominal Defendant | ) | |

MOTION REQUESTING CLARIFICATION OF THE LAW OF THE CASE
AS AFFECTING THE JURISDICTION OF THE COURT OVER THIS ACTION

This action was initially filed in the Court of Chancery of the State of Delaware in and for New Castle County. The action was removed by the Defendant to this Court pursuant to 28 U.S.C. §1441(a) (2004). Plaintiff filed his Motion for Remand, which Motion was briefed by the parties. By Memorandum Order dated August 22, 2005, the Honorable Judge Farnan denied the Plaintiff's Motion for Remand.

As set forth in his Memorandum Order, Judge Farnan denied the Plaintiff's Motion for Remand on the basis that Pokobo LLC was a nominal party only which, for diversity purposes should be disregarded. Citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458 (1980), Judge Farnan's analysis stated: "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." [Memorandum Order, page 3]. In that regard, Judge Farnan noted that:

> Pokobo is named as a Nominal Defendant in the Petition For Dissolution. A nominal party is generally a party without a real interest in the litigation. See *Bumberger v. Insurance Co. of North Am., 952 F.2d 764, 767 (3d Cir.1991)*. [Memorandum Order, page 3].

It is noted that Pokobo LLC was not, and is not in the Amended Petition for Dissolution, denominated as a "derivative plaintiff" in this action.

Judge Farnan then made his own determination of the primary issue in this lawsuit, which differed from the positions of both the Plaintiff and the Defendant as follows:

> Mr. Polak's Petition For Dissolution contains five counts: judicial dissolution, breach of contract, breach of fiduciary duty, declaratory judgment, and unjust enrichment. Mr. Polak contends that the primary issue is whether Mr. Kobayashi breached his fiduciary duty to Pokobo. (D.I. 9 at 9.) Mr. Kobayashi contends that this lawsuit hinges on Mr. Polak's breach of contract claim. (D.I. 13 at 11.)
>
> After reviewing the Petition For Dissolution (D.I. 1, Appendix A), the Court concludes that the primary issue in this lawsuit is whether Pokobo should be dissolved pursuant to 6 Delaware Code §§ 18-801 and 18-802. [Memorandum Order, page 4].

Having determined what he concluded to be the primary issue in the lawsuit, Judge Farnan considered the nature of the claims asserted by the Plaintiff as they related to Pokobo, and determined that the Plaintiff had not established an independent claim for Pokobo, as an entity, and therefore disregarded the citizenship of Pokobo in determining whether complete diversity exists between the parties as follows:

> Because Mr. Polak has failed to establish that Pokobo itself has any interest distinct from the interests of Mr. Polak and Mr. Kobayashi, the Court concludes that Pokobo is not a real party to the dissolution issue and should remain a nominal defendant. Accordingly, the Court concludes that, in these circumstances, complete diversity of citizenship exists among the parties and the Court has subject matter jurisdiction to hear this lawsuit. [Memorandum Order, page 4]

The issue of Pokobo's status as a nominal or real party in interest re-arose in the context of the Plaintiff's Motion to Amend his Petition for Dissolution, including a specific claim for usurpation of corporate opportunity in addition to other amendments. As this Court is aware, the request to add the claim for usurpation of corporate opportunity was denied on the basis that such

would make Pokobo a real party in interest, destroying the Court's diversity jurisdiction pursuant to 28 U.S.C. §1441.

It is the Defendant's position that the law of the case, as Ordered by Judge Farnan, is that Pokobo LLC is a nominal party only and is therefore not a real party in interest as a derivative plaintiff. Notwithstanding Defendant's understanding of the law of the case that Pokobo LLC is not a real party in interest, the Plaintiff's positon expressed at the August 9, 2007, conference and the continued inclusion of the assertion of a "derivative" claim in paragraphs 60-63 of the Amended Petition (reasserted by inclusion in paragraph 64 and 70 of the Amended Petition) raises the issue of jurisdiction that need be definitively determined by this Court before proceeds with further adjudication of this case.

It is the Defendant's position that pursuant to the Memorandum Order dated August 22, 2005, the law of the case is that Pokobo LLC is a nominal party only and thus cannot be considered as a real party in interest as a derivative plaintiff. Defendant has relied on this classification in the preparation for this case. If this Court should, however, determine that any damage award, of whatever nature, can be awarded to Pokobo LLC as an entity, then Pokobo's status would be as a real party in interest and the Court's jurisdiction over the entire proceeding must be re-assessed pursuant to 28 U.S.C. §1447(c)(2004)[1]. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).

At the August 9, 2007, conference this Court noted the continuing existence of the issue of diversity jurisdiction in this case. The Defendant believes that this question need now be definitively determined before further proceedings are undertaken in this case.

---

[1] A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

3

Upon such basis, the Defendant respectfully requests that this Court definitively state that the law of this case is that Pokob LLC is a nominal party, only, and that in such capacity it is not deemed to be a real party in interest as a derivative plaintiff and that this Court may not enter judgment in law or equity in favor of Pokobo LLC. Alternatively, if this Court shall accept Plaintiff's position that this Court has not definitively determined that Pokobo LLC is a nominal party only, then this Court need consider the continuing diversity jurisdiction of this Court over this action and enter such further Order as is appropriate.

Dated: August 17, 2007        YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Ben T. Castle_
Ben T. Castle (#520)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
   *Attorneys for Defendant*
   *John M. Kobayashi*

OF COUNSEL:

John P. Akolt, III
*Pro hac vice*
AKOLT & AKOLT LLC
1880 Arapahoe Street, #2005
Denver, CO 80202