IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WERNER L. POLAK, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. KOBAYASHI, Defendant, | ) | C.A. No. 05-330 SLR |
| | ) | |
| and | ) | |
| | ) | |
| POKOBO, L.L.C., | ) | |
| | ) | |
| Nominal Defendant | ) | |

OBJECTION TO AUGUST 27, 2007 TRIAL DATE
AND REQUEST FOR ADDITIONAL DISCOVERY AND TO RE-DEPOSE
PLAINTIFF WERNER L. POLAK ON MODIFIED AND ADDITIONAL ALLEGATIONS

At the conference before this Court on August 9, 2007, Defendant Kobayashi, through his pro hac vice counsel requested the opportunity to depose the Plaintiff Werner L. Polak on material changes to his Petition, specifically those set forth in paragraphs 15, 17, 42, 43, 44, and 46 of his Amended Petition; Defendant's counsel also objected to proceeding to trial on August 27, 2007, without the opportunity to adequately prepare to meet the substance of the allegations as now set forth by the Plaintiff in his Amended Petition. The Court noted the Defendant's request in this regard, but maintained the August 27, 2007, Court date and did not specifically address Defendant's request to be able to depose the Plaintiff on the modifications and changes in several particulars of his Petition.

The change in the allegations are material and go to the very heart of the Plaintiff's allegations of breach of contract and breach of fiduciary duty that constitute the essential elements of his claims, as well as the crux of the Defendant's affirmative defenses, specifically the running of the applicable statute of limitations and laches.

Defendant respectfully requests that this Court re-consider its Order to maintain the August 27, 2007, trial date and to allow the Defendant to depose the Plaintiff on the modifications of his claims.

In particular, the Defendant addresses the following changes in the Amended Petition. As material changes, the Defendant should be entitled to adequately prepare his responses and evidence before trial.

The changes from the original Petition to the Amended Petition as it now stands are as follows [changes or additions are underlined].

> 15. Upon information and belief, on May 24, 1999, Defendant made a capital contribution in the amount of $194,047.77 to Pokobo to finance Pokobo's acquisition of the 17-Acre Parcel<u>, or contributed the land itself (valued at $194,047.77) to Pokobo. Although Defendant told Plaintiff that, for consolidation and/or subdivision purposes, the 17-Acre Parcel may need to be titled temporarily in Defendant's name (or in the name of a trust or foundation controlled by Defendant), Defendant repeatedly reassured Plaintiff that the 17-Acre Parcel would ultimately be transferred to Pokobo.</u>

The Defendant's position regarding the 17-Acre Parcel is that the potential acquisition of the Parcel, and the potential acquisition of a much smaller part of a larger parcel from which the 17-Acre Parcel was ultimately derived, were discussed but no meeting of the minds between the Plaintiff and the Defendant was ever reached and material terms remained to be agreed to such that no binding agreement was ever reached between the Plaintiff and the Defendant, either as joint owners or in some fashion through Pokobo.

In such circumstance the exact nature of the alleged agreement, if any, is the critical issue to be determined. It is a very significant change in the terms of the alleged agreement to change from a cash contribution to the capital of Pokobo to assert that the "agreement" alternatively involved the personal acquisition of the property by Defendant Kobayashi with a subsequent contribution of such property to Pokobo. The "agreement" alleged, as an alternative, is

incompatible expressed in the alternative: the time of performance is significantly different (directly affecting statutes of limitation); the tax consequences to the members of Pokobo would be substantially different should the fair market value of the property have been higher than the purchase price at the time of contribution to Pokobo; and the ambiguity of the exact contract that has now been alleged is a very significant element of the Plaintiff's most important claim in this case.

Of equal importance, the Plaintiff's allegations now include, assertedly as part of the original "agreement" between the parties that the property would be titled "temporarily" in the Defendant's name and that he "...<u>repeatedly reassured Plaintiff that the 17-Acre Parcel would ultimately be transferred to Pokobo</u>".

How long was "temporary"? What were the circumstances that had to be resolved? When, where and how did the Defendant "repeatedly reassure" the Plaintiff that the 17-Acre Parcel would ultimately be transferred to Pokobo? These, as well as questions, are all critical elements of the claim that the Plaintiff has made and that the Defendant is entitled to fully address through discovery the bases of the new allegations before these allegations are presented as testimony at trial.

The changes to paragraph 17, shown in underline and strikethrough, below, are equally important to address:

> 17. In November 2002, Plaintiff first learned that, notwithstanding the parties' agreement ~~to title~~<u>that</u> the 17-Acre Parcel <u>would ultimately be titled</u> in Pokobo's name, title to the <u>17-Acre</u> Parcel was <u>still</u> in Defendant's name.

The material change is that instead of having a date certain upon which the title to the 17-Acre Parcel was allegedly to be in Pokobo, the allegation is now that such "... would ultimately be titled in Pokobo's name ..."

Defendant believes that the change in the allegation that has now been made by the Plaintiff is directly related to the Defendant's affirmative defense of the running of applicable statute of limitations on the Plaintiff's claim. This is a crucial change in the Plaintiff's allegation. On its face, the change in time of performance from an act that was initially alleged to have been completed in 1999 has now become an act that apparently is without time of performance. Where an allegation is that an act will ultimately be performed, can there be a breach at any specific time? What would the conditions of performance be such that title to the 17-Acre Parcel would ultimately be conveyed to Pokobo. These are also essential changes to the "agreement" that the Plaintiff has alleged for the last two years. The Plaintiff should not be permitted to change the essential allegations underlying a majority of his entire claims against the Defendant in the last 30 days before trial, and after discovery has closed, without affording the Defendant an opportunity to address the substance of the Plaintiff's revised allegations.

Similarly, the new allegations specifying, in part, the basis for the Plaintiff's assertion that the appllicable statutes of limitiations are tolled are critical allegations that the Defendant should have the opportunity to address before the Plaintiff testifies to them at trial.

The Plaintiff's allegations concerning the tolling of the statute of limitations are all new and are contained in paragraphs 42-46 as follows:

> 42. Defendant knowingly and purposefully titled the 17-Acre Parcel in his own name in March 1999, but assured Plaintiff that title to the 17-Acre Parcel would be transferred to Pokobo. From 1999 until 2002, Defendant failed to inform Plaintiff that he had not transferred title to the 17-Acre Parcel to Pokobo, and that he had no intention of ever transferring title to the 17-Acre Parcel to Pokobo. As co-manager of Pokobo, Defendant breached his fiduciary obligation to Plaintiff by failing to disclose that an asset of Pokobo was actually titled to Defendant, and that Defendant had no intention of ever transferring title to Pokobo.
>
> 43. Defendant also affirmatively concealed from Plaintiff the improper titling of the Parcel. Defendant assured Plaintiff on numerous occasions from 1999 to early 2002 that the 17-Acre Parcel was going to be titled in Pokobo's name. Defendant concealed from

<u>Plaintiff the fact that the Parcel had not been transferred to Pokobo, and that Defendant had no intention of ever transferring title to Pokobo.</u>

<u>44. Defendant also sent correspondence, including expense documents and reports, to Plaintiff indicating that the 17-Acre Parcel belonged to Pokobo. These documents included, but are not limited to:</u>

- <u>A letter to the Lutheran Church dated February 9, 1999 from Pokobo detailing Pokobo's interest in purchasing the 17-Acre Parcel;</u>

- <u>An expense report detailing Defendant's "Pokobo Contributions" that Plaintiff received on or around January 2000, after Defendant had purchased the property for himself. The report indicates that on May 24, 1999, Defendant made a contribution to Pokobo, described as "JMK Property Exchange" in the amount of $194,047.77 -- the purchase price of the 17-Acre Parcel;</u>

- <u>A memorandum from Defendant to Plaintiff, dated February 14, 2000, listing Pokobo's anticipated expenses, which included engineering and survey work for the 17-Acre Parcel. The memorandum requested payment from Plaintiff for expenses relating to the Parcel, indicating that the Parcel belonged to Pokobo, not Defendant.</u>

- <u>A summary of Pokobo's expenses, which was attached to a letter from Defendant to Plaintiff dated December 14, 2001, listing the property taxes on the 17-Acre Parcel as an expense of Pokobo's.</u>

<u>The above documents and representations constitute affirmative acts of concealment by Defendant, as they all indicate that the 17-Acre Parcel belonged to Pokobo when, in fact, the Parcel was actually titled in Defendant's name, and Defendant had no intention of transferring title to Pokobo.</u>

<u>46. Plaintiff was unaware of Defendant's actionable self-dealing and fraudulent concealment until the Fall of 2002, when Plaintiff learned that title to the 17-Acre Parcel was still in Defendant's name and had not been transferred to Pokobo. Prior to this, Plaintiff had no reason to suspect that the property had not been transferred to Pokobo, or that Defendant had no intention of ever transferring title to Pokobo.</u>

Paragraphs 42 and 43 are "notice" claims only. Similarly, the specific documents that the Plaintiff is to rely upon, in his allegation in paragraph 44, has been qualified as: "<u>These documents included, but are not limited to: …</u>" No specificity is provided in any regard as to when and where the "assurances" were made, what additional unspecified documents the

5

Plaintiff will rely upon; what the specific nature of the assurances were and how such "assurances" interact with the legal standard of "notice inquiry" under Delaware law (See: <u>Albert v. Alex Brown</u>, C.A. Nos. 762-N, 763-N (Del. Ch. June 29, 2005; <u>In re Dean Witter</u>, 725 A.2d 441 (Del. 1999)). These are absolutely critical elements of this case to be presented to this Court. The Defendant cannot be deprived of his opportunity to prepare his case with regard to these newly stated claims.

For the above reasons, the Defendant respectfully requests that this Court reconsider its Order maintaining the trial date of August 27, 2007, vacate the present trial date, allow the Defendant to engage in discovery, by interrogatory and re-deposition, of the Plaintiff as to the modifications and amendments to his claims against the Defendant as now set forth in his Amended Petition.

## MEDIATION

Defendant restates that he is amenable to mediation but as stated to the Court on his behalf mediation does not seem feasible with a trial date as of August 27, 2007. If trial is vacated the Defendant restates his willingness to enter into mediation.

Dated: August 17, 2007					YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____/s/ Ben T. Castle/_____
Ben T. Castle (#520)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
  *Attorneys for Defendant*
  *John M. Kobayashi*

OF COUNSEL:

John P. Akolt, III
*Pro hac vice*
AKOLT & AKOLT LLC
1880 Arapahoe Street, #2005
Denver, CO 80202