IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, | ) |
|         Plaintiff, | ) |
| v. | ) |
| JOHN M. KOBAYASHI, | ) C.A. No. 05-330 (SLR) |
|         Defendant, | ) |
| and | ) |
| POKOBO, L.L.C., | ) |
|         Nominal Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING
CLARIFICATION OF THE LAW OF THE CASE AS AFFECTING THE
JURISDICTION OF THE COURT OVER THIS ACTION**

Plaintiff Werner L. Polak responds to Defendant's Motion Requesting Clarification Of The Law Of The Case As Affecting The Jurisdiction Of The Court Over This Action (D.I. 90) as follows:

**PLAINTIFF'S DERIVATIVE CLAIMS DO NOT DESTROY DIVERSITY
JURISDICTION BECAUSE THEY ARE NOT THE "PRIMARY ISSUE"**

1.    Two years ago, on August 22, 2005, Judge Farnan applied the Third Circuit's "primary issue" test for diversity jurisdiction, and found that Plaintiff's claims made on behalf of Pokobo's interests do not destroy diversity jurisdiction, because the derivative claims are not the "primary issue" (D.I. 18).

2.    Judge Farnan's jurisdictional findings are the law of the case and should not be overturned. *See Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 817 (1988) (explaining "[a] court has the power to revisit prior decisions of its own or of a coordinate court

in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances").

3.  Defendant suggests that "Judge Farnan . . . determined that the Plaintiff had not established an independent claim for Pokobo, . . . and therefore disregarded the citizenship of Pokobo in determining whether complete diversity exists between the parties . . ." (D.I. 90 at 2). That is incorrect.

4.  Judge Farnan held that Pokobo's interest in "whether a 17-acre parcel . . . rightfully belongs to Pokobo" is "central only to Mr. Polak's secondary claims," which include the derivative claim of "whether Mr. Kobayashi breached his fiduciary duty to Pokobo" (D.I. 18 at 5).

5.  Notwithstanding Plaintiff's derivative claims that are brought on behalf of Pokobo, Judge Farnan held that the Court had diversity jurisdiction over this case, because the "primary issue" was Plaintiff's claim for judicial dissolution of the LLC, in which Pokobo had no interest (D.I. 18 at 5-6). As Judge Farnan explained, "[i]n the Third Circuit, when determining whether diversity of citizenship exists, 'a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue.'" *Id.* at 4 (quoting *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862, 864 (3d Cir. 1991)).[1]

---

[1] The Third Circuit applies the "primary issue test," and does not apply the alternate "actual and substantial conflict test." In the Seventh, Eighth, and Tenth Circuits, "a court determines merely whether there is *any* substantial conflict between opposing parties, *regardless of whether it is on a primary or non-primary issue* and regardless of whether the parties have common positions on equally important issues." *Wausau*, 942 F.2d at 864-65 (emphasis added). The Third Circuit (along with the Fifth, Sixth, and Ninth Circuits) has interpreted the leading realignment case, *City of Indianapolis v, Chase Nat'l Bank*, 314 U.S. 63, 74 (1941), to hold that diversity jurisdiction will be determined according to the "primary issue" or "primary purpose." *Wausau*, 942 F.2d at 864-65

6. Judge Farnan identified four issues in dispute: (1) "whether Pokobo should be dissolved"; (2) "whether Mr. Kobayashi breached section 5.01 of the LLC agreement"; (3) "whether Mr. Kobayashi breached his fiduciary duty to Pokobo"; and (4) "whether Mr. Kobayashi was unjustly enriched by his conduct with regard to the 17-acre parcel." D.I. 18 at 5.

7. Judge Farnan found that the "primary issue in this lawsuit is whether Pokobo should be dissolved" (D.I. 18 at 5). He found that Pokobo was not a "real party in interest for the dissolution," and therefore the primary issue did not involve Pokobo as a "real party in interest." *Id.* at 5-6. "Pokobo is not a real party *to the dissolution issue* and should remain a nominal defendant. Accordingly, the Court concludes that, in these circumstances, complete diversity of citizenship exists among the parties and the Court has subject matter jurisdiction to hear this lawsuit." *Id.* at 6-7 (emphasis added).

**PLAINTIFF HAS ASSERTED DERIVATIVE CLAIMS ON BEHALF
OF POKOBO FROM THE OUTSET**

8. Defendant asks the Court to declare that "Pokob[o] LLC is a nominal party, only, and that . . . this Court may not enter judgment in law or equity in favor of Pokobo LLC" (D.I. 90 at 4). There is simply no basis for limiting Plaintiff's claims in that manner.

9. Since the filing of the original Complaint, Plaintiff's claim for breach of fiduciary duty is and always has been a derivative claim in which Plaintiff seeks to recover the 17 Acre Parcel for Pokobo. *See* Compl. ¶ 52 ("Plaintiff brings this claim derivatively on behalf of Pokobo and in his own right as a member of Pokobo."); *id.* at 13 (asking the Court to "declare

---

(adopting the primary purpose test and denying the use of the "substantial controversy test"); *see also United States Fidelity & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173 (5th Cir. 1984).

4.

that the 17-Acre Parcel rightfully belongs to Pokobo and is being held by Defendant in constructive trust for Pokobo, and [to] direct[] Defendant to transfer title to Pokobo"); *id.* ¶ 40 (alleging that demand -- a prerequisite for bringing a derivative claim -- is futile and therefore excused)...

        10.      Similarly, in the briefing on the motion to remand, Plaintiff made clear that he was asserting a derivative claim on behalf of Pokobo:

- "Pokobo has a real and genuine interest in recovering land rightfully belonging to it but wrongfully titled in Defendant's name" (D.I. 9 at 1).

- "Here, the Petition includes a derivative claim brought on behalf of Pokobo alleging that Defendant has breached his fiduciary duties of care, loyalty and good faith that are owed to both Plaintiff and Pokobo by, among other things, improperly titling the 17-Acre Parcel in his name, rather than Pokobo's. *As is the case with any derivative claim, Plaintiff is pursuing this claim on Pokobo's behalf and any recovery (namely, the 17-Acre Parcel) will belong to Pokobo, not Plaintiff. Pokobo is therefore a real party in interest*" (*id.* at 9; emphasis added).

- "Plaintiff's claims for breach of fiduciary duty, declaratory judgment and unjust enrichment allege that Defendant's actions have harmed Pokobo and seek recovery for the Company. Under the two-part test in *Tooley*, these claims are derivative -- Pokobo has been harmed by the loss of the 17-Acre Parcel and would receive the benefits of recovery of the land" (D.I. 15 at 7-8).

- "[T]he Petition alleges that Pokobo has been deprived of an asset to which it is rightfully entitled and seeks to recover that asset for Pokobo -- a classic derivative claim" (*id.* at 8-9).

        11.      In upholding the Court's jurisdiction over this case, Judge Farnan recognized that: "The Petition also asserts a derivative claim on behalf of Pokobo for breach of fiduciary duty and claims for breach of contract and unjust enrichment" (D.I. 18 at 3). Judge Farnan did not determine that "Plaintiff had not established an independent claim for Pokobo," as Defendant now suggests (D.I. 90 at 2), but rather only that the existence of Plaintiff's

derivative claims on behalf of Pokobo do not destroy diversity jurisdiction because they are "secondary claims" (D.I. 18 at 5-6; emphasis added):

> Although in his Petition Mr. Polak also asks the Court to determine whether a 17-acre parcel of property titled solely in Mr. Kobayashi's name rightfully belongs to Pokobo, the Court concludes that the issue of ownership of the 17-acre parcel is central only to Mr. Polak's secondary claims: 1) whether Mr. Kobayashi breached Section 5.01 of the LLC Agreement; 2) whether Mr. Kobayashi breached his fiduciary duty to Pokobo, and 3) whether Mr. Kobayashi was unjustly enriched by his conduct with regard to the 17-acre parcel.

*Id.* (emphasis added).

12. Under the Third Circuit's "primary issue" test, Pokobo was not aligned with either Plaintiff or Defendant on the primary issue, because Pokobo had no interest in the dissolution. That does not mean, however, that Plaintiff's derivative claims on behalf of Pokobo simply disappear because Pokobo is a nominal party with respect to the "primary issue." Rather, Pokobo's interest in Plaintiff's "secondary" claims is not relevant for purposes of determining diversity jurisdiction. *See Wausau*, 942 F. 2d at 865 (noting that conflict between parties on subsidiary issues is irrelevant for diversity purposes).

13. For the foregoing reasons, Plaintiff respectfully requests that the Court uphold the law of the case and recognize that the Court has diversity jurisdiction over all of the claims asserted by Plaintiff -- including his derivative claims on behalf of Pokobo -- and that Plaintiff may obtain relief on his derivative claims on behalf of Pokobo.

6.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Rodger D. Smith II (#3778)*
                Martin P. Tully (#465)
                Rodger D. Smith II (#3778)
                Susan Wood Waesco (#4476)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                (302) 658-9200
                  *Attorneys for Plaintiff*

August 23, 2007
1216800

**CERTIFICATE OF SERVICE**

      I, Rodger D. Smith II, hereby certify that on August 23, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP

and that on August 23, 2007, I caused copies to be served upon the following in the manner indicated:

> **BY HAND**
>
> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

                                                */s/ Rodger D. Smith II (#3778)*
                                                Rodger D. Smith II (#3778)
                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                (302) 658-9200
                                                rsmith@mnat.com