IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN M. KOBAYASHI, | )   C.A. No. 05-330 (SLR) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| POKOBO, L.L.C., | ) |
| | ) |
| Nominal Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADDITIONAL DISCOVERY AND TO RE-DEPOSE PLAINTIFF WERNER L. POLAK ON MODIFIED AND ADDITIONAL ALLEGATIONS**

Plaintiff Werner L. Polak responds to Defendant's Request For Additional Discovery And To Re-Depose Plaintiff Werner L. Polak On Modified And Additional Allegations (D.I. 91) as follows:

1. Defendant argues that the trial date should be vacated, and that his attorneys should be permitted to re-depose Mr. Polak, as a result of "material changes" in Plaintiff's Amended Petition (D.I. 91 at 1).

2. Defendant raised this argument for the first time at the Pretrial Conference on August 9, 2007. Defendant did not raise it in the Pretrial Order (D.I. 82). And Defendant did not raise it in his response to Plaintiff's motion for leave to amend his Complaint (D.I. 78). Defendant's sole basis for opposing Plaintiff's motion for leave to amend his Complaint was that the proposed amendment would deprive this Court of subject matter jurisdiction. *See id.* at 1 ("The amendment proposed by the Plaintiff would destroy the diversity

of citizenship required between *all* plaintiffs and defendants and would thus deprive this court of its jurisdiction over this action."). Defendant's opposition to the motion to amend said nothing about any prejudice as a result of Plaintiff's proposed amendment, and said nothing about needing to re-depose Mr. Polak on the "new" allegations.

3. Indeed, in responding to Plaintiff's motion for leave to amend, Defendant stated no objection to Plaintiff's proposed amendment concerning equitable tolling and fraudulent concealment (D.I. 78), and the Court granted Plaintiff's motion to amend in that regard. *See* D.I. 84 ("[T]he court concludes that the motion for leave to amend should be . . . granted as to the equitable tolling and fraudulent concealment claims."). Defendant said nothing about needing additional discovery concerning these supposedly "new allegations," or about needing to re-depose Mr. Polak.

4. Now, almost two months later, Defendant argues that there has been "a very significant change" in Plaintiff's allegations (D.I. 91 at 2). Plaintiff has supposedly changed his theory of the case from "a cash contribution to the capital of Pokobo" for purposes of acquiring the 17-Acre Parcel to "the personal acquisition of the property by Defendant Kobayashi with a subsequent contribution of such property to Pokobo" (D.I. 91 at 2). Defendant argues that "Plaintiff's allegations now include . . . that the property would be titled 'temporarily' in the Defendant's name and that he '. . . repeatedly reassured Plaintiff that the 17-Acre Parcel would ultimately be transferred to Pokobo'" (*id.* at 3).

5. Based on the supposed changes in Plaintiff's allegations, Defendant argues that his attorneys should be permitted to re-depose Mr. Polak. In fact, however, Defendant's counsel already deposed Mr. Polak on those very topics. Defendant's counsel asked Mr. Polak multiple questions about the conversations between Mr. Polak and Defendant, and Mr.

Polak explained -- over and over again -- that Defendant reassured him that although the property was temporarily titled in Defendant's name, it would ultimately be transferred to Pokobo (Ex. A at 145-46, 164, 166, 167):

> A.   . . . I said, Is that going to work?  And he says Yes, yes, yes, eventually don't worry, it's all going to go in POKOBO's name, but in the meantime we're going to have that five acres, in the family trust name or in John Kobayashi's name.  And I said, Are you sure that's going to work?  And he said, Believe me, it's going to work . . . .  But don't worry, eventually it's going to be deeded to POKOBO, but in the meantime we're going to have this going through the family foundation.
>
> \*   \*   \*
>
> Q.   How did you learn the status of the title to the 17 acres in November of 2002 or approximately November of 2002?
>
> A.   Okay, I learned earlier . . . through John . . . that the 17 acres were in his name and that it was, don't worry, this is going to be put in POKOBO's deed as soon as the subdivision issues are resolved, okay.
>
> \*   \*   \*
>
> Q.   Is that the first time that you were aware that the 17-acre property was in his name?
>
> A.   . . . With respect to the donation problem, when he told me at that point that there was a possibility to resolve this thing he would have to put the property in the name of John Kobayashi, . . . and then it would go from this family trust to the church and therefore it may well be that to resolve this thing we're going to have to put the property in my name or the family trust name or something, I said okay.
>
> But ultimately he said this goes to POKOBO and it will go to POKOBO.  We're going to have to do something with respect to the subdivision first.  I said okay.
>
> \*   \*   \*
>
> A.   . . . He said, Don't worry, it's in my name, but as soon as we resolve these issues, it's all going to be taken care of.  I said, Okay, that's fine.  So he told me it was in his name, and I wasn't worried because I trusted John. . . .

4.

6. In short, there are no "new" allegations in Plaintiff's Amended Complaint, and there is no valid reason for the Court to grant Defendant's request to re-depose Mr. Polak on subjects on which he has already been deposed.

7. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request to vacate the trial date and deny Defendant's request to re-depose Mr. Polak and for additional discovery.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ Rodger D. Smith II (#3778)*
                              Martin P. Tully (#465)
                              Rodger D. Smith II (#3778)
                              Susan Wood Waesco (#4476)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899-1347
                              (302) 658-9200
                                *Attorneys for Plaintiff*

August 23, 2007
1219104

# **CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on August 23, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP

and that on August 23, 2007, I caused copies to be served upon the following in the manner indicated:

> **BY HAND**
>
> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

>                         */s/ Rodger D. Smith II (#3778)*
>                         Rodger D. Smith II (#3778)
>                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>                         (302) 658-9200
>                         rsmith@mnat.com