IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WERNER L. POLAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN M. KOBAYASHI, | )   C.A. No. 05-330 (SLR) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| POKOBO, L.L.C., | ) |
| | ) |
| Nominal Defendant. | ) |

### REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff Werner L. Polak ("Plaintiff"), by and through his undersigned counsel, hereby replies to the counterclaims (the "Counterclaims") of defendant John M. Kobayashi ("Defendant") as follows:

### FIRST CAUSE OF ACTION

#### Action for Payment for Services and for Costs and Expenses

86. Plaintiff denies the allegations contained in paragraph 86 of the Counterclaims.

86.1 Plaintiff denies the allegations contained in paragraph 86.1 of the Counterclaims.

86.2 Plaintiff denies the allegations contained in paragraph 86.2 of the Counterclaims.

86.3    Plaintiff denies the allegations contained in paragraph 86.3 of the Counterclaims.

87.    Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Counterclaims, and therefore denies the same.

87.1    Plaintiff denies the allegations contained in paragraph 87.1 of the Counterclaims.

## SECOND CAUSE OF ACTION

### Quantum Meruit and Unjust Enrichment

88.    Plaintiff denies the allegations contained in paragraph 88 of the Counterclaims.

88.1    Plaintiff denies the allegations contained in paragraph 88.1 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or acquiescence.

### Third Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrine of laches.

**Fifth Affirmative Defense**

To the extent Defendant is entitled to compensation for any services he rendered to Pokobo, Plaintiff is also entitled to compensation for services Plaintiff performed in connection with the management and operation of Pokobo.

Plaintiff reserves the right to assert other defenses or claims when and if they become appropriate in this action.

MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

*/s/ Rodger D. Smith II*
Martin P. Tully (#465)
Rodger D. Smith II (#3778)
Susan Wood Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*

August 24, 2007
1218377.1

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on August 24, 2007, I caused the foregoing REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP

and that on August 24, 2007, I caused copies to be served upon the following in the manner indicated:

**BY HAND**

> Ben T. Castle
> Karen E. Keller
> Young, Conaway, Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801
> bcastle@ycst.com
> kkeller@ycst.com

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> (302) 658-9200
> rsmith@mnat.com